Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: 408/264-8489
Facsimile: 408/264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN, JEFF LOUGHRAN and WILLIAM EDWARDS,

Plaintiffs,

vs.

ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,

Defendants.

CASE NO.: ____________________

COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF

VIOLATIONS OF THE FIRST, SECOND, FIFTH, and TENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

18 U.S.C. § 921 *et seq*.

18 U.S.C. § 922 *et seq.*

18 U.S.C. § 925A

42 U.S.C. §§ 1983, 1988

**PARTIES**

1. Plaintiff RICHARD ENOS, is an individual who is a citizen/resident of the State of California. ENOS lives in San Joaquin County.

2. Plaintiff JEFF BASTASINI, is an individual who is a citizen/resident of the State of California.

3. Plaintiff LOUIE MERCADO, is an individual who is a citizen/resident of the State of California.

4. Plaintiff WALTER GROVES, is an individual who is a citizen/resident of the State of California.

5. Plaintiff MANUEL MONTEIRO, is an individual who is a citizen/resident of the State of California.

6. Plaintiff EDWARD ERIKSON, is an individual who is a citizen/resident of the State of California.

7. Plaintiff VERNON NEWMAN, is an individual who is a citizen/resident of the State of California.

8. Plaintiff JEFF LOUGHRAN, is an individual who is a citizen/resident of the State of North Dakota.

9. Plaintiff WILLIAM EDWARDS, is an individual who is a citizen/resident of the State of California.

10. Defendant ERIC HOLDER is the United States Attorney General and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq*. and 922 *et seq.*

11. Defendant ROBERT MUELLER, III is the Director of the Federal Bureau of Investigation and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq*. and 922 *et seq.*

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over the lawsuit because the action arises under 18 U.S.C. §§ 921 *et seq*., 922 *et seq.* and 925A.

13. As this action arises under the United States Constitution this Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

14. As the Plaintiffs are seeking declaratory relief, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Venue for this action is properly in this District pursuant to 28 U.S.C. § 1391.

16. All conditions precedent, including exhaustion of administrative remedies where required, have been performed, have occurred, are futile or unnecessary where the government infringes on a fundamental right.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**FACTS**

17. The State of California works in conjunction with the Federal Government to interpret statutes and implementing regulations that restrict the "right to keep and bear arms" of people convicted of Misdemeanor Crimes of Domestic Violence.

18. The Federal Government's definition of Misdemeanor Crimes of Domestic Violence is found at 18 U.S.C. § 921(a)(33):

(33) (A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--

(i) is a misdemeanor under Federal or State law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

(B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS § § 921 et seq.], unless--

(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

(aa) the case was tried by a jury, or

(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

(ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

/ / / /

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

19. It is federal criminal offense for any person to sell or otherwise dispose of any firearm to a person who has been convicted of a Misdemeanor Crime of Domestic Violence. 18 U.S.C. § 922(d)(9).

20. It is federal criminal offense for any person who has been convicted of a Misdemeanor Crime of Domestic Violence to possess a firearm. 18 U.S.C. § 922(g)(9).

21. Thus Federal Law imposes a lifetime ban on the "right to keep and bear arms" for persons convicted of Misdemeanor Crimes of Domestic Violence, subject to the individual states' power to restore this fundamental civil right under state law.

22. Federal Law also provides a means for felons to have their "right to keep and bear arms" restored under procedures promulgated and implemented by the Attorney General. 18 U.S.C. § 925(c).

23. California Penal Code § 12021(c)(1) sets forth a list of specific crimes that subject a person convicted of certain misdemeanors to a ten (10) year prohibition against owning, possessing and purchasing firearms (and ammunition). This list includes, but is not limited to the following Misdemeanor Crimes of Domestic Violence:

a. Battery Against a Spouse/Cohabitant. CA Penal Code § 243(e).

b. Corporal Injury to Spouse/Cohabitant. CA Penal Code § 273.5.

24. Pursuant to Penal Code § 12021(c)(1), the State of California has clearly and unequivocally set forth a policy of limiting firearms prohibitions, for persons convicted of Misdemeanor Crimes of Domestic Violence, to a ten (10) year period such that by the passage of time the misdemeanants' "right to keep and bear arms" is restored, without qualification, by operation of law.

25. California Penal Code § 12021(c)(3) also provides the means for a person convicted of a Misdemeanor Crime of Domestic Violence, prior to the date the state law went into effect, to have a Superior Court Judge restore the fundamental "right to keep and bear arms" on a case by case basis.

