1   BENJAMIN B. WAGNER
    United States Attorney
2   EDWARD A. OLSEN, CSBN 214150
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, California 95814
4   Telephone: (916) 554-2821
    Facsimile: (916) 554-2900
5   Email: edward.olsen@usdoj.gov

6   Attorneys for Federal Defendants

7

8                   IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  RICHARD ENOS, JEFF BASTASINI,              CASE NO. 2:10-CV-02911-JAM-EFB
    LOUIE MERCADO, WALTER GROVES,
12  MANUEL MONTEIRO, EDWARD
    ERIKSON, VERNON NEWMAN, JEFF               **MEMORANDUM OF POINTS AND**
13  LOUGHRAN and WILLIAM EDWARDS               **AUTHORITIES IN SUPPORT OF**
                                               **DEFENDANTS' MOTION TO DISMISS**
14                      Plaintiffs,
                                               Date:    May 4, 2011
15  v.                                         Time:    9:30 a.m.
                                               Place:   Courtroom 6, 14th Floor
16  ERIC HOLDER, as United States Attorney     Judge:   John A. Mendez
    General, and ROBERT MUELLER, III, as
17  Director of the Federal Bureau of Investigation,

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**I. INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II. BACKGROUND**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The First Amended Complaint.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Statutory and Regulatory Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           1.  18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33). . . . . . . . . . . . . . . . 3

           2.  The National Instant Criminal Background Check System. . . . . . . . . . . . 4

**III. LEGAL STANDARDS ON THE MOTION TO DISMISS** . . . . . . . . . . . . . . . . . . . . 4

    A.    Federal Rule of Civil Procedure 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**IV. DISCUSSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Plaintiffs' Convictions Are Misdemeanor Crimes of Domestic Violence Within The Meaning of 18 U.S.C. §§ 922(g)(9) and 921(a)(33). . . . . . . . . . . . 5

           1.    18 U.S.C. § 925A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           2.    California Penal Code § 1203.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           3.    California Penal Code § 12021(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . 7

           4.    California Penal Code § 12021(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . 9

           5.    A Knowing/Intelligent Waiver of Right to Trial. . . . . . . . . . . . . . . . . 10

           6.    Writ of Error Coram Nobis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           7.    Disturbing the Peace Under California Penal Code § 415. . . . . . . . . . . 11

    B.    Plaintiffs Lack Standing To Challenge The Constitutionality of 18 U.S.C. §§ 921(a)(33), 922(d)(9), and 922(g)(9). . . . . . . . . . . . . . . . . . . . . . 12

           1.    Constitutional Dimensions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

           2.    Prudential Considerations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    C.    Plaintiffs' Constitutional Claims Fail To State A Claim. . . . . . . . . . . . . . . . . . 16

           1.    Second Amendment Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

           2.    First Amendment Claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

3.   Tenth Amendment Claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

4.   Fifth Amendment Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

D.   Improper Joinder and Improper Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

1.   Improper Joinder. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

2.   Improper Venue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**V. CONCLUSION**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1

# TABLE OF AUTHORITIES
## FEDERAL CASES

*Coleman v. Quaker Oats Co.,*
    232 F.3d 1271 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Ashcroft v. Iqbal,*
    ___ U.S. ___, 129 S. Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*BE & K Constr. Co. v. NLRB,*
    536 U.S. 516 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Boating Industry Ass'ns v. Marshall,*
    601 F.2d 1376 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Casey v. Lewis,*
    4 F.3d 1516 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Clark v. Jeter,*
    486 U.S. 456 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Clean-Up '84 v. Heinrich,*
    759 F.2d 1511 (11th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Columbia River Gorge United-Protecting People and Property v. Yeutter,*
    960 F.2d 110 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Coughlin v. Rogers,*
    130 F.3d 1348 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Darring v. Kincheloe,*
    783 F.2d 874 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Desert Empire Bank v. Insurance Co. of N. America,*
    623 F.2d 1371 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*District of Columbia v. Heller,*
    ___ U.S. ___, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). . . . . . . . . . . . . . . . . . . . 14, 16, 17

*Doe v. Duling,*
    782 F.2d 1202 (4th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Florida Bar v. Went For It, Inc.,*
    515 U.S. 618 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fraternal Order of Police v. United States,*
    173 F.3d 898 (D.C. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Gillespie v. City of Indianapolis,*
    185 F.3d 693 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hickman v. Block,*
  81 F.3d 98 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hiley v. Barrett,*
  155 F.3d 1276 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Rincon Band of Mission Indians v. County of San Diego,*
  495 F.2d 1 (9th Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jennings v. Mukasey,*
  511 F.3d 894 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kokkonen v. Guardian Life Ins. Co.,*
  511 U.S. 375 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lawline v. American Bar Ass'n,*
  956 F.2d 1378 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lewis v. United States,*
  445 U.S. 55 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Logan v. United States,*
  552 U.S. 23 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nationwide Mut. Ins. Co. v. Liberatore,*
  408 F.3d 1158 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nixon v. Shrink Missouri Government PAC,*
  528 U.S. 377 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Nordyke v. King,*
  319 F.3d 1185 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*North Star Int'l v. Arizona Corp. Comm'n,*
  720 F.2d 578 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Palma v. United States,*
  228 F.3d 323 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Rattlesnake Coalition v. United States Envtl. Protection Agency,*
  509 F.3d 1095 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*San Diego County Gun Rights Comm. v. Reno,*
  98 F.3d 1121 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stoianoff v. Montana,*
  695 F.2d 1214 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Andaverde,*
  64 F.3d 1305 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 21, 22

*United States v. Anderson,*
  559 F.3d 348 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Belless,*
    338 F.3d 1063 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Booker,*
    570 F. Supp. 2d 161 (D. Me. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Chester,*
    628 F.3d 673 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*United States v. Collins,*
    61 F.3d 1379 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Hayes,*
    129 S. Ct. 1079 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

*United States v. McCane,*
    573 F.3d 1037 (10th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Price,*
    328 F.3d 958 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Rozier,*
    598 F.3d 768 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Salerno,*
    481 U.S. 739 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Skoien,*
    614 F.3d 638 (7th Cir. 2010) (en banc). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20, 23

*United States v. Tomlin,*
    454 F.2d 176 (9th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Valerio,*
    441 F.3d 837 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Vongxay,*
    594 F.3d 1111 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

*United States v. White,*
    593 F.3d 1199 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Wilson,*
    159 F.3d 280 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,*
    454 U.S. 464 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Western Mining Council v. Watt,*
    643 F.2d 618 (9th cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wyoming v. United States,*
    539 F.3d 1236 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# FEDERAL STATUTES

18 U.S.C. § 921. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

18 U.S.C. §921(a)(33). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 7, 10, 11, 12

18 U.S.C. § 921(a)(33)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 921(a)(33)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 921(a)(33)(B)(ii).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 6, 7, 8, 9, 10

18 U.S.C. § 922(d)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

18 U.S.C. § 922(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 17, 19

18 U.S.C. § 922(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 21, 22

18 U.S.C. § 922(g)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

18 U.S.C. § 922(g)(9) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 12, 13, 15, 16, 18, 19, 21, 22

18 U.S.C. § 922(s). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 922(t). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 922(t)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 922(t)(1)(B)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 925A.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

18 U.S.C. § 925(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

28 U.S.C. § 2201-02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 25

Fed. R. Civ. P. 12(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 16, 25

Fed. R. Civ. P. 20(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. Civ. P. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24


