Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: 408/264-8489
Facsimile: 408/264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN, JEFF LOUGHRAN and WILLIAM EDWARDS,

Plaintiffs,

vs.

ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,

Defendants.

CASE NO.: 2:10-CV-02911-JAM-EFB

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Date: May 4, 2011
Time: 9:30 a.m.
Place: Courtroom 6, 14th Floor
Judge: Hon. John A. Mendez

By and through undesigned counsel, Plaintiffs RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN, JEFF LOUGHRAN and WILLIAM EDWARDS hereby oppose Defendants' Motion to Dismiss and submit this memorandum to support that opposition.

Date: April 20, 2011

/s/ Donald E. J. Kilmer, Jr.
Attorney for the Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## INTRODUCTION | PRELIMINARY STATEMENT

The Plaintiffs in this case are currently prohibited from exercising a fundamental constitutional right to "keep and bear arms" because they can not lawfully acquire, own or possess the means (i.e., firearms) of exercising that right. While the State of California initially secured misdemeanor convictions against all Plaintiffs for various crimes, that sovereign has restored the Plaintiffs' rights, or would otherwise permit the Plaintiffs to acquire, own or possess firearms under California law.

Among the only impediments to the Plaintiffs lawful exercise of a "right to keep and bear arms" is: (1) the federal government's refusal to properly interpret its own statutes defining Misdemeanor Crimes of Domestic Violence (MCDV), and (2) the federal government's regulatory scheme for firearm purchases which bans the sale/transfer of firearms to persons in the same category as Plaintiffs.

The primary relief sought by all Plaintiffs is a declaratory judgment that they either (1) have had their rights restored and no longer fall under the federal definition of Domestic Violence Misdemeanant, or (2) were never subject to the federal definition of Domestic Violence Misdemeanant in the first place.

For 8 of the 9 Plaintiffs (except Edwards), the short cut to adjudicating this matter, will require the Court to simply interpret 18 U.S.C. § 921(a)(33)(B) – which defines MCDV and the elements for the restoration of rights under state law in light of Supreme Court's opinions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010).

Plaintiff EDWARDS's claims present the only set of facts which take us into slightly different territory. He was only convicted of 'disturbing the peace' and neither the statute nor the jury instructions contain as an element "the use of physical force, or the threatened use of a deadly weapon." His claim is viable because the federal definition of MCDV is overbroad in light of California's very specific definitions (and vigorous prosecutions) of domestic violence.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## STATEMENT OF FACTS

1. For the reasons set forth below, this Court is required to accept as true all material allegations of the complaint and construe the facts in the light most favorable to the Plaintiffs. That makes the 16 page First Amended Complaint (FAC) itself the Statement of Facts for this memorandum.

2. However, the Plaintiffs wish to address the spin put on those facts in the Defendants' Memorandum in support of their Motion to Dismiss (MTD).

3. On page 1 at line 2 of the MTD, the Defendants improperly classify Plaintiff EDWARDS as having been convicted of a misdemeanor crime of domestic violence (MCDV). He was not. He was convicted of Disturbing the Peace. It is the federal government's overbroad interpretation of MCDV that prohibits Plaintiff EDWARDS from exercising his rights.

4. On page 2, starting at line 11 of the MTD, the Defendants imply that Plaintiff ENOS is complaining only about that the wrongful interpretation of the MCDV definition, coupled with a fear of prosecution, as the harm he is suffering. But that misreads the complaint.

5. At ¶ 29.l., at the top of page 7 of the FAC, ENOS also pleads that he is unable to even acquire a firearm due to the federal government's wrongful interpretation of MCDV. To understand this, the Court needs to understand at least one aspect of the (federal[1]) procedures for a firearm purchase – completion, at the point of sale, of the ATF Form 4473 (5300.9) Rev. Aug 2008. Available at http://www.atf.gov/forms/download/atf-f-4473.pdf . [A copy is attached to a concurrently filed Request for Judicial Notice.]

---

[1] California has additional qualifications that are somewhat ancillary to these proceedings. For example, under California law, private party transfers (whether sales, gifts or trades) are illegal with very narrow exceptions. Under federal law it is perfectly acceptable for law-abiding persons to make occasional transfers without using a licensed dealer. The practical effect is that a resident of California must go through the all paperwork, and background checks to lawfully acquire a gun in California. See generally CA Penal Code §§ 12070 through 12082.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

a. ATF Form 4473 (5300.9) is a mandatory form that must be completed for a lawful sale of a firearm from a licensed dealer. It contains a list of questions in Section 11 which make inquiries, based on federal law, of the qualifying and disqualifying criteria for a firearm purchase.