26. Even though The State of California has a policy of restoring the "right to keep and bear arms" through a hearing process and by operation of law (through the passage of time),

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

the Federal Government refuses to recognize California's restoration of rights and rehabilitation policies.

27. As a direct consequence of the Federal Government's refusal to recognize California's restoration and rehabilitation policies Plaintiffs herein (and all other persons similarly situated) continue to be subject to a lifetime prohibition of the "right to keep and bear arms" under Federal Law.

28. This interpretation of the law by the Federal Government results in five (5) wrongful and unconstitutional consequences:

a. Plaintiffs (and all other persons similarly situated) are subject to federal criminal prosecution if they attempt to exercise their fundamental "right to keep and bear arms" after the State of California has restored their rights.

b. Plaintiffs (and all other persons similarly situated) cannot lawfully purchase a firearm to exercise their fundamental "right to keep and bear arms" because they cannot pass the background check required by state and federal law.

c. Plaintiffs (and all other persons similarly situated) are denied a federal statutory remedy to restore their "right to keep and bear arms" resulting in a denial of their right to petition the their government for redress of grievances.

d. Plaintiffs, as misdemeanants, (and all other persons similarly situated) are denied a federal statutory remedy to restore their "right to keep and bear arms" even as convicted felons have a statutory right to restore their rights under 18 U.S.C. § 925(c), thus resulting in a *de facto* denial of equal protection of the law.

e. The federal government has usurped the power retained by the State of California, and the people, for defining a misdemeanor crime of domestic violence and defining the procedures for restoration of the "right to keep and bear arms" following a conviction for a misdemeanor crime of domestic violence.

29. Plaintiff ENOS:

a. On or about July 15, 1991, Plaintiff RICHARD ENOS plead *nolo contendere* and was convicted of a misdemeanor violation of California Penal Code § 273.5 (a).

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

b. In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

c. On September 13, 1994, the Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime prohibition against the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. See: 18 U.S.C. §§ 921 and 922 *et seq.*

d. In March of 1999, Plaintiff RICHARD ENOS, petitioned for a record clearance under Penal Code § 1203.4.

e. On May 25, 1999, Plaintiff RICHARD ENOS's petition was granted by the Honorable Ray E. Cunningham, Superior Court Judge. Plaintiff's plea of guilty was withdrawn, a plea of not guilty was entered and the court dismissed the case.

f. On May 12, 2000, Plaintiff RICHARD ENOS filed a PETITION FOR RESTORATION OF CIVIL RIGHTS (FIREARM POSSESSION).

g. On Jun 16, 2000, the PETITION FOR RESTORATION OF CIVIL RIGHTS (FIREARM POSSESSION) was granted by the Honorable Thang N. Barrett.

h. In February of 2001, Plaintiff RICHARD ENOS caused a letter to be sent to the California Department of Justice referencing the order by Judge Barrett restoring his rights. At that point in time the State of California had cleared RICHARD ENOS to own/possess firearms.

i. In August of 2004, Plaintiff RICHARD ENOS was denied a firearm purchase and advised by the State of California that the denial was being maintained by U.S. Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System.

j. As of October 25, 2010, Plaintiff RICHARD ENOS is permitted to acquire and possess firearms under the laws of the State of California.

k. As of October 25, 2010, Plaintiff RICHARD ENOS is prohibited from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

30. Plaintiffs BASTASINI, MERCADO, GROVES and MONTEIRO:

a. Plead or were convicted of misdemeanors under California Penal Code § 273.5.

i. Plaintiff BASTASINI plead no contest (and/or guilty) to a misdemeanor charge of California Penal Code § 273.5 on March 25, 1991. He was not represented by counsel.

ii. Plaintiff LOUIE MERCADO plead no contest (and/or guilty) to a misdemeanor charge of California Penal Code § 273.5 on December 17, 1990. He was represented by counsel.

iii. Plaintiff WALTER GROVES plead no contest (and/or guilty) to a misdemeanor charge of California Penal Code § 273.5 on January 12, 1990. He was represented by counsel.

iv. Plaintiff MANUEL MONTEIRO plead no contest (and/or guilty) to a misdemeanor charge of California Penal Code § 273.5 on May 27, 1992.

b. In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

c. On September 13, 1994, Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime ban on the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. 18 U.S.C. §§ 921 and 922 *et seq.*

d. Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO have <u>not</u> availed themselves of the relief provisions under California Penal Code § 12021(c)(3) as this would be a futile act based upon the passage of ten (10) years and upon the Federal Government's current interpretation of 18 U.S.C. §§ 921 and 922 *et seq.*

e. Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO have availed themselves of the provisions of California Penal Code § 1203.4. Their petitions were granted.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

f. As of October 25, 2010, Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO are permitted to acquire and possess firearms under the laws of the State of California.

g. As of October 25, 2010, Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and Plaintiff MANUEL MONTEIRO are prohibited from acquiring and possessing firearms due to a threat of criminal prosecution under federal law.