28 C.F.R. § 25.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

28 C.F.R. § 25.10(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 C.F.R. § 25.10(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 C.F.R. § 25.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 C.F.R. §§ 25.6, 25.7(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 C.F.R. § 25.6(c)(iv). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1391(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

28 C.F.R. § 25.10(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 C.F.R. § 25.10(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 C.F.R. § 25.10(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATE CASES

*People v. Flores,*
86 Cal. Rptr. 3d 804 (Cal. Ct. App. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*People v. Frawley,*
82 Cal. App. 4th 784, 98 Cal. Rptr. 2d 555 (Cal. Ct. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v. Haendiges,*
191 Cal. Rptr. 785 (Cal. Ct. App. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*People v. Murray,*
29 Cal. Rptr. 2d 42 (Cal. Ct. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATE STATUTES

Cal. Penal Code § 1203.4a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Cal. Penal Code § 12021(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# I.  INTRODUCTION

Plaintiffs Richard Enos, Jeff Bastasini, Louie Mercado, Walter Groves, Manuel Monteiro, Edward Erikson, Vernon Newman, Jeff Loughran, and William Edwards were convicted of misdemeanor crimes of domestic violence, but wish to acquire and possess firearms.  Under 18 U.S.C. § 922(g)(9), it is unlawful for any person convicted of a misdemeanor crime of domestic violence to possess a firearm.  Plaintiffs seek a declaration that the defendants are misinterpreting 18 U.S.C. § 921(a)(33), which defines "misdemeanor crime of domestic violence" and provides that "[a] person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights, expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(33)(B)(ii).  Plaintiffs also allege that 18 U.S.C. § 922(g)(9), which makes it unlawful for any person convicted of a misdemeanor crime of domestic violence to possess a firearm, and 18 U.S.C. § 922(d)(9), which makes it unlawful for any person to sell or otherwise dispose of a firearm to a person who has been convicted of a misdemeanor crime of domestic violence, violate their rights under the First, Second, Fifth and Tenth Amendments.

The defendants respectfully ask this Court to dismiss this action for the following reasons: (1) plaintiffs' convictions are misdemeanor crimes of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii) and plaintiffs' arguments that defendants are misinterpreting that statute lack merit; (2) plaintiffs lack standing to challenge the constitutionality of 18 U.S.C. §§ 921(a)(33), 922(d)(9), and 922(g)(9); and (3) even if plaintiffs had standing to challenge the constitutionality of these statutes, plaintiffs fail to state a claim that these statutes violate the First, Second, Fifth or Tenth Amendments.

# II.  BACKGROUND

## A.    The First Amended Complaint

Plaintiff Richard Enos alleges that he was convicted of a misdemeanor violation of California Penal Code § 273.5(a) (Willful Infliction of Corporal Injury) on or about July 15, 1991.  First Amended Complaint ¶ 29a.  On May 25, 1999, a superior court judge granted Enos' request for a record

clearance under California Penal Code § 1203.4.  First Amended Complaint ¶ 29d-e.  On June 16, 2000, a superior court judge granted Enos' petition for restoration of civil rights (firearm possession) pursuant to California Penal Code § 12021(c)(3).  First Amended Complaint ¶¶ 25, 29g.  In February 2001, Enos "caused a letter to be sent to the California Department of Justice referencing the order by [the superior court judge] restoring his rights."  First Amended Complaint ¶ 29h.  He alleges that, in August of 2004, he was "denied a firearm purchase and advised by the State of California that the denial was being maintained by U.S. Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System."  First Amended Complaint ¶ 29i.  He contends that, although he is permitted to possess firearms under California law, he is prohibited from acquiring and possessing firearms due to the defendants' incorrect interpretation of 18 U.S.C. § 921(a)(33) (which defines the term "misdemeanor crime of domestic violence") and to the threat of prosecution under 18 U.S.C. § 922(g)(9) (which prohibits persons convicted of misdemeanor crimes of domestic violence from possessing firearms).  First Amended Complaint ¶ 29j-29l.

Plaintiffs Jeff Bastasini, Louie Mercado, Walter Groves, and Manuel Monteiro allege that they were convicted of misdemeanor violations of California Penal Code § 273.5 (Willful Infliction of Corporal Injury) on March 25, 1991, December 17, 1990, January 12, 1990, and May 27, 1992, respectively.  First Amended Complaint ¶ 30a.   They allege that their petitions for relief under California Penal Code § 1203.4 were granted, but they do not specify when.  First Amended Complaint ¶ 30e. They claim that, although they are permitted to possess firearms under California law, they are prohibited from acquiring and possessing firearms due to the defendants' incorrect interpretation of 18 U.S.C. § 921(a)(33) and to the threat of prosecution under 18 U.S.C. § 922(g)(9).  First Amended Complaint ¶ 30f-30h.

Plaintiffs Edward Erikson and Vernon Newman allege that they were convicted of domestic violence misdemeanors in 1996 and 1997, respectively, but they do not allege which statutes they were convicted under.  First Amended Complaint ¶ 31a.  They allege that their petitions for relief under California Penal Code § 1203.4 were granted, but they do not specify when.  First Amended Complaint ¶ 31e. They claim that, although they are permitted to possess firearms under California law, they are prohibited from acquiring and possessing firearms due to the defendants' incorrect interpretation of 18

U.S.C. § 921(a)(33) and to the threat of prosecution under 18 U.S.C. § 922(g)(9).  First Amended Complaint ¶ 31f-31h.

Plaintiff Jeff Loughran alleges that he was convicted of a misdemeanor under California Penal Code § 242 (Battery) on May 26, 1992.  First Amended Complaint ¶ 32.  He alleges that his petition for relief under California Penal Code § 1203.4 was granted on May 26, 1994, and that his petition to vacate his conviction pursuant to a writ of error coram nobis was granted on November 23, 1998.  First Amended Complaint ¶ 32c-32d.  He claims that, although he is permitted to possess firearms under California law, he is prohibited from acquiring and possessing firearms due to the defendants' incorrect interpretation of 18 U.S.C. § 921(a)(33) and to the threat of prosecution under 18 U.S.C. § 922(g)(9).  First Amended Complaint ¶ 32f -32h.

Plaintiff William Edwards alleges that he was convicted of Disturbing the Peace under California Penal Code § 415 on or about July 15, 2005.  First Amended Complaint ¶ 33a.  He alleges that California Penal Code § 415 is not a crime of domestic violence, but alleges that he is being denied the right to purchase or possess firearms solely based on the federal government's incorrect interpretation of 18 U.S.C. §§ 921 and 922.  First Amended Complaint ¶ 33e-33h.

## B.    Statutory and Regulatory Background

### 1.  18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33)

18 U.S.C. § 922(g)(9) provides that it shall be unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  However, 18 U.S.C. § 921(a)(33)(B)(ii) provides:

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter *if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)* unless the pardon, expungement, or restoration of civil rights, expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii) (emphasis added).