b. At the top of page 2 of the form, above his/her signature, the buyer must certify that they have not answered 'yes' to any of the questions 11.b. through 11.k., and that they have read and fully understand the Notices, Instructions and Definitions on ATF Form 4473 (5300.9).

c. Question 11.i., is the relevant question for this case. It asks: "Have you ever been convicted in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)*."

d. The Instructions for Question 11.i., are on page 4 of 6 of the ATF Form 4473 (5300.9) and in turn refer the reader to a section titled *Exceptions to 11.c. and 11.i.* Which means MCDVs are treated like a felonies.

e. These definitions mirror the federal statutes at issue in this case and it is the inability to answer 'no' to question 11.i. on the ATF Form 4473 (5300.9), based on the federal law and the definition of MCDV, that form the barrier to Plaintiffs' lawful acquisition of firearms.

6. With the exception of Plaintiff EDWARDS[2], the same can be said for the remaining Plaintiffs. (i.e., They have all been convicted of a MCDV.) But it is not merely that Plaintiffs have an inchoate "fear of prosecution" for a federal crime of potentially being in possession of a gun – this case is primarily about the Plaintiffs inability to lawfully acquire the means of exercising a fundamental right.

---

[2] Defendants claim they are confused about Plaintiff EDWARDS's allegations as to whether he cannot purchase a gun or was denied a purchase after an attempt to purchase was made. For purposes of federal pleading rules – i.e., notice – it doesn't matter. The well plead facts are that Plaintiff EDWARDS has been denied the right to own, possess or purchase firearms. In point of fact he was denied a firearm purchase after initially being approved.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

7. Defendants also make references in their memorandum to various Plaintiffs pleading their successful petitions under California's Penal Code § 1203.4. (See pg. 6, line 9 of MTD.) The Defendants correctly point out that this form of expungement does not restore gun rights. This is evident from the plain language of the statute and the case law cited by learned counsel. But that is not the reason this fact was plead by the Plaintiffs. Under the developing case law of the Second Amendment, some Courts are looking to the current status of the plaintiff as "law-abiding vs. non-law-abiding" to determine what standard of review to apply – strict or intermediate. See generally: *U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673, and *U.S. v. Skoien* (7th Cir. 2010) 614 F.3d 638. So even if CA Penal Code § 1204.3 doesn't restore firearms rights *per se*, it does restore someone to the status of being a law-abiding citizen.

8. The same argument can be made with respect to those Plaintiffs who sought and obtained relief under CA Penal Code § 12021(c)(3) and various writs. These efforts were borne and plead to show that some of the Plaintiffs have done everything legally possible under state law to lawfully exercise a fundamental right after their misdemeanor convictions. Until now, the federal government has been tone deaf to these efforts.

9. The critical (and undisputed) fact in this case, a fact that is shared by all Plaintiffs except EDWARDS, is (1) that the State of California, under Penal Code § 12021, took away these Plaintiffs "right to keep and bear arms" for a specific and determinant period of ten years upon their convictions for a MCDV **and** (2) that ten years have lapsed since those convictions.

## LEGAL STANDARDS RE: FED.R.CIV.P. 12(b)(1) MOTIONS

1. Defendants' Rule 12(b)(1) subject matter jurisdiction challenge appears to be based solely on constitutional/procedural rules regarding standing and prudential considerations of abstention and/or exhaustion of administrative

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

remedies. Courts disagree whether a motion to dismiss for lack of standing should be brought under Rule 12(b)(6) or 12(b)(1).

a. Some courts (including the Ninth Circuit) hold a motion to dismiss for failure to state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that plaintiff lacks standing. *Sacks v. Office of Foreign Assets Control* (9th Cir. 2006) 466 F.3d 764, 771; *Brereton v. Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213, 1216; *Ballentine v. United States* (3rd Cir. 2007) 486 F.3d 806, 810.

b. Other courts hold such motions should be brought under Rule 12(b)(1) because standing is a jurisdictional matter. *Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co.* (2nd Cir. 2006) 436 F.3d 82, 88, fn. 6; see *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.* (11th Cir. 2008) 524 F.3d 1229, 1232 – dismissal for lack of standing treated as dismissal for lack of subject matter jurisdiction under FRCP Rule 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.* (7th Cir. 2009) 572 F.3d 440, 443.

2. Furthermore, under a Rule 12(b)(1) jurisdictional motion a defendant may make either: (1) a facial attack, which requires the court to accept the facts plead in the complaint as true, or (2) a factual attack (i.e., a speaking motion) based on extrinsic evidence. Moreover, if the jurisdictional facts are intertwined with substantive issues, then the Court should deny a request for dismissal under Fed.R.Civ.P. 12(b)(1) and adjudicate the issue under Rule 12(b)(6) and/or Rule 56. See: *Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1045, 1039. This is not an insignificant issue.