31. Plaintiffs EDWARD ERIKSON and VERNON NEWMAN:

a. Plead or were convicted of domestic violence misdemeanors.

i. Plaintiff ERIKSON's date of conviction was 1996.

ii. Plaintiff NEWMANS's date of conviction was 1997.

b. In 1993 the California Legislature amended Penal Code § 12021 to create a list of domestic violence misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

c. On September 13, 1994, Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime ban on the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. 18 U.S.C. §§ 921 and 922 *et seq.*

d. Plaintiffs ERIKSON and NEWMAN cannot avail themselves of the relief provisions under California Penal Code § 12021(c)(3) by the terms of that statute. (i.e., their convictions occurred after 1993.)

e. Plaintiffs ERIKSON and NEWMAN have availed themselves of the provisions of California Penal Code § 1203.4. Their petitions were granted.

f. As of October 25, 2010, Plaintiffs ERIKSON and NEWMAN are permitted to acquire and possess firearms under the laws of the State of California.

g. As of October 25, 2010, Plaintiff ERIKSON and NEWMAN are prohibited from acquiring and possessing firearms due to a threat of criminal prosecution under federal law.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

32. Plaintiff JEFF LOUGHRAN was convicted of a misdemeanor, California Penal Code § 242, on May 26, 1992.

a. In 1993 the California Legislature amended Penal Code § 12021 to create a list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

b. On September 13, 1994, Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime ban on the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. 18 U.S.C. §§ 921 and 922 *et seq*.

c. On May 26, 1994, Plaintiff LOUGHRAN was granted relief under California Penal Code § 1203.4.

d. On November 23, 1998, Plaintiff LOUGHRAN was granted a motion to vacate his 1992 judgment of conviction pursuant to a *Writ of Error Coram Nobis*.

e. Plaintiff LOUGHRAN has not availed himself of the relief provisions under California Penal Code § 12021(c)(3) as this would be a futile act based upon passage of 10 years time and the Federal Government's current interpretation of 18 U.S.C. §§ 921 and 922 *et seq*.

f. As of October 25, 2010, Plaintiff LOUGHRAN is permitted to acquire and possess firearms under the laws of California and North Dakota.

g. As of October 25, 2010, Plaintiff LOUGHRAN is prohibited from acquiring and possessing firearms due to a threat of criminal prosecution under federal law.

33. Plaintiff WILLIAM EDWARDS:

a. Plaintiff EDWARDS suffered a conviction for Penal Code § 415 (Disturbing the Peace) on or about July 15, 2005.

b. Since that date, Plaintiff EDWARDS has been denied the right to own, possess or purchase firearms.

c. Plaintiff Plaintiff EDWARDS is not prohibited under California Law from possessing or purchasing firearms.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

d. Penal Code § 415 [Disturbing the Peace] states:

> Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine:
>
> (1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight.
>
> (2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise.
>
> (3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction.

e. California Penal Code § 415 is not a crime of domestic violence under 18 U.S.C. § 921 and/or 922 *et seq*.

f. California does have specific vigorously enforced Domestic Violence statutes:

i. Penal Code § 243(e).

ii. Penal Code § 273.5.

g. Plaintiff EDWARDS has been denied the right to purchase or possess firearms solely based on the Federal Government's wrongful application and/or interpretation of 18 U.S.C. §§ 921 and 922 *et seq*.

h. But for this wrongful interpretation, Plaintiff EDWARDS would exercise his "right to keep and bear arms."

**FIRST CLAIM - Declaratory Relief**

34. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

35. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiff RICHARD ENOS has not been convicted of a crime of domestic violence under any one of three possible theories:

a. RICHARD ENOS was not apprized of the possibility of losing his firearm rights when he plead no contest to a misdemeanor crime of Domestic Violence back in 1991, as there was no federal or state law prohibiting Domestic Violence misdemeanants from acquiring/possessing firearms upon conviction. Therefore

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

he could not make a knowing/intelligent waiver of his right to a trial.

b. RICHARD ENOS applied for and was granted a restoration of his rights under California Penal Code § 12021(c)(3) by a Superior Court Judge in Santa Clara County California.

c. And finally, the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

36. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiff RICHARD ENOS of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

**SECOND CLAIM – Declaratory Relief**

37. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

38. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO have not been convicted of a crime of domestic violence under any one of two possible theories:

a. JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO were not apprized of the possibility of losing their firearm rights when they plead no contest to a misdemeanor crime of Domestic Violence as there was no federal or state law prohibiting Domestic Violence misdemeanants from acquiring/possessing firearms upon conviction. Therefore they could not make a knowing/intelligent waiver of their right to a trial.

b. And, the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

39. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO of the "right to keep and bear arms" they would otherwise enjoy if the Defendants correctly applied the law.