### 2.  The National Instant Criminal Background Check System

To prevent transfers of firearms to convicted felons and other prohibited persons, the Gun

Control Act requires any individual attempting to purchase a firearm to undergo a criminal background check.  *See* 18 U.S.C. § 922(t).  Pursuant to this requirement, a licensed firearms dealer or manufacturer collects certain identifying information from the potential purchaser and submits it to the National Instant Criminal Background Check System ("NICS"), which is operated by the FBI.  *See* 18 U.S.C. § 922(t)(1)(A); 28 C.F.R. §§ 25.6, 25.7(a).  The FBI searches the NICS database for criminal history which would prohibit the potential purchaser from possessing a firearms under federal or state law.  If the background check either reveals no prohibitive information, or three business days elapse, the sale is permitted to proceed.  *See* 18 U.S.C. § 922(t)(1)(B)(ii); 28 C.F.R. § 25.6(c)(iv).  If a NICS search identifies information that disqualifies the purchaser from possession of a firearms under state or federal law, NICS will issue a denial.  *See* 18 U.S.C. § 922(t); 28 C.F.R. § 25.6(c)(iv).

## III.  LEGAL STANDARDS ON THE MOTION TO DISMISS

**A.    Federal Rule of Civil Procedure 12(b)(1)**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Id.* (internal citations omitted).  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction.  *See Rattlesnake Coalition v. United States Envtl. Protection Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

**B.    Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint.  *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (*quoting  Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at

1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.  DISCUSSION

**A.      Plaintiffs' Convictions Are Misdemeanor Crimes of Domestic Violence Within The Meaning of 18 U.S.C. §§ 922(g)(9) and 921(a)(33)**

Plaintiffs contend that their convictions should not be considered misdemeanor crimes of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii), which provides:

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii).

Plaintiffs' contention lacks merit for the reasons that follow.

**1.      18 U.S.C. § 925A**

As an initial matter, it is not clear what jurisdictional basis the plaintiffs are relying on in support of their request for a declaration that their convictions are not misdemeanor crimes of domestic violence, although they do mention 18 U.S.C. § 925A in Paragraph Twelve of their First Amended Complaint.[1]

Under 18 U.S.C. § 925A, any person denied a firearm purchase pursuant to 18 U.S.C. § 922(s) or (t) and who was not prohibited from receipt of a firearm pursuant to 18 U.S.C. § 922(g) or (n), "may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be."  18 U.S.C. § 925A.

In this case, only plaintiff Richard Enos alleges that he was denied a firearm purchase.  *See* First Amended Complaint ¶ 29i ("In August of 2004, Plaintiff RICHARD ENOS was denied a firearm purchase and advised by the State of California that the denial was being maintained by U.S.

---

[1]  The Declaratory Judgment Act, 28 U.S.C. § 2201-02, does not by itself confer federal subject matter jurisdiction.  *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System.").[2]  Accordingly, only Enos can be viewed as having properly invoked the Court's jurisdiction under 18 U.S.C. § 925A and the Court lacks jurisdiction to review the other plaintiffs' requests for relief under that statute.

Assuming for purposes of argument, however, that all of the plaintiffs have properly invoked the Court's jurisdiction under 18 U.S.C. § 925A, the defendants will address the plaintiffs' arguments for why their convictions should not be interpreted as misdemeanor crimes of domestic violence in turn.

### 2.    California Penal Code § 1203.4

Plaintiffs first allege that because they (with the exception of plaintiff William Edwards) have obtained relief under California Penal Code § 1203.4, their convictions have been expunged or set aside within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).[3]  The Ninth Circuit rejected such an

---

[2]  In paragraph 33 of the First Amended Complaint, plaintiff William Edwards alleges that he "has been denied the right to purchase or possess firearms solely based on the Federal Government's wrongful application and/or interpretation of 18 U.S.C. §§ 921 and 922 *et seq*."  First Amended Complaint ¶ 33g.  It is not clear from the First Amended Complaint whether Edwards was actually denied a firearm purchase by the defendants or whether he is alleging that, but for the defendants' wrongful application and/or interpretation of 18 U.S.C. §§ 921 and 922, he would seek to acquire a firearm.

[3]  California Penal Code § 1203.4(a) provides in relevant part:

In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . . and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code.

California Penal Code § 1203.4(a).

argument in *Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007).  In *Jennings*, the plaintiff was convicted of a misdemeanor crime of domestic violence under California Penal Code § 245(a).  *Id.* at 896.  He later obtained an order from the state court under California Penal Code § 1203.4, which replaced his *nolo contendere* plea with a not guilty plea and dismissed the case against him.  *See id.* at 897.  After his application to sell a firearm was denied by the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), Jennings filed an action seeking to overturn the ATF's decision arguing that his conviction for a misdemeanor crime of domestic violence had been "expunged" within the meaning of 18 U.S.C. § 921(a)(33).  *See id.* at 897-98.  The Ninth Circuit rejected Jennings' argument as follows:

> Section 1203.4, however, does not provide the extent of relief Jennings contends he received.  Although "a number of courts have used forms of the word 'expunge' to describe the relief" under section 1203.4, "the statute does not in fact produce such a dramatic result."  *People v. Frawley*, 82 Cal.App.4th 784, 790-91, 98 Cal.Rptr.2d 555 (Cal. Ct. App. 2000) (citations omitted).

*Jennings*, 511 F.3d at 898; *see also Wyoming v. United States*, 539 F.3d 1236, 1246 (10th Cir. 2008) ("§ 921(a)(33)(B)(ii) requires the complete removal of all effects of a prior conviction to constitute either an expungement or a set aside.").

Because the relief plaintiffs (with the exception of plaintiff William Edwards) received under California Penal Code § 1203.4 does not constitute an expungement or setting aside of a conviction within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii), plaintiffs' allegation that their convictions should not be viewed as ones for misdemeanor crimes of domestic violence lacks merit.

### 3.    California Penal Code § 12021(c)(1)

Plaintiffs next argue that because California does not prohibit them from possessing firearms due to the passage of 10 years since the dates of their convictions under California Penal Code § 12021(c)(1), they should not be considered to have been convicted of a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).[4]  First Amended Complaint ¶¶ 35c, 38b, and 44c.  This argument also lacks merit.

California Penal Code § 12021(c)(1) provides that a person who has been convicted of certain misdemeanor violations, including under California Penal Code §§ 243 and 273.5, and who, within 10

---

[4]  It does not appear that plaintiff William Edwards is making (or can make) this argument because he alleges he was convicted on or about July 15, 2005.  First Amended Complaint ¶ 33a.

years of the conviction, owns, purchases, receives, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.  *See* Cal. Penal Code § 12021(c)(1).

Plaintiffs apparently believe that because they may possess a firearm without running afoul of California Penal Code § 12021(c)(1), they have had their "civil rights restored" within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  This is incorrect for two related reasons.  First, "the words 'civil rights restored' do not cover a person whose civil rights were never taken away."  *Logan v. United States*, 552 U.S. 23, 36 (2007).  Plaintiffs do not allege that their civil rights were taken away when they were convicted of their misdemeanor crimes of domestic violence, nor could they.  In California, as in most states, a conviction for a misdemeanor does not result in the loss of civil rights.  *See People v. Haendiges*, 191 Cal. Rptr. 785, 798 n.2 (Cal. Ct. App. 1983) ("Moreover, there are additional consequences of a felony conviction not present in misdemeanors, such as loss of civil rights and being subject to impeachment in later trials.") (Foster, J., concurring);  *see also People v. Murray*, 29 Cal. Rptr. 2d 42, 46 (Cal. Ct. App. 1994) ("When a misdemeanant has finished serving his sentence, he leaves with neither further obligation nor disability.") (quoting *In re Valenti*, 224 Cal. Rptr. 10, 12 (Cal. Ct. App. 1986)).  Because plaintiffs cannot allege that their civil rights were taken away, they cannot allege that they have had their civil rights restored within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).