3. A Rule 12(b)(6) motion based on extrinsic facts cannot be granted where there is a genuine issue as to any material fact. However, a Rule 12(b)(1) "speaking motion" may be granted notwithstanding disputed facts because the trial court has power to evaluate and decide conflicting facts in an

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

evidentiary hearing and weigh competing evidence. *Rosales v. United States* (9th Cir. 1987) 824 F.2d 799, 803.

4. This threshold issue is easily resolved as the Defendants have not tendered any extrinsic evidence (e.g., requests for judicial notice, certified documents, affidavits, etc...) in support of a 'speaking motion' under Rule 12(b)(1); therefore the Court is required to adjudicate this motion under the rules and standards of Fed.R.Civ.P. 12(b)(6), i.e., the Court must consider the allegations in the complaint as true and construe them in the light most favorable to the Plaintiffs[3]. *Montez v. Department of Navy* (5th Cir. 2004) 392 F.3d 147, 149-150; *Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039.

## LEGAL STANDARDS RE: FED.R.CIV.P. 12(b)(6) MOTIONS

5. Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge jurisdiction *and* the legal sufficiency of the complaint, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

[3] At this point Plaintiffs would inform the Court that they asked the Defendants to postpone their Rule 12 motions for a short time (4 weeks) so that the Plaintiffs could file their own Motion for Summary Judgment under Rule 56, and/or so that the parties could submit cross-motions for Summary Judgment on stipulated facts. (Which aren't really disputed.) The Defendants declined this offer, but Plaintiffs are still in the process of preparing their Rule 56 Motion at this time and intend to file declarations as they become available.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

6. Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297 – "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text).

## Discussion | Argument

A. This Court has Federal Question Jurisdiction.

7. Defendants contend that only Plaintiff ENOS has standing under 18 U.S.C. § 925A as he is the only Plaintiff that has plead a denial of a firearm purchase.

8. However as noted above, it not merely the denial of a gun purchase and/or fear of prosecution that is driving this case. None of the Plaintiffs (except arguably EDWARDS) can get past question 11.i., on the ATF Form 4473 (5300.9). Therefore they cannot acquire the means of exercising a fundamental right.

9. Federal Courts have general federal question jurisdiction as long a substantial question of federal law arises under the facts of the case. 28 U.S.C. § 1331. In this case the only obstacles to the Plaintiffs' ultimate goal of exercising a fundamental right are the federal laws prohibiting persons convicted of MCDV from possessing the means of exercising that right. 18 U.S.C. §§ 921, 922.

10. Furthermore, vindication of civil rights under the United States Constitution is certainly a federal question. 28 U.S.C. § 1343. Since all the Plaintiffs are being denied the "right to keep and bear arms" as defined by the Second

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Amendment to the United States Constitution, their claims certainly qualify as a federal question. See: *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010).

B. State Law Remedies Re: The Restoration of Rights.

11. The government argues in sections A.2., A.3 and A.4 (pages 6-9) of their MTD that California's statutory remedies do not restore Plaintiffs' "right to keep and bear arms." They are right on some points, but wrong on others.

12. The issues relating to CA Penal Code § 1203.4 (expungement) were discussed above and will not be repeated here. However it is important at this juncture to note the implied theory of the case that the government is advancing in their MTD. Apparently their primary theory for interpreting 18 U.S.C.§ 921(a)(33)(B) is that anyone convicted of a MCDV can **never** have their right to own or possess a firearm restored – by any process – because misdemeanor convictions do not result in the loss of rights. Therefore with nothing to restore, § 921(a)(33)(B) disappears down a rabbit hole of flawless logic and semantic slight-of-hand. This theory is flawed.

13. Though not cited in their MTD, this was exactly the theory advanced in *United States v. Brailey*, (9th Cir. 2005) 408 F.3d 609. The government goes on to cite *United States v. Valerio*, 441 F.3d 837 (9th Cir. 2006); *United States v. Andaverde*, 64 F.3d 1305 (9th Cir. 1995) and finally *Logan v. United States*, 552 U.S. 23 (2007). All of these cases predate *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010), but that is not the only reason to distinguish these cases from the present one:

a. In *Logan*, the defendant sought to have the Supreme Court determine if his civil rights had been restored under 18 U.S.C. § 921(a)(20) for purposes of federal sentencing under the Armed Career Criminal Act.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

At issue in *Logan* was Congress's treatment of convictions that did – and did not – result in the loss of civil rights. Ironically, the Supreme Court's analysis in *Logan* actually supports Plaintiffs' theories in this case.