////

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**THIRD CLAIM – Declaratory Relief**

40. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

41. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiffs EDWARD ERIKSON and VERNON NEWMAN have not been convicted of a crime of domestic violence because the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

42. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiffs EDWARD ERIKSON and VERNON NEWMAN of the "right to keep and bear arms" they would otherwise enjoy if the Defendants correctly applied the law.

**FOURTH CLAIM – Declaratory Relief**

43. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

44. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiff JEFF LOUGHRAN has not been convicted of a crime of domestic violence under any one of three possible theories:

a. LOUGHRAN was not apprized of the possibility of losing his firearm rights when he plead no contest to a misdemeanor crime of Domestic Violence as there was no federal or state law prohibiting Domestic Violence misdemeanants from acquiring/possessing firearms upon conviction. Therefore he could not make a knowing/intelligent waiver of his right to a trial.

b. LOUGHRAN applied for and was granted an order vacating his original judgment of conviction pursuant to a *writ of error coram nobis* .

c. And finally, the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

45. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiff LOUGHRAN of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

/ / / /

/ / / /

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**FIFTH CLAIM - Declaratory Relief**

46. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

47. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiff EDWARDS has not been convicted of a crime of domestic violence, so has to prohibit him from acquiring/possessing firearms because the crime of disturbing the peace does not contain as an element of the crime:

a. The use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

48. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiff EDWARDS of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

**SIXTH CLAIM – Second Amendment**

49. Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

50. The Second Amendment to the United States Constitution provides in part that: *"the right of the people to keep and bear Arms shall not be infringed."*

51. As currently written and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Second Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime.

52. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Second Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**SEVENTH CLAIM – First Amendment**

53. Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

54. The First Amendment to the United States Constitution provides in part that: *Congress shall make no law...abridging... the right of the people...to petition the Government for a redress of grievances.*

55. As currently written and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the rights of the Plaintiffs under the First Amendment to the United States Constitution, because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy for restoration of that right.

56. As applied to the facts of this case, Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the rights of the Plaintiffs under the First Amendment to the United States Constitution, because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction for a minor crime without providing a statutory remedy for restoration of that right.

**EIGHTH CLAIM – Tenth Amendment**

57. Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

58. The Tenth Amendment to the United States Constitution provides: *"The powers not delegated to the Unites States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."*

59. As currently written and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Tenth Amendment to the United States Constitution because it usurps the States' powers to define and provide for the rehabilitation of minor public offenses.

60. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Tenth Amendment to the United States Constitution because it usurps the States' powers to define and provide for the rehabilitation of minor public offenses.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

61. This usurpation of power by the federal government is directly responsible for the infringement of the Plaintiffs' fundamental "right to keep and bear arms."

**NINTH CLAIM – Fifth Amendment "Due Process"**

62. Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

63. The Fifth Amendment to the United States Constitution provides in part that: *"No person shall... be deprived of life, liberty or property, without due process of law..."*

64. Part of the protection afforded Plaintiffs under the Fifth Amendment Due Process Clause against the federal government is the guarantee of "equal protection" under the law.

65. As currently written and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Fifth Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy for restoration of that right, even though a provision exists in federal law for the restoration of rights by felons. See 18 U.S.C. § 925(c).

66. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Fifth Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy for restoration of that right, even though a provision exists in federal law for the restoration of rights by felons. See 18 U.S.C. § 925(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that this Court will enter judgment as follows:

A. Declaratory and injunctive relief that all Plaintiffs are not subject to the prohibitions set forth in 18 U.S.C. §§ 922(d)(9) and 922(g)(9).

B. Declaratory and injunctive relief that 18 U.S.C. §§ 922(d)(9) and 922(g)(9) are unconstitutional on their face and as applied to all Plaintiffs.

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

C. Award Plaintiffs their reasonable attorney fees and costs under 42 U.S.C. §§ 1983, 1988 and/or 18 U.S.C. § 925A.

D. Such other and further relief as this Court deems just and proper.

Respectfully Submitted on October 25, 2010,

/s/

Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone: 408/264-8489
Facsimile: 408/264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487