Second, the test for whether one's civil rights have been restored is whether the individual has regained his right to vote, to sit on a jury, and to hold public office.  *See Logan*, 552 U.S. at 28 (construing the sister statute for felons and stating that "[w]hile 921(a)(20) does not define the term 'civil rights,' courts have held, and petitioner agrees, that the civil rights relevant under the above-quoted provision are the rights to vote, hold office, and serve on a jury."); *United States v. Valerio*, 441 F.3d 837, 843 (9th Cir. 2006) (same).  The fact that a state has restored an individual's right to possess firearms is not enough.  *Valerio*, 441 F.3d at 842-43; *see also United States v. Andaverde*, 64 F.3d 1305, 1309 (9th Cir. 1995) (rejecting the argument that an individual's civil rights have been restored if state law has restored the individual's right to bear arms).  Here, plaintiffs have not alleged that their rights to vote, to sit on a jury, and to hold public office were restored within the meaning of 18 U.S.C. §

921(a)(33)(B)(ii).

Because plaintiffs have not alleged that their civil rights to vote, to sit on a jury, and to hold public office were taken away and restored following their convictions, their argument that their civil rights have been restored by virtue of California Penal Code § 12021(c)(1) lacks merit.

### 4.    California Penal Code § 12021(c)(3)

Plaintiff Richard Enos (but not the other plaintiffs) similarly argues that because he has received relief from the prohibition on firearms possession imposed by California Penal Code § 12021(c)(1) by a superior court judge under California Penal Code § 12021(c)(3), he should not be considered to have been convicted of a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).[5]  First Amended Complaint ¶ 35b.

Again, Enos apparently believes that because he may possess a firearm in light of the relief he has obtained under California Penal Code § 12021(c)(3), he has had his "civil rights restored" within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  This is incorrect for the same two reasons just discussed:  Enos has not, and cannot, allege that his rights to vote, to sit on a jury, and to hold office were taken away and then restored within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  *See Logan*, 552 U.S. at 28; *Valerio*, 441 F.3d at 842-43 (stating that the fact that a state has restored an individual's right to possess firearms is "not enough").

---

[5]  California Penal Code § 12021(c)(3) provides:

> Any person who is subject to the prohibition imposed by this subdivision because of a conviction of an offense prior to that offense being added to paragraph (1) may petition the court only once for relief from this prohibition.  The petition shall be filed with the court in which the petitioner was sentenced.  If possible, the matter shall be heard before the same judge that sentenced the petitioner.  Upon filing the petition, the clerk of the court shall set the hearing date and notify the petitioner and the prosecuting attorney of the date of the hearing.  Upon making [enumerated findings], the court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate[.]

California Penal Code § 12021(c)(3).

### 5.    A Knowing/Intelligent Waiver of Right to Trial

Plaintiffs Enos, Bastasini, Mercado, Groves, Monteiro, and Loughran argue that they should not be considered to have been convicted of misdemeanor crimes of domestic violence within the meaning of 18 U.S.C. § 921(a)(33) because they were not apprised of the possibility of losing their right to possess firearms when pleading no contest to their misdemeanor domestic violence crimes.  First Amended Complaint ¶¶ 35a, 38a, 44a.  This argument is meritless.  First, 18 U.S.C. § 921(a)(33)(B)(ii) does not state that a person who did not enter a knowing and intelligent plea should not be considered to have been convicted of a misdemeanor crime of domestic violence.  Second, although the statute does provide that a person whose conviction has been expunged or set aside is not considered to have been convicted of a misdemeanor crime of violence (and plaintiffs could presumably seek to have their convictions set aside in state court if they can establish that their pleas were not entered knowingly and intelligently), plaintiffs do not allege that they have obtained this kind of relief in state court.  Plaintiffs have offered no support for the suggestion that this Court has jurisdiction in this proceeding to make a finding that their convictions are invalid based on the lack of a knowing and intelligent waiver of their right to a jury trial.  *See Lewis v. United States*, 445 U.S. 55, 60-65 (1980) (stating that a defendant charged with violating a felon-in-possession statute could not collaterally attack his prior felony conviction).

### 6.    Writ of Error Coram Nobis

Plaintiff Loughran alleges that a judge in an unspecified Superior Court in California granted his motion to vacate his conviction under California Penal Code § 242 for battery pursuant to a writ of *coram nobis* on November 23, 1998.  First Amended Complaint ¶ 32d.  He argues that, in light of this relief, he should not be considered to have sustained a conviction for a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  However, other than stating that he has received *coram nobis* relief, Loughran does not allege why he believes this relief constitutes an expungement or setting side of his conviction within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  Most importantly, however, he does not allege that he notified the defendants of the *coram nobis* relief he allegedly obtained and he does not allege that he was denied a firearm purchase such that this Court would have jurisdiction over his claim under 18 U.S.C. § 925A.

### 7.    Disturbing the Peace Under California Penal Code § 415

Plaintiff Edwards alleges that his conviction under California Penal Code § 415 is not a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(A) because it does not have as an element, "the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A)(ii); First Amended Complaint ¶¶ 33, 46-48.

To the extent Edwards is asserting that California Penal Code § 415 must include as an element that the victim share one of the domestic relationships specified in 18 U.S.C. § 921(a)(33)(A)(ii) in order to constitute a misdemeanor crime of domestic violence, that argument was rejected in *United States v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003) ("The federal statute does not require that the misdemeanor statute charge a domestic relationship as an element.  It requires only that the misdemeanor have been committed against a person who was in one of the specified domestic relationships."); *see also United States v. Hayes*, 129 S. Ct. 1079, 1087 (same).

To the extent Edwards is asserting that California Penal Code § 415 does not include, as an element, "the use or attempted use of physical force, or the threatened use of a deadly weapon," this is not true.  First Amended Complaint ¶ 47.  Edwards does not specify under which provision of California Penal Code § 415 he was convicted.  California Penal Code § 415(1) covers "[a]ny person who unlawfully fights in a public place or challenges another person in a public place to fight."  If Edwards was convicted under California Penal Code § 415(1), his conviction would qualify as a misdemeanor crime of domestic violence because § 415(1) includes as an element the use or attempted use of physical force.  *See* California Penal Code § 415(1).  Absent more specificity, Edwards' claims fail to state a claim.

### B.    Plaintiffs Lack Standing To Challenge The Constitutionality of 18 U.S.C. §§ 921(a)(33), 922(d)(9), and 922(g)(9)

### 1.    Constitutional Dimensions

Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies.  *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

11

"Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (internal citation omitted). "Standing is an essential, core component of the case or controversy requirement." *San Diego County Gun Rights*, 98 F.3d at 1126 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing their standing to sue. *See Lujan*, 504 U.S. at 561. At a minimum, they must demonstrate that they have suffered an "injury in fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent," as opposed to "conjectural" or "hypothetical." *Id.* at 560 (internal citations and quotations omitted).

Here, plaintiffs have failed to allege an "injury in fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent" for several reasons. First, "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *San Diego County Gun Rights*, 98 F.3d at 1126 (quoting *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983)). Here, plaintiffs simply attack 18 U.S.C. §§ 921(a)(33), 922(d)(9), and 922(g)(9) and do not allege that these statutes have been applied to them.