i. At issue in *Logan* was the effect (for sentencing purposes) of the defendant's Wisconsin misdemeanor convictions that did not result in the loss of any civil rights, including the "right to keep and bear arms." The Court reasoned that "rights retained" were not equivalent to "right restored" – and that the defendant was therefore subject to the harsher sentence under federal law even though he retained his civil rights after his misdemeanor convictions[4]. *Logan* at 37.

ii. More importantly for this case, the Supreme Court made a direct comparison of the statutes dealing with Congress's treatment of the restoration of rights for felonies [18 U.S.C. § 921(a)(20)] and the restoration of rights for MCDVs. [18 U.S.C. § 921(a)(33)(B)] The Court placed great weight on the parenthetical statement in § 921(a)(33)(B)(ii): "(*if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense*)."

iii. Under the facts of this case, California – even before passage of the federal statute – provided for the loss (for 10 years) of the "right to keep and bear arms" upon conviction for a MCDV. California's law was passed in 1993, the Violence Against Women Act was amended in 1996. [See ¶¶ 29.b.- c. of the FAC.]

---

[4] The *Logan* decision is also interesting because the Court was somewhat sympathetic to the defendant's arguments. But the Court had a statute with plain language that, while it produced anomalies, was not ambiguous.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

iv. In-other-words, California law provided for the loss of the civil "right to keep and bear arms" upon conviction of a MCDV under CA Penal Code § 12021, and then restored those rights by operation of law after the passage of 10 years.

v. The *Logan* Court even cited with approval a prior case in which the Supreme Court acknowledged that federal law regarding restoration of rights must give way to a state's broad rules that restore rights by operation of law, and that states need not restore rights on a case-by-case basis. *Logan* at 28 citing: *Caron v. United States*, (1998) 524 U.S. 308, 313-316.

vi. At issue in *Caron* was the 'unless clause' of 18 U.S.C. § 921(a)(20). In that case the defendant was subject to a harsher sentence because while Massachusetts law restored his right to possess shotguns and rifles, it did not restore his right to possess handguns. It was the qualified restoration of rights that triggered the 'unless clause' that led to the harsher result.

vii. In contrast, CA Penal Code § 12021(c)(1) restores – without qualification – the "right to keep and bear arms" once 10 years have lapsed following a conviction for a MCDV.

b. In *Andaverde* the defendant was a convicted felon under Washington law, however that state apparently permitted felons to possess shotguns. The defendant tried to argue that Washington's leniency toward felons for possession of long arms (probably for hunting) could be boot-strapped into a 'restoration' of his right to keep and bear arms even though he remained a felon with all the other disabilities attendant with that classification. In their discussion the *Andaverde* Court placed great weight on an analysis of other civil rights (voting, jury duty, public office, etc..) and whether they were restored as the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

test for determining whether the "right to keep and bear arms" was restored. *Andaverde*, at 1309. This case can be distinguished from *Andaverde* for the same reasons set forth in the *Logan* analysis. Namely that *Andaverde* deals with felons and 18 U.S.C. § 921(a)(20) while this case deals with misdemeanors and § 921(a)(33)(B).

c. In *Valerio*, the defendant was – again – a convicted felon under New Mexico law. The *Valerio* Court set up a 3-step process for determining whether a state conviction has been invalidated for purposes of the federal felon in possession statute, *Valerio* at 840.

i. Use state law to determine whether the defendant has a "conviction." If not, defendant is not guilty. If so, go to step 2.

ii. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3.

iii. Determine whether the pardon, expungement, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

Presumably this test of guilty/not guilty (at least for felons) is equally valid for determining if the person is authorized to acquire a gun in the first place. The *Valerio* opinion is somewhat in tension with *Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007) on the issue of what CA Penal Code § 1203.4 does. Conceivably CA Penal Code § 1203.4 gets someone past step 1 of the *Valerio* test and then the 10-year restoration by operation of law arising out of 12021(c)(1) gets them past steps 2 and 3. Furthermore, the Plaintiffs in this case fall squarely within the "anti-mousetrapping" rule first articulated in *United States v. Laskie*, 258 F.3d 1047 (9th Cir. 2001), and explained in *Jennings* at 900-901;

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

because the automatic restoration of gun rights after 10 years under CA Penal Code § 12021(c)(1) contains no language limiting the restoration of rights once the 10 years have lapsed, Plaintiffs herein should escape the same mousetrap.

d. *Brailey* is the only Ninth Circuit case that deals with a person convicted of a MCDV (originally convicted of a felony that had been reduced to a misdemeanor. *Brailey* at 611). There is much to criticize in this very sparse opinion's circular reasoning, but it can still be distinguished from this case based on its facts and new case law from the Supreme Court.

i. *Braily* was decided in 2005. At that time Ninth Circuit held that the Second Amendment's "right to keep and bear arms" was neither an individual right, nor a fundamental right that applied to the states. *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir. 2002); *Hickman v. Block*, 81 F.3d 98 (9th Cir. 1996); and *Fresno Rifle & Pistol Club, Inc. v. Van De Kamp*, 965 F.2d 723 (9th Cir. 1992).

ii. Therefore it is was not entirely unreasonable for the *Brailey* Court to conclude that the defendant's disqualification from owning/possessing firearm, based on a MCDV conviction, did not result in the loss of a civil right.[5] That is how they arrived at the tautology of – no rights lost, no rights restored.

iii. After *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 177 L. Ed. 2d 894 (2010), the analysis in *Brailey* must be set aside.