Second, while plaintiffs allege they suffer a threat of prosecution under 18 U.S.C. § 922(g)(9), they have not alleged "a *genuine* threat of *imminent* prosecution" under that statute. *See San Diego County Gun Rights*, 98 F.3d at 1126 (emphasis in original); *see also Darring v. Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1986) (stating that "an 'imaginary or speculative' fear of prosecution is not enough") (internal citation omitted); *Stoianoff*, 695 F.2d at 1223 (stating that "a plaintiff must demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced against him"). Plaintiffs do not allege any concrete plans to violate 18 U.S.C. § 922(g)(9). *See San Diego County Gun Rights*, 98 F.3d at 1127 (stating that an allegation that plaintiffs "'wish and intend to engage in activities prohibited by Section 922(v)(1)'" was not sufficient to demonstrate a genuine threat of prosecution) (internal citation omitted); *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require."). They simply allege that,

but for the allegedly unconstitutional statutes, they would "enjoy" their right to bear arms. *See, e.g.*, First Amended Complaint ¶ 45.  In fact, only one of the 9 named plaintiffs (Richard Enos) alleges that he has even attempted to purchase a firearm.  First Amended Complaint ¶ 29i.  Plaintiffs also do not allege "any threat by the government to prosecute them." *San Diego County Gun Rights*, 98 F.3d at 1127.  "A specific warning of an intent to prosecute under a criminal statute may suffice to show imminent injury and confer standing," but "a general threat of prosecution is not enough to confer standing." *Id.*; *see also Rincon Band of Mission Indians v. County of San Diego*, 495 F.2d 1, 4 (9th Cir. 1974) (stating that a sheriff's statement to tribal members that county ordinance prohibiting gambling would be enforced within his jurisdiction was not sufficient).

Third, to the extent the plaintiffs are arguing that the existence of 18 U.S.C. § 922(g)(9) is chilling their desire and ability to purchase firearms, this is not sufficient to confer standing.  In *San Diego County Gun Rights*, the Ninth Circuit rejected the same type of argument as follows:

> Another injury that plaintiffs allege is the chilling of their desire and ability to purchase outlawed firearms.  Certainly, plaintiffs face a difficult choice whether or not to engage in conduct prohibited under the Act.  Nonetheless, their choice is "not unlike that forged by many regulatory statutes with criminal sanctions." *Boating Industry Ass'ns*, 601 F.2d at 1385.  As the Fourth Circuit has noted, "[e]very criminal law, by its very existence, may have some chilling effect on personal behavior.  That was the reason for its passage." *Doe v. Duling*, 782 F.2d 1202, 1206 (4th Cir. 1986).

*San Diego County Gun Rights*, 98 F.3d at 1129.

Fourth, although plaintiffs appear to also be challenging the constitutionality of 18 U.S.C. § 922(d)(9), which makes it unlawful for any person to sell or otherwise dispose of any firearm to a person who has been convicted of a misdemeanor crime of domestic violence, they have no plausible basis whatsoever for claiming standing to challenge that provision because they fail to allege anywhere in their First Amended Complaint that they intend to sell or otherwise dispose of any firearms. *See Darring*, 783 F.2d at 877 (stating that "[t]he federal courts have historically been reluctant to recognize third-party standing.").  In their First Amended Complaint, plaintiffs allege only that would like to "acquire, keep and bear arms for, among other lawful purposes, self-defense in their homes."  First Amended Complaint ¶¶ 29l, 30h, 31h, 32h, 33h.

Finally, while plaintiffs claim to challenge the statutes facially and as applied, their attempt to challenge the statutes "as applied" must fail because the statutes have not actually been applied to

them.  *See, e.g., Lawline v. American Bar Ass'n*, 956 F.2d 1378, 1386 (7th Cir. 1992) ("Furthermore, as the unauthorized practice rule has not been applied to the plaintiffs' conduct, it may not e challenged as applied.");  *Clean-Up '84 v. Heinrich*, 759 F.2d 1511, 1514 (11th Cir. 1985) ("[B]ecause the statute has not been applied to Clean-Up '84, we find it unnecessary to determine whether the statute is also unconstitutional as applied.").

### 2.    Prudential Considerations

"In addition to its constitutional components, standing doctrine also includes several 'judicially self-imposed' constituents, grounded in comity and prudence."  *Hickman v. Block*, 81 F.3d 98, 101 n.4 (9th Cir. 1996) (internal citation omitted), abrogated on other grounds by *District of Columbia v. Heller*, 554 U.S. 570 (2008).  As applied here, the most relevant of these prudential considerations is the following:

> [E]ven when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating "abstract questions of wide public significance" which amount to "generalized grievances," pervasively shared and most appropriately addressed in the representative branches.

*Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982).  In *San Diego County Gun Rights*, the Ninth Circuit applied this prudential consideration in a case challenging the constitutionality of various provisions of the Crime Control Act as follows:

> Here, plaintiffs' allegations of threatened prosecution and increased prices affect not only the named plaintiffs, but also anyone desiring to possess semiautomatic assault weapons.  Plaintiffs' alleged harms amount to no more than a "'generalized grievance' shared in substantially equal measure by . . . a large class of citizens," and thus do not warrant the exercise of jurisdiction.  *Western Mining Council*, 643 F.2d at 632.

*San Diego County Gun Rights*, 98 F.3d at 1131-32.

Here, as in *San Diego County Gun Rights*, the plaintiffs' alleged harms amount to no more than a generalized grievance shared in substantially equal measure by a large class of citizens which should be addressed, if at all, by Congress, not the courts.  *San Diego County Gun Rights*, 98 F.3d at 1131-32.

In addition, plaintiffs have not even alleged whether any of them have pursued and completed the administrative remedy available under 28 C.F.R. § 25.10 to correct erroneous information in the National Instant Criminal Background Check System.  Under 28 C.F.R. § 25.10(a), "[a]n individual

may request the reason for the denial from the agency that conducted the check of the NICS (the "denying agency," which will be either the FBI or the state or local law enforcement agency serving as a POC)."[6]  Under 28 C.F.R. § 25.10(b), the denying agency will respond to the individual within 5 business days with its reasons for the denial.  Under 28 C.F.R. § 25.10(c), "[i]f an individual wishes to challenge the accuracy of the record upon which the denial is based, *or if the individual wishes to assert that his or her rights to possess a firearm have been restored*, he or she may make application first to the denying agency, i.e., either the FBI or the POC."  *See* 28 C.F.R. § 25.10(c) (emphasis in original).  "If the denying agency is unable to resolve the appeal, the denying agency will so notify the individual and shall provide the name and address of the agency that originated the document containing the information upon which the denial was based."  *Id.*  "The individual may then apply for correction of the record directly to the agency from which it originated."  *Id.*  "If the record is corrected as a result of the appeal to the originating agency, the individual may so notify the denying agency, which will, in turn, verify the record correction with the originating agency (assuming the originating agency has not already notified the denying agency of the correction) and take all necessary steps to correct the record in the NICS."  *Id.*[7]

Here, the plaintiffs do not allege that they pursued and completed their remedy under 28 C.F.R. § 25.10 to assert that their rights to possess firearms have been restored and, therefore, that they were erroneously denied a firearm.  Accordingly, for this additional prudential reason, the Court should conclude the plaintiffs lack standing to challenge the constitutionality of 18 U.S.C. § 922(g)(9).

**C.  Plaintiffs' Constitutional Claims Fail To State A Claim**

Assuming for purposes of argument that plaintiffs have standing to challenge the constitutionality of 18 U.S.C. § 922(g)(9), their claims fail to state a claim under Fed. R. Civ. P.