[5] The *Brailey* Court did not address whether the defendant in that case forfeited a right to own/possess a gun under Utah's state constitution. Though it did some analysis of state law with respect to the right to vote, to sit as juror, or hold public office. *Id*, at 611-612.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

iv. One might be tempted to defend the *Brailey* decision by alluding to the opinion's analysis regarding multiple core civil rights forfeited vs. discreet and insular rights/privileges restored. After all the defendant in *Brailey* did not lose the core civil rights of voting, siting on jury and holding public office. *Id* at 613. Nor did the Plaintiffs in this case suffer the loss of voting, siting on jury or holding public office due to their MCDV convictions. But that argument misses the point.

v. The **only** right at stake in CA (or under federal law for that matter) for a MCDV conviction is the "right to keep and bear arms" and CA Penal Code § 12021 forfeits 100% of that civil right and then restores 100% after 10 years.

vi. Furthermore the Supreme Court expressly rejected any notion that rights guaranteed by the Second Amendment are any less fundamental to our system of ordered liberty than other provisions of the Bill of Rights (like voting, jury duty and holding public office). *McDonald* at 921.

14. Turning to the provisions of California statutory law that restore Plaintiffs' rights by operation of law:

a. CA Penal Code § 12021(c)(1). This provision applies to all Plaintiffs except (arguably) EDWARDS. They all suffered convictions for MCDV. The statute calls for the suspension of the "right to keep and bear arms" for 10 years from the date of conviction. More than 10 years have lapsed. Some of them were convicted prior the passage of § 12021 [ENOS (1991), BASTASINI (1991), MERCADO (1990), GROVES (1990), MONTEIRO (1992) and LOUGHRAN (1992)]; and some of them were convicted after that state law and the federal law went into effect. [ERIKSON (1996) and NEWMAN (1997)].

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

i. For these Plaintiffs, the operative federal law that negates their MCDV for purposes of federal firearm law is 18 U.S.C. § 921(a)(33)(B)(ii)[6].

ii. This court has a duty to avoid constitutional questions unless essential to a proper disposition of the case. See: *Harmon v. Brucker*, 355 U.S. 579 (1958); *County Court v. Allen*, 442 U.S. 140 (1979); and *New York City Transit Authority v. Beazer*, 440 U.S. 568 (1979).

iii. A straightforward statutory interpretation (at least for 8 of the 9 Plaintiffs) can resolve this case in light of Supreme Court's analysis articulated in *Caron, Logan*, *Heller* and *McDonald.*

(1) The California statutory scheme DOES deprive those convicted of a MCDV of a core civil right for 10 years. (i.e., no distinctions needs to be made between 'rights retained' and 'rights restored.')

(2) The California statutory scheme DOES restore that civil right, by operation of law and without qualification, after 10 years.

iv. This Court would only need to address the constitutional issues of First, Second, Fifth and Tenth Amendments if/when it decides to treat MCDVs exactly like felonies for purposes of federal firearm law and its provisions for restoration of rights.

---

[6] A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or ***has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)*** unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. ***[Emphasis added]***

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

b. CA Penal Code § 12021(c)(3). ENOS is the only Plaintiff who availed himself of the individual (CA Superior Court) remedy for a restoration of the "right to keep and bear arms" under this code section. Indeed, given the time sensitive nature of that sub-section, he is the only Plaintiff who can plead this relief, as the door is closed to anyone who did not make that application to a California Trial Court by 2003. Since the government appears to treat §12021(c)(1) identically to §12021(c)(3), Plaintiffs employ the same tactic and refer the Court to our arguments set forth above.