---

[6]  A POC (Point of Contact) means a state or local law enforcement agency serving as an intermediary between a federal firearms licensee and the federal databases checked by the NICS.  *See* 28 C.F.R. § 25.2.

[7]  As an alternative to this procedure where a POC was the denying agency, the individual may elect to direct his or her challenge to the accuracy of the record, in writing, to the FBI, NICS Operations Center, Criminal Justice Information Services Division, 1000 Custer Hollow Road, Module C-3, Clarksburg, West Virginia 26306-0147.  *See* 28 C.F.R. § 25.10(d).

MEMORANDUM OF POINTS AND AUTHORITIES                    15

12(b)(6).

**1.      Second Amendment Claim**

Plaintiffs argue that 18 U.S.C. § 922(g)(9) violates the Second Amendment.  This argument lacks merit.

a.      *District of Columbia v. Heller*, 554 U.S. 570 (2008)

The Second Amendment to the United States Constitution provides:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. Amend. II.  In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court concluded that the Second Amendment protects an individual right of "law-abiding, responsible citizens to use arms in defense of hearth and home."  *Id.* at 645.  The Court based this conclusion on an extensive analysis of the Amendment's text.  In addition, because the Second Amendment has always been understood to codify "a *pre-existing* right, *id.* at 592 (emphasis added), *Heller* also considered the historical background of the right to keep and bear arms in England and the American colonies.

*Heller* then held unconstitutional two District of Columbia statutes to the extent they totally banned handgun possession in the home and required all other firearms within the home to be kept inoperable.  *Id.* at 634-35.  The Supreme Court "declin[ed] to establish a level of scrutiny for evaluating Second Amendment restrictions," *id.* at 634, concluding that "[u]nder any of the standards of scrutiny that we have applied to enumerated constitutional rights," the District of Columbia's handgun ban "would fail constitutional muster."  *Id.* at 628-29.  In a footnote, however, the Court rejected the notion that rational basis scrutiny was appropriate, concluding that this test "could not be used to evaluate the extent to which a legislature may regulate a specific, enumerated right . . . ."  *Id.* at 628 n.27.  The Court also rejected an "interest-balancing" test proposed by Justice Breyer in dissent.  *Id.* at 687-91.

At the same time, however, the Court made clear that "the right secured by the Second Amendment is not unlimited," *id.* at 626, and identified several "exceptions," *id.* at 635, which it characterized as "permissible" "regulations of the right[.]"  The Court declared:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and

government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 554 U.S. at 626-27 (emphasis added).  The Court further cautioned that "[w]e identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive."  *Heller*, 554 U.S. at 627 n.26.

Since *Heller*, scores of federal courts have considered Second Amendment challenges to Section 922(g)(1) barring possession of firearms by felons and Section 922(g)(9) barring possession of firearms by domestic violence misdemeanants, recognizing almost uniformly that they fall within the category of cases on which the analysis in *Heller* casts no doubt, as discussed below.

b.     <u>The Ninth Circuit Has Rejected A Second Amendment Challenge To 18 U.S.C. § 922(g)(1)</u>

In *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 294 (Oct. 4, 2010), the Ninth Circuit concluded that 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, does not violate the Second Amendment.  The court concluded that a law which prohibits felons from possessing firearms falls within *Heller*'s list of presumptively lawful regulatory measures and need not be subjected to any further constitutional scrutiny.  The court stated:

> Vongxay cites no authority holding that 18 U.S.C. § 922(g)(1) violates the Second Amendment, but asserts that *District of Columbia v. Heller*, ___ U.S. ___, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008), requires that conclusion.  He is mistaken.  Nothing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922(g)(1).
>
> . . . . The Court [in *Heller*] explained how such a disqualification could occur, stating:
>
>> . . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> *Heller*, 128 S. Ct. at 2816-2817 (emphasis added) (internal citation omitted).  The Court further noted that "[w]e identify these *presumptively lawful regulatory measures* only as examples; our list does not purport to be exhaustive."  *Heller*, 128 S. Ct. at 2817, n. 26 (emphasis added).  Thus, felons are categorically different from the individuals who have a fundamental right to bear arms, and Vongxay's reliance on *Heller* is misplaced.

*Vongxay*, 594 F.3d at 1114-15 (footnote omitted).

Every other circuit that has addressed a Second Amendment challenge to 18 U.S.C. § 922(g)(1) has also rejected the challenge.  *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (same);

17

*United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009); *see also United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003) (pre-*Heller* case upholding Section 922(g)(1) even under an individual rights interpretation of the Second Amendment).

        c.    18 U.S.C. § 922(g)(9) Is A "Presumptively Lawful" Regulatory Measure Under *Heller*

Like 18 U.S.C. § 922(g)(1), the statutory prohibition against the possession of firearms by persons convicted of a misdemeanor crime of domestic violence warrants inclusion on *Heller*'s list of presumptively lawful prohibitions on the right to bear arms.

Section 922(g)(9) prohibits firearms possession by persons who have been convicted of a "misdemeanor crime of domestic violence." The statute serves a vital role because, as the Supreme Court has observed, "[f]irearms and domestic strife are a potentially deadly combination nationwide." *United States v. Hayes*, 129 S. Ct. 1079, 2087 (2009). In *Hayes*, the Supreme Court explained why 18 U.S.C. § 922(g)(9) was enacted:

> Existing felon-in-possession laws, Congress recognized, were not keeping firearms out of the hands of domestic abusers, because "many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies." 142 Cong. Rec. 22985 (1996) (statement of Sen. Lautenberg). By extending the federal firearm prohibition to persons convicted of "misdemeanor crime[s] of domestic violence," proponents of § 922(g)(9) sought to "close this dangerous loophole." *Id.*, at 22986.
>
> Construing § 922(g)(9) to exclude the domestic abuser convicted under a generic use-of-force statute (one that does not designate a domestic relationship as an element of the offense) would frustrate Congress' manifest purpose. Firearms and domestic strife are a potentially deadly combination nationwide.

*Hayes*, 129 S. Ct. at 1087; *see also United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010) (en banc) ("The belief underpinning § 922(g)(9) is that people who have been convicted of violence once – toward a spouse, child, or domestic partner, no less – are likely to use violence again.").

Because Section 922(g)(9) disarms people who have been convicted of violent criminal conduct, the statute is "presumptively lawful" under the reasoning of *Heller*. This conclusion follows from *Heller*'s inclusion of laws prohibiting firearms possession on its list of "permissible" regulations. This portion of *Heller* "explicit[ly] recogni[zed] . . . that persons may forfeit their Second Amendment right to bear arms along with other rights when they commit serious crimes." *Heller* made clear that its list of Second Amendment "exceptions" provided only "examples" of "presumptively lawful"

regulations, and warned lower courts not to view these examples as "exclusive." *Id.* at 627 n. 26. There is no difference between Section 922(g)(9) and section 922(g)(1) for purposes of Second Amendment Analysis. Although more recent than Section 922(g)(1), Section 922(g)(9) "addresses the thorny problem of domestic violence," which "Congress recognized was not remedied by 'longstanding' felon-in-possession laws." *United States v. White*, 593 F.3d 1199, 1205-06 (11th Cir. 2010). More importantly, the case for deeming Section 922(g)(9) "presumptively lawful" is compelling because a person convicted under that statute must "have first acted violently toward a family member or domestic partner." *Id.* "The public interest in a prohibition on firearms possession is at its apex in circumstances . . . where a statute disarms persons who have proven unable to control violent criminal impulses." *People v. Flores*, 86 Cal. Rptr. 3d 804, 807 (Cal. Ct. App. 2008). Section 922(g)(1), by comparison, "does not distinguish between the violent and non-violent offender." *White*, 593 F.3d at 1206. Accordingly, "as a predictor of firearm misuse, the definitional net cast by § 922(g)(9) is tighter than the net cast by § 922(g)(1)." *United States v. Booker*, 570 F. Supp. 2d 161, 164 (D. Me. 2008). The Court should therefore extend the "presumption" of lawfulness that *Heller* conferred upon Section 922(g)(1) to Section 922(g)(9).