15. Only Plaintiff LOUGHRAN attempted to employ a state court equitable remedy to his firearm disqualifications through a *Writ of Error Coram Nobis*. The government attacks this issue with a complaint that is essentially a claim that they don't have enough information to decide if this Plaintiff is prohibited or not. The Court should take the government's admission as proof that this issue is best left to trial or a motion for summary judgment after some discovery has been done.

a. But more importantly, the government is in a unique position determine if this Plaintiff (indeed all Plaintiffs) is (are) subject to a criminal history that would prevent them purchasing firearms. Defendant MUELLER, III is the Director the F.B.I., and admits in his MTD on page 4 that his agency operates the National Instant Criminal Background Check System (NICS).

b. This also puts to rest any defense by the government that Plaintiffs must exhaust administrative appeals to determine if they are who they say they are. Each and every Plaintiff has plead that he is prevented from acquiring firearms due to federal law. What constitutes proof of that denial is better left for trial and/or motions for summary judgment.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

C. Constitutional Issues Re: Restoration of Rights

16. At the top of page 10 of the MTB, the government contends Plaintiffs ENOS, BASTASINI, MERCADO, GROVES, MONTEIRO and LOUGHRAN (whose dates of conviction all predated both the state and federal law barring those convicted of MCDV from owning/possessing guns) have insufficiently plead that they did not make a knowing and intelligent waiver of their trial rights. They predicate this alleged deficiency on Plaintiffs' apparentl failure to seek to have their state court convictions set aside or expunged.

a. They point out that 18 U.S.C. § 921(a)(33)(B)(ii) doesn't refer to a knowing and intelligent waiver as being dispositive for the restoration of rights. They also cite the irrelevant case of *Lewis v. United States*, 445 U.S. 55 (1980).

b. The point the government is missing is that lack of waiver is not a restoration issue, it is a definitional issue. It is 18 U.S.C. § 921(a)(33)(B)(i) which states that "a person shall not be considered to have been convicted of [a MCDV][...] unless" – they were represented by counsel or waived counsel; and they had a right to a jury trial and were either convicted by a jury or waived a jury trial.

c. Congress obviously considered the 6th Amendment right to advice of counsel critical for defining MCDV for federal gun law purposes. Furthermore since §921(a)(33)(B)(i)(II) is self-referential when it talks about "an offense described in this paragraph." It should not take a genius to figure out that someone could not be advised – by even the most brilliant attorney – of the consequences of their plea, when the consequences haven't even become law yet.

d. As noted above, this Court need not address this issue as the convictions for these Plaintiffs are all more than 10 years old and a strait statutory interpretation will afford all the relief they need.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

D. CA Penal Code § 415 is Not a MCDV.

17. At first blush, the government's arguments that Plaintiff EDWARDS's claims must be dismissed appear to have merit based on Ninth Circuit and Supreme Court case law. See respectively the cased cited by the Defendants: *United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003) and *United States v. Hayes*, 555 U.S. 415 (2009). However a more thorough analysis of CA Penal Code § 415 is readily favorable toward EDWARDS:

a. First of all it doesn't really matter which sub-section EDWARDS was convicted of. The entire statute is set forth in the FAC at ¶33.d. It is contained in Title 11 of Part 1 of the CA Penal Code. It is a Crime Against The Public Peace.

b. In other words it is NOT classified as a Crime Against The Person in Title 8, Chapter 9 (Assault & Battery)[7] of the Penal Code. Nor is it located in Title 9, Chapter 2 (Abandonment & Neglect of Children)[8] under the heading: Of Crimes Against the Person Involving Sexual Assault, and Crimes Against Public Decency and Good Morals.

c. Nowhere in CA Penal Code § 415 and/or the Jury Instructions (2-2600 CALCRIM 2688) for that code section do we find the words: "physical" or "force" or "weapon." As learned counsel points out, Penal Code § 415(1) criminalizes "fights" and "challenges to fight" in public places. While it may be an open question whether a fight (which could just as reasonably include 'verbal' fights) must be interpreted as physical force, what is not an open question is the painstaking way that Courts have strictly construed statutory language when interpreting what a MCDV is for purposes of federal firearm statutes. For a perfect

---

[7] Where Penal Code § 243(e) – Assault & Battery Against a Spouse is located.

[8] Where Penal Code § 273.5 – Infliction of Injury to a Spouse is located.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

example one need look no further than the discussion in *Hayes* about whether Congress intended for the word 'element' to include the plural and the analysis of Court of Appeals' "rule of the last antecedent." The high value the *Hayes* Court placed on **exact** word usage militates in favor of similar treatment when it comes to interpreting federal definitions of state law crimes.

d. More importantly, we must surmise that the District Attorney in EDWARDS's case had at her disposal the rest of the CA Penal Code's assault and battery crimes, including the ones specifically intended to charge domestic violence. The selection of a § 415 charge in the face of those alternatives implies a desire by the prosecutor to specifically avoid charging EDWARDS with a crime of violence. The federal government is not in a position to second guess him/her. This is where Plaintiff EDWARD's claims veer off into the constitutional territory of the 10th Amendment. See FAC, Eighth Claim, page 15.