> d.    18 U.S.C. § 922(g)(9) Is Constitutional Even If Intermediate Scrutiny Is Applied

As discussed above, the statutory prohibition against the possession of firearms by persons convicted of a misdemeanor crime of domestic violence warrants inclusion on *Heller*'s list of presumptively lawful prohibitions on the right to bear arms, and no further constitutional scrutiny is required. However, assuming for purposes of argument that 18 U.S.C. § 922(g)(9) must withstand intermediate scrutiny, the statute is substantially related to an important governmental interest.

In *Vongxay*, 594 F.3d 1111 (9th Cir. 2010), the Ninth Circuit rejected the plaintiff's argument that his Equal Protection challenge to 18 U.S.C. § 922(g)(1) should be reviewed under strict scrutiny on the ground that the right to bear arms is a fundamental right. *See id.* at 1118; *see also id.* at 1118 n.5 ("*Heller* did not establish that Second Amendment restrictions must be reviewed under strict scrutiny."). If any scrutiny is warranted, it would be intermediate scrutiny. *See, e.g., United States v. Skoien*, 614 F.3d 638, 641-45 (7th Cir. 2010) (en banc); *United States v. Chester*, 628 F.3d 673, 683 (4th Cir. 2010).

To pass constitutional muster under intermediate scrutiny, the government must typically establish that the challenged law is substantially related to an important governmental interest. *See, e.g,, Clark v. Jeter*, 486 U.S. 456, 461 (1988). Here, it cannot be disputed that the goal of § 922(g)(9), which is to prevent armed violence, is an important governmental interest. Congress's interest in protecting "the safety and indeed the lives of its citizens" is not merely "substantial" but "compelling." *United States v. Salerno*, 481 U.S. 739, 750 (1987). In *Skoien*, the Seventh Circuit stated that "no one doubts that the goal of § 922(g)(9), preventing armed mayhem, is an important governmental objective." *Skoien*, 614 F.3d at 642.[8]

Moreover, keeping firearms out of the hands of domestic abusers is substantially related to that important governmental interest.[9] As explained in *Skoien*, "[d]omestic assaults with firearms are approximately twelve times more likely to end in the victim's death than are assaults by knives or fists." *Skoien*, 614 F.3d at 643. Moreover, as also explained in *Skoien*, "the recidivism rate is high, implying that there are substantial benefits in keeping the most deadly weapons out of the hands of domestic abusers." *Id.* at 644; *see also id.* at 642 ("The belief underpinning § 922(g)(9) is that people who have been convicted of violence once – toward a spouse, child, or domestic partner, no less – are likely to use violence again."). "Domestic violence misdemeanants, even more so than most convicted felons, have demonstrated a specific propensity for violence and thus pose an[] unacceptable risk of firearm misuse." *United States v. Chester*, 628 F.3d 673, 691 (4th Cir. 2010) (Davis, J., concurring).

In sum, even if § 922(g)(9) must withstand intermediate scrutiny, it does not violate the Second Amendment because it is substantially related to an important governmental interest.

---

[8] A survey of 16,000 Americans released in 2000 reported that a staggering 22.1% of American women had been physically assaulted by an intimate partner at some point in their lifetime. United States Department of Justice, *Extent, Nature and Consequences of Intimate Partner Violence*, 11 (2000) (NVWS Report), *available at* http://www.ncjrs.gov/pdffiles1/nij/181867.pdf.

[9] The government need not always produce empirical evidence to affirmatively establish the benefits of disarming criminals or other potentially dangerous individuals. *See Nixon v. Shrink Missouri Government PAC*, 528 U.S. 377, 391 (2000) ("[T]he quantum of empirical evidence needed to satisfy heightened judicial scrutiny of legislative judgments will vary up or down with the novelty and plausibility of the justification raised."). Even under strict scrutiny, the government may sometimes justify some restrictions on speech "based solely on history, consensus, and 'simple common sense.'" *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 628 (1995).

### 2.      First Amendment Claim

Plaintiffs next contend that 18 U.S.C. § 922(g)(9) violates their rights under the First

Amendment because "it imposes a lifetime ban on the exercise of a fundamental constitutional right for

a minor crime without providing a statutory remedy to petition their government for restoration of that

right." First Amended Complaint ¶¶ 55-56.

Plaintiffs' contention is devoid of merit.  The First Amendment provides that "Congress shall

make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of

grievances." U.S. Const. Amend. I.  The right to petition the government extends to the courts and,

thus, includes the right to file a lawsuit. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002).

Here, plaintiffs have not alleged that Congress has enacted any law which abridges their right to file a

lawsuit, and plaintiffs have not pointed to any authority in their First Amended Complaint which states

that Congress violates the First Amendment if it does not create a desired statutory remedy for an

alleged harm.  Moreover, although plaintiffs do not appear to be alleging that gun possession is speech,

such a claim would fail in any event because "[t]ypically a person possessing a gun has no intent to

convey a particular message, nor is any particular message likely to be understood by those who view

it." *Nordyke v. King*, 319 F.3d 1185, 1190 (9th Cir. 2003), and in this case, plaintiffs do not allege that

they intend to convey a particular message if they are permitting to possess firearms.

### 3.      Tenth Amendment Claim

Plaintiffs also contend that 18 U.S.C. § 922(g)(9) violates the Tenth Amendment to the United

States Constitution.[10]  This contention lacks merit.

In *United States v. Andaverde*, 64 F.3d 1305 (9th Cir. 1995), the Ninth Circuit rejected the same

argument raised by plaintiffs in a Tenth Amendment challenge to 18 U.S.C. § 922(g)(1), stating:

> Andaverde argues that this prosecution impermissibly interferes with state laws
> allowing felons to bear firearms, because that area of regulation was left to the states
> under § 922(g)(1). We disagree.  Section 922(g)(1) rests on state law governing
> convictions, not on state law regulating felons' possession of firearms.  The section
> requires the courts to look at the state's definition of convictions, not at the state's
> substantive regulation of convicted felons.  Congress may regulate possession of

---

[10]  The Tenth Amendment to the United States Constitution provides that  "[t]he powers not
delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the
States respectively, or to the people."

firearms without violating the Tenth Amendment. *United States v. Tomlin*, 454 F.2d 176, 176 (9th Cir.), *cert. denied*, 406 U.S. 924, 92 S. Ct. 1792, 32 L.Ed.2d 125 (1972). Section 922(g)(1) is a permissible exercise of this power.

*Andaverde*, 64 F.3d at 1310; *see also United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995) ("Because [18 U.S.C. § 922(g)(1)] is a valid exercise of Congress' commerce authority, we conclude that the statute does not violate the Tenth Amendment."); *Columbia River Gorge United-Protecting People and Property v. Yeutter*, 960 F.2d 110, 114 (9th Cir. 1992) (stating that a statute does not violate the Tenth Amendment when it does not violate the Commerce Clause).