E. Plaintiffs Have Standing to Challenge Federal Gun Laws.

18. Constitutional Dimensions. Defendants spend pages 11-14 of their MTD advancing a theory that the Plaintiffs have not plead an "injury in fact" and that since their claims are based on a hypothetical "fear of prosecution" that this Court lacks subject matter jurisdiction. This argument is disposed of *supra* in that Plaintiffs allege – as an injury in fact (which this Court must accept as true) – that they are unable to complete a lawful purchase of a firearm due to the Defendants' wrongful interpretation of federal law. (i.e., they can't get past Question 11.i., of the ATF Form 4473 (5300.9).

a. This is not a speculative claim. The collection of statutes (18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9)) and regulations derived from those statutes are preventing Plaintiffs from acquiring guns. Certainly if a

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

set of laws prohibited a person from buying books, magazine and newspapers, this Court would not require a Plaintiff to obtain these items by force or fraud before they had standing to challenge that set of laws.

b. Nor are Plaintiffs attempting to purchase outlawed weapons like the plaintiffs in *San Diego County Gun Rights Comm., v. Reno*, 98 F.3d 1121 (9th Cir. 1996). It bears repeating that the *San Diego* case predates *Heller* and *McDonald* and must therefore give way to the right of a law-abiding person to own common and ordinary weapons for self-defense.

c. Nor are Plaintiffs initially challenging the constitutionality of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) 18 U.S.C. Eight of the nine Plaintiffs maintain that the matter can resolved without constitutional analysis by a straightforward application of common principles of statutory interpretation.

d. But more devastatingly, recent case law from the United States Court of Appeals for the District of Columbia, succinctly puts this issue to rest. See *Dearth v. Holder*, 2011 U.S. App. LEXIS 7737 (D.C. Cir. 2011). In that case the plaintiff Dearth, asserted a similar claim that federal law is preventing him from acquiring firearms due to the restrictions on purchase and/or acquisition of firearms by persons in his classification. (Dearth does not reside in any State.) The *Dearth* Court conducted a similar analysis to that set forth above regarding the necessity of truthfully and accurately filling out the ATF From 4473 (5300.9) before being allowed to purchase a firearm.

19. Prudential Considerations. Defendants' arguments under this heading also lack merit for the primary reason that Plaintiffs' claims are not generalized grievances.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

a. Furthermore, as plead (and as argued above) exhaustion of administrative remedies is futile. All of the Plaintiffs (except EDWARDS) admit that they suffered a conviction for a MCDV. They have plead, and this court must accept as true, that they have been unable to exercise their "right to keep and bear arms" because they cannot lawfully acquire a firearm. Morever, this fact is easily verified by at least one of the Defendants as he heads the agency responsible for criminal background checks for firearm purchases. (i.e., there is no need to correct the criminal history of the Plaintiffs, which is what the NICS appeal process is for).

F. Plaintiffs Constitutional Claims are Valid.

20. Second Amendment. As noted above, Court of Appeals in various Circuits are advancing different standards of review for gun rights. See generally: *U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673, and *U.S. v. Skoien* (7th Cir. 2010) 614 F.3d 638. Many in the gun rights community are anxiously awaiting a decision that is expected to encompass scrutiny from the Ninth Circuit in the case of *Nordyke v. King*, 611 F.3d 1015 (9th Cir. 2010)[9]. Defendants' assertion that intermediate scrutiny is applicable to the facts of this case are speculation at best.

a. First of all, Plaintiffs are not taking issue with *Heller's* dicta that longstanding prohibitions on possession of firearms by felons and the mentally ill are presumptively valid. Of course, denying firearms to persons convicted of misdemeanors is of recent vintage. California enacted its provision in 1993 and the Violence Against Women Act was

[9] *Nordyke* was vacated and remanded to the original 3-judge panel by an *en banc* panel of the Ninth Circuit on June 28, 2010. The 3-judge panel reheard oral argument in the matter in October of 2010. Plaintiffs's counsel is lead appellate counsel in that case.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

amended to add federal prohibitions in 1996. That hardly constitutes a "longstanding" prohibition.

b. Secondly, Plaintiffs are not challenging 18 U.S.C. 921(g)(1).

c. Third, Plaintiffs are only challenging the constitutionality of 18 U.S.C. §§ 921(d)(9) and (g)(9) to the extent that these statutes do not provide for the restoration of rights to persons convicted of misdemeanors. In other words, it is the lifetime ban that they challenge, not the underlying policy of suspending the "right to keep and bear arms" of persons suffering convictions of MCDV.