Moreover, every circuit that has addressed a Tenth Amendment challenge to 18 U.S.C. § 922(g)(9) has rejected the challenge. *See Fraternal Order of Police v. United States*, 173 F.3d 898 (D.C. Cir. 1999); *Hiley v. Barrett*, 155 F.3d 1276 (11th Cir. 1998); *see also United States v. Wilson*, 159 F.3d 280, 293 (7th Cir. 1998) (addressing 18 U.S.C. § 922(g)(8)).[11]

The defendants ask the Court to follow the reasoning of the Ninth Circuit's opinion in *Andaverde* and every circuit that has denied a Tenth Amendment challenge to 18 U.S.C. § 922(g)(9) and conclude that plaintiffs' Tenth Amendment challenge fails to state a claim.

### 4.    Fifth Amendment Claim

Plaintiffs finally contend that 18 U.S.C. § 922(g)(9) violates the Fifth Amendment because it "impose[s] a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy for restoration of that right, even though a provision exists in federal law for the restoration of rights by felons," citing 18 U.S.C. § 925(c). First Amended Complaint ¶ 65.

Plaintiff simply misreads 18 U.S.C. § 925(c). It provides in relevant part:

A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the

_____

[11]   Plaintiffs do not allege that 18 U.S.C. § 922(g)(9) violates the Commerce Clause, nor could they because § 922(g)(9) requires the government to demonstrate that the firearm was possessed "in or affecting commerce" or received after having "been shipped or transported in interstate or foreign commerce." *See Gillespie v. City of Indianapolis*, 185 F.3d 693, 697 (7th Cir. 1999) (decided before *Heller*); *Hiley v. Barrett*, 968 F. Supp. 1564, 1572 (N.D. Ga. 1997), *aff'd*, 155 F.3d 1276 (11th Cir. 1998).

MEMORANDUM OF POINTS AND AUTHORITIES

disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.  Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

18 U.S.C. § 925(c).

The plain language of the statute reveals that the relief available from the Attorney General under section 925(c) is not limited to applicants who have been convicted of felonies and that it applies to applicants who have been convicted of misdemeanor crimes of domestic violence as well.  *See Palma v. United States*, 228 F.3d 323, 327-28 (3d Cir. 2000) (stating that persons convicted of a misdemeanor crime of domestic violence may apply for relief under 18 U.S.C. § 925(c)).[12]

Moreover, the Seventh Circuit rejected an argument similar to the one made here – that "Congress overreached by creating a 'perpetual' disqualification for persons convicted of domestic violence."  *Skoien*, 614 F.3d at 644.  The court noted that 18 U.S.C. § 921(a)(33)(B)(ii) provides routes to restoration of the right to possess firearms and that:

> Some of the largest states make expungement available as of right to misdemeanants who have a clean record for a specified time.  California, for example, has such a program.  Cal. Penal Code § 1203.4a.  This means that § 922(g)(9) in its normal application does not create a perpetual and unjustified disqualification for a person who no longer is apt to attack other members of the household.

*Skoien*, 614 F.3d at 645 (internal citation omitted).

## D.     Improper Joinder and Improper Venue

### 1.     Improper Joinder

If any of the plaintiffs' claims survive the defendants' motion to dismiss, defendants respectfully ask the Court to sever the plaintiffs under Fed. R. Civ. P. 21 and dismiss all of the plaintiffs (with the exception of Richard Enos) on improper venue grounds.

Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of

---

[12]  It should also be noted that Congress has prohibited ATF from using appropriated funds to investigate or act upon applications for relief filed under 18 U.S.C. § 925(c).  *See* Consolidated Appropriations Act of 2010, Pub L. 111-117, 123 Stat. 3034 ("none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)."). *Id.* at 3128.

1   transactions or occurrences; and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a);

2   *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  The purpose of Rule 20(a) is "to promote

3   judicial economy, and reduce inconvenience, delay, and added expense."  *Coughlin*, 130 F.3d at 1351.

4        Federal Rule of Civil Procedure 21 authorizes the court to drop parties and sever claims "on just

5   terms."  Fed. R. Civ. P. 21; *see also Desert Empire Bank v. Insurance Co. of N. America*, 623 F.2d

6   1371, 1375 (9th Cir. 1980).  District courts have broad discretion to sever under Rule 21.  *See Coleman*

7   *v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).  In a misjoined case, "[t]he court can

8   generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate

9   lawsuits by the dropped plaintiffs 'against some or all of the present defendants based on the claim or

10  claims attempted to be set forth in the present complaint.'"  *Coughlin*, 130 F.3d at 1350 (citation

11  omitted).

12       Here, plaintiffs have failed to satisfy the first prong in Rule 20(a)'s test for permissive joinder.

13  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a

14  claim."  *Coughlin*, 130 F.3d at 1350.  In this case, the factual background of each plaintiff is not the

15  same.  First, plaintiffs were convicted of different crimes:  Enos, Bastasini, Mercado, Groves, and

16  Monteiro were convicted of Willful Infliction of Corporal Injury under California Penal Code §

17  273.5(a); Erikson and Newman allege they were convicted of misdemeanor crimes of domestic

18  violence, but do not specify which ones; Loughran was convicted of battery under California Penal

19  Code § 242; and Edwards was convicted of Disturbing the Peace under California Penal Code § 415.

20  Second, while Enos, Bastasini, Mercado, Groves, Monteiro, Erikson, and Newman concede they were

21  convicted of misdemeanor crimes of domestic violence, Edwards alleges that the crime of which he

22  was convicted, California Penal Code § 415, is not a misdemeanor crime of domestic violence.  Third,

23  only Enos alleges that he actually attempted to purchase a firearm and that he was denied.  First

24  Amended Complaint ¶ 29i.

25       Because plaintiffs have failed to satisfy the first prong in Rule 20(a)'s test for permissive

26  joinder, the defendants respectfully ask the Court to sever the plaintiffs' claims.

27       **2.      Improper Venue**

28       28 U.S.C. § 1391(e) provides in relevant part: "A civil action in which a defendant is an officer

MEMORANDUM OF POINTS AND AUTHORITIES                          24

or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).

In their First Amended Complaint, plaintiffs do not allege that either Eric Holder or Robert Mueller reside in the Eastern District of California. Moreover, the First Amended Complaint does not allege, and it does not appear, that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the Eastern District of California. Finally, only plaintiff Richard Enos alleges that he resides in a county located within the Eastern District of California. *See* First Amended Complaint ¶ 1 ("ENOS lives in San Joaquin County."). Plaintiffs Bastasini, Mercado, Groves, Monteiro, Erikson, Newman and Edwards allege only that they are citizens/residents of the State of California. First Amended Complaint ¶¶ 2-7, 9. Plaintiff Loughran alleges that he is a citizen/resident of the State of North Dakota. First Amended Complaint ¶ 8. Because only Enos appears to have properly venued his claims in the Eastern District of California, the defendants respectfully ask the Court to dismiss and sever the remaining plaintiffs from this action and dismiss them on the ground of improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## V.  CONCLUSION

For the foregoing reasons, the defendants respectfully ask the Court to dismiss the action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).


Dated:   March 4, 2011                          BENJAMIN B. WAGNER
                                                UNITED STATES ATTORNEY

                                                */s/ Edward A. Olsen*
                                                EDWARD A. OLSEN
                                                Assistant United States Attorney