21. First Amendment. Admittedly, this claim may be the weakest in Plaintiffs' arsenal, especially if significant scrutiny is applied to their Second Amendment claims. But the claim is hereby advanced in the hope of making new law and/or changing existing law and is closely tied to the Fifth Amendment claim. *Infra.*

22. Tenth Amendment. This claim, primarily advanced by Plaintiff EDWARDS, is explored above, but the gravamen of the claim has nothing to do with the federal power to regulate firearms under federal law. For purposes of this lawsuit, Plaintiffs concede that the federal government has the power to regulate firearm acquisition and to restrict certain classes of people from having firearms. This case is about the states retaining the power to decide what crimes to charge (Penal Code § 415 vs. Penal Code § 273.5) and the states' power to define restoration of rights after a misdemeanor conviction.

23. Fifth Amendment . This is primarily a equal protection claim based on the incongruity of a federal statutory scheme (Remember, this is Defendants' theory of the case, not ours.) in which persons convicted of misdemeanors cannot have their rights restored because they lost no rights, but felons can have their rights restored if Congress ever funds that program. See generally: *U.S. v. Bean*, 537 U.S. 71 (2002). That's not even rational.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

G. Venue and Joinder are Both Proper

24. Defendants concede that Plaintiff ENOS has filed in the appropriate venue. (MTD, page 23, line 22). Therefore the only remaining issue is whether the remaining Plaintiffs are properly joined this action.

a. Any person may be joined as co-plaintiff, or co-defendant, if:

i. A right to relief is asserted by or against them jointly, severally, or in the alternative;

ii. The right to relief arises out of the same transaction, occurrence or series of transactions or occurrences; and

iii. Any question of law or fact common to all parties joined will "arise in the action." Fed.R.Civ.P. 20(a)(1) & (2); See also: *Grubbs v. General Elec. Credit Corp*. (1972) 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, fn. 2; *Applewhite v. Reichhold Chemicals, Inc*. (5th Cir. 1995) 67 F.3d 571, 574 & fn. 11; *Inman v. C.I.R.* (ED CA 1994) 871 F.Supp. 1275, 1276 (citing text).

b. The requirements governing permissive joinder are construed liberally in order to promote trial convenience and to expedite final determination of disputes: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." See: *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 724, 86 S.Ct. 1130, 1138; and *League to Save Lake Tahoe v. Tahoe Regional Planning Agency* (9th Cir. 1977) 558 F.2d 914, 917.

c. As noted throughout this memorandum, 8 of the 9 Plaintiffs have identical facts with respect to restoration of their gun rights by operation of law. (i.e., their rights were taken away for only 10 years, and 10 year have lapsed.)

d. With minor variations, 8 of the 9 Plaintiffs are interchangeable.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

e. Furthermore there is only one set of laws that requires interpretation by the Court and only one agency that must ultimately clear Plaintiffs' firearm purchases.

f. All of the Plaintiffs convictions occurred in California.

g. It is even arguable that if Plaintiffs had chosen to file separate suits in their own counties of residence, they would have been compelled to filed notices of related actions. See ED CA Rule 83-123.

h. Finally, Defendants' arguments that different Plaintiffs were charged with different crimes is disingenuous when you consider that they spent most of their brief arguing that MCDVs must all be treated the same way under federal law.

25. Defendants' request for severance and/or dismissal of various parties should be denied.

## CONCLUSION.

26. For 8 of the 9 Plaintiffs, his case presents a straightforward case of very simple statutory interpretation.

a. Plaintiffs ENOS (1991), BASTASINI (1991), MERCADO (1990), GROVES (1990), MONTEIRO (1992) and LOUGHRAN (1992) ERIKSON (1996) and NEWMAN (1997)[10] were convicted of MCDV and that are now more than 10 years old.

b. California took away their rights and restored their rights by operation of law. CA Penal Code § 12021(c)(1).

c. According to 18 U.S.C. § 921(a)(33)(B)(ii), the federal government must acknowledge that restoration and permit Plaintiffs to acquire firearms.

[10] Showing dates of conviction in parentheses.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

27. Plaintiff EDWARDS was convicted of a misdemeanor 'disturbing the peace." CA Penal Code § 415.
    a. He is not even prohibited under California's ultra-strict prohibiting statute [12021(c)(1)] even though CA suspends firearm rights for more than 20 misdemeanors.
    b. Again, straight statutory interpretation – without having to get into constitutional analysis – should yield relief for EDWARDS.
28. Because Plaintiffs have made out viable claims in the FAC, this Court should deny Defendant's MTD.
29. In the alternative, the Court should deny Defendants' MTD without prejudice and set a briefing schedule for cross-motions for summary judgment.
30. In the alternative, the Court should grant Plaintiffs leave to amend in order to cure any perceived defects in the FAC.

Respectfully Submitted on April 20, 2011,

/s/

Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone: 408/264-8489
Facsimile: 408/264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Plaintiffs