BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2821
Facsimile:  (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN, JEFF LOUGHRAN and WILLIAM EDWARDS<br><br>                              Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>                              Defendants. | CASE NO.  2:10-CV-02911-JAM-EFB<br><br>**DEFENDANTS' REPLY BRIEF**<br><br>Date:      May 4, 2011<br>Time:     9:30 a.m.<br>Place:     Courtroom 6, 14th Floor<br>Judge:    John A. Mendez |

## I.  INTRODUCTION

Defendants Eric Holder and Robert Mueller hereby submit their Reply to plaintiffs' Opposition to defendants' Motion to Dismiss this action pursuant to Fed. R. Civ. P.12(b)(1) and (b)(6).

## II.  DISCUSSION

**A.    18 U.S.C. § 925A**

As discussed in the Motion to Dismiss, it is not clear what jurisdictional basis the plaintiffs are relying on in support of their request for a declaration that their convictions are not misdemeanor crimes of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).  The only statute mentioned in the First Amended Complaint that could conceivably provide such jurisdiction is 18

-1-

U.S.C. § 925A.  The Declaratory Judgment Act, 28 U.S.C. § 2201-02, does not by itself confer federal subject matter jurisdiction.  *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

Under 18 U.S.C. § 925A, any person denied a firearm purchase pursuant to 18 U.S.C. § 922(s) or (t) and who is not prohibited from receipt of a firearm pursuant to 18 U.S.C. § 922(g) or (n) "may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be."  18 U.S.C. § 925A.

In the First Amended Complaint, only plaintiff Richard Enos alleges that he was denied a firearm purchase, as is required under 18 U.S.C. § 925A.  *See* First Amended Complaint ¶ 29i ("In August of 2004, Plaintiff RICHARD ENOS was denied a firearm purchase and advised by the State of California that the denial was being maintained by U.S. Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System.").  In their Opposition to the Motion to Dismiss, defendants assert that William Edwards has also been denied a firearm purchase.  *See* Opposition at 4 n.2.  Accordingly, only Enos and Edwards can be viewed as having properly invoked the Court's jurisdiction under 18 U.S.C. § 925A and the Court lacks jurisdiction to review the other plaintiffs' requests for declaratory relief that their convictions are not misdemeanor crimes of domestic violence.

**B.   Plaintiffs' Convictions Are Misdemeanor Crimes Of Domestic Violence**

Assuming for purposes of argument that all of the plaintiffs have properly invoked the Court's jurisdiction under 18 U.S.C. § 925A, plaintiffs' contention that their convictions should not be interpreted as misdemeanor crimes of domestic violence under 18 U.S.C. § 921(a)(33)(B)(ii), lacks merit.

1.   California Penal Code § 12021(c)(1)

In their Opposition, plaintiffs do not appear to pursue their arguments that: (1) because they (with the exception of plaintiff William Edwards) have obtained relief under California Penal Code § 1203.4, their convictions have been expunged or set aside within the meaning of 18 U.S.C. §

921(a)(33)(B)(ii); (2) because a judge in an unspecified Superior Court in California granted Plaintiff Jeff Loughran's motion to vacate his conviction under California Penal Code § 242 for battery pursuant to a writ of *coram nobis* on November 23, 1998, he should not be considered to have sustained a conviction for a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii); and (3) because Plaintiff Richard Enos has received relief from the prohibition on firearms possession imposed by California Penal Code § 12021(c)(1) by a superior court judge under California Penal Code § 12021(c)(3), he should not be considered to have been convicted of a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii). *See* Plaintiffs' Opposition ¶¶ 7-8.

Instead, plaintiffs focus on their contention that because California does not prohibit them from possessing firearms due to the passage of 10 years since the dates of their convictions under California Penal Code § 12021(c)(1), they should not be considered to have been convicted of misdemeanor crimes of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).[1] *See* Plaintiffs' Opposition ¶ 9 ("The critical (and undisputed) fact in this case, a fact shared by all Plaintiffs except EDWARDS, is (1) that the State of California, under Penal Code § 12021, took away these Plaintiffs "right to keep and bear arms" for a specific and determinant period of ten years upon their convictions for a MCDV <u>and</u> (2) that ten years have elapsed since those convictions."). As discussed in the Motion to Dismiss, however, this contention lacks merit. Plaintiffs believe that because they may possess a firearm without running afoul of California Penal Code § 12021(c)(1), they have had their "civil rights restored" within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii). This is incorrect for two related reasons.

First, "the words 'civil rights restored' do not cover a person whose civil rights were never taken away." *Logan v. United States*, 552 U.S. 23, 36 (2007). Plaintiffs do not allege, nor could they, that their civil rights were taken away when they were convicted of misdemeanor crimes of domestic

---

[1]California Penal Code § 12021(c)(1) provides that a person who has been convicted of certain misdemeanor violations, including under California Penal Code §§ 243 and 273.5, and who, within 10 years of the conviction, owns, purchases, receives, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. *See* Cal. Penal Code § 12021(c)(1).

violence. "The term 'civil rights' denotes 'those rights accorded to an individual by virtue of his citizenship in a particular state,' comprising the rights to vote, to hold public office, and to serve on a jury." *Metzger v. United States*, 3 F.3d 756, 758 (4th Cir. 1993) ("The term 'civil rights' denotes 'those rights accorded to an individual by virtue of his citizenship in a particular state' comprising the rights to vote, to hold public office, and to serve on a jury."); *McGrath v. United States*, 60 F.3d 1005 (2d Cir. 1995) (same); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990) (same). In California, as in most states, a conviction for a misdemeanor does not result in the loss of civil rights. *See People v. Haendiges*, 191 Cal. Rptr. 785, 798 n.2 (Cal. Ct. App. 1983); *People v. Murray*, 29 Cal. Rptr. 2d 42, 46 (Cal. Ct. App. 1994).

Second, the fact that a state has restored an individual's right to possess firearms is not enough to establish that one's civil rights have been restored. *See United States v. Valerio*, 441 F.3d 837, 842-43 (9th Cir. 2006); *United States v. Brailey*, 408 F.3d 609 (9th Cir. 2005); *United States v. Andaverde*, 64 F.3d 1305, 1309 (9th Cir. 1995). The Ninth Circuit's decision in *United States v. Brailey*, 408 F.3d 609 (9th Cir. 2005), is almost directly on point. There, the plaintiff was convicted of a misdemeanor crime of domestic violence, but he argued that he came within the exception to 18 U.S.C. § 922(g)(9) for persons who have had their "civil rights restored" within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii). *See id.* at 610. He claimed that his civil rights had been "restored" because the Utah statutes, as amended in 2000, provided that persons convicted of misdemeanors are no longer prevented from possessing a firearm under Utah state law. *See id.* at 610-11. The Ninth Circuit rejected this claim, holding that "[b]ecause Brailey's misdemeanor conviction did not remove Brailey's core civil rights of voting, serving as a jury, or holding public office, his civil rights have not been 'restored' within the meaning of federal law by Utah's 2000 amendment permitting him to possess a firearm." *Id.* at 613.

While plaintiffs point out that *Logan*, *Valerio*, *Brailey*, and *Andaverde* were all decided prior to *District of Columbia v. Heller*, 554 U.S. 570 (2008), this fact does not aid their argument. Even if the right to bear arms recognized under *Heller* should be viewed as a "civil right" which has been restored to them within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii), plaintiffs do not contend that the other civil rights that § 921(a)(33)(B)(ii) clearly contemplates — rights to vote, to sit on a jury, and to hold public office – were taken away from them and then restored. Accordingly, plaintiffs' argument that

their civil rights have been restored by virtue of California Penal Code § 12021(c)(1) lacks merit.

      2.   <u>Disturbing the Peace Under California Penal Code § 415</u>

      In his Opposition, Plaintiff Edwards continues to assert that his conviction under California Penal Code § 415 is not a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(A) because it does not have as an element, "the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."  18 U.S.C. § 921(a)(33)(A)(ii); First Amended Complaint ¶¶ 33, 46-48.

      As discussed in the Motion to Dismiss, to the extent Edwards is asserting that California Penal Code § 415 must include as an element that the victim share one of the domestic relationships specified in 18 U.S.C. § 921(a)(33)(A)(ii) in order to constitute a misdemeanor crime of domestic violence, that argument was rejected in *United States v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003) ("The federal statute does not require that the misdemeanor statute charge a domestic relationship as an element.  It requires only that the misdemeanor have been committed against a person who was in one of the specified domestic relationships."); *see also United States v. Hayes*, 555 U.S. 415, ___,129 S. Ct. 1079, 1087 (2009) (same).

      To the extent Edwards is asserting that California Penal Code § 415 does not include, as an element, "the use or attempted use of physical force, or the threatened use of a deadly weapon," this is not true.  First Amended Complaint ¶ 47.  Edwards did not specify in the First Amended Complaint which provision of California Penal Code § 415 he was convicted of.  California Penal Code § 415(1) covers "[a]ny person who unlawfully fights in a public place or challenges another person in a public place to fight."  If Edwards was convicted under California Penal Code § 415(1), his conviction would qualify as a misdemeanor crime of domestic violence because § 415(1) includes as an element the use or attempted use of physical force.  *See* California Penal Code § 415(1).  In their Opposition, plaintiffs do not dispute that Edwards was convicted under § 415(1).

**C.     Plaintiffs' Constitutional Claims**

1.     Standing

In their Opposition, plaintiffs contend that they have sustained an injury in fact because they are unable to complete a lawful purchase in light of their inability to truthfully respond to Question 11i (asking whether the applicant has ever been convicted in any court of a misdemeanor crime of domestic violence) and referring to the instructions for exceptions) on ATF Form 4473, a form of which they ask the Court to take judicial notice.  Opposition at 19.  In support of their contention, plaintiffs cite *Dearth v. Holder*, ___ F.3d ___, 2011 WL 1437379 (D.C. Cir. 2011) (holding that plaintiff had standing to challenge 18 U.S.C. §§ 922(a)(9) and (b)(3) and implementing regulations because government "has erected a regulatory scheme that precludes Dearth from truthfully completing the application form the Government requires for the purchase of a firearm.").

Here, however, plaintiffs have not alleged, as the plaintiff did in *Dearth*, that they completed ATF Form 4473 and that their attempts to purchase a firearm failed as a result of their truthful responses to that form.  Plaintiffs' First Amended Complaint does not contain any reference to ATF Form 4473.  Moreover, while plaintiffs Enos and Edward allege in the First Amended Complaint that they were denied a firearm purchase, they do not specifically allege that the denials were based on their convictions for misdemeanor crimes of domestic violence or their responses to an application to purchase firearms.  *See* First Amended Complaint ¶¶ 29i, 33g.  Moreover, in a pre-enforcement facial challenge to a criminal statute in the Ninth Circuit, "the plaintiff must show a genuine threat of imminent prosecution under the challenged statute to establish a justiciable case or controversy," *Washington Mercantile Ass'n v. Williams*, 733 F.2d 687, 688 (9th Cir. 1984), and the fact that the criminal statute is chilling the plaintiffs' desire and ability to purchase firearms is not sufficient.  The Ninth Circuit addressed this kind of argument as follows:

> Another injury that plaintiffs allege is the chilling of their desire and ability to purchase outlawed firearms.  Certainly, plaintiffs face a difficult choice whether or not to engage in conduct prohibited under the Act.  Nonetheless, their choice is "not unlike that forged by many regulatory statutes with criminal sanctions."  *Boating Industry Ass'ns*, 601 F.2d at 1385.  As the Fourth Circuit has noted, "[e]very criminal law, by its very existence, may have some chilling effect on personal behavior.  That was the reason for its passage."  *Doe v. Duling*, 782 F.2d 1202, 1206 (4th Cir. 1986).

*San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1129 (9th Cir. 1996).

1    1.    Second Amendment

In their Opposition, plaintiffs do not set forth any argument in support of their Second

Amendment claim or in opposition to the government's arguments regarding why plaintiffs have failed

to state a claim under the Second Amendment.  Instead, plaintiffs make the following assertions:  (1)

the Ninth Circuit has not yet resolved what level of scrutiny is appropriate for gun rights cases; (2) the

prohibition on possession of firearms by misdemeanants is not longstanding; (3) they are not

challenging 18 U.S.C. § 921(g)(1); and (4) they are only challenging the constitutionality of 18 U.S.C.

§§ 921(d)(9) and (g)(9) to the extent these statutes do not provide for the restoration of rights to person

convicted of misdemeanors and that "it is the lifetime ban that they challenge, not the underlying policy

of suspending the 'right to keep and bear arms' of persons suffering convictions of MCDV."

Opposition at 21-22.  The government asks the Court to dismiss plaintiffs' Second Amendment claim

with prejudice for the reasons stated in the Motion to Dismiss.

2.    First Amendment

In their Opposition,  plaintiffs do not set forth any argument in support of their First

Amendment claim or in opposition to the government's arguments regarding why they have failed to

state a claim under the First Amendment.  Instead, plaintiffs concede that their First Amendment claim

"may be the weakest claim in Plaintiffs' arsenal" and that the claim was advanced "in the hope of

making new law and/or changing existing law."  Opposition at 22.  Accordingly, the government asks

the Court to dismiss plaintiffs' First Amendment claim with prejudice for the reasons stated in the

Motion to Dismiss.

3.    Tenth Amendment

In their Opposition,  plaintiffs do not set forth any argument in support of their Tenth

Amendment claim or in opposition to the government's arguments regarding why they have failed to

state a claim under the Tenth Amendment.  Instead, plaintiffs state that "[t]his case is about the states

retaining the power to decide what crimes to charge (Penal Code § 415 vs. Penal Code § 273.5) and the

states' power to define restoration of rights after a misdemeanor conviction."  Opposition at 22.

Accordingly, the government asks the Court to dismiss plaintiffs' Tenth Amendment claim with

prejudice for the reasons stated in the Motion to Dismiss.

4.   Fifth Amendment

In their Opposition,  plaintiffs state the following with regard to their Fifth Amendment claim:

> This is primarily a equal protection claim based on the incongruity of a federal statutory scheme (Remember, this is Defendants' theory of the case, not ours) in which persons convicted of misdemeanors cannot have their rights restored because they lost no rights, but felons can have their rights restored in Congress ever funds that program.  See generally: *U.S. v. Bean*, 537 U.S. 71 (2002).  That's not even rational.

Opposition at 22.

Plaintiffs do not dispute the government's contention that a review of the statute plaintiffs are referring to – 18 U.S.C. § 925(c) – reveals that the relief available from the Attorney General under section 925(c) is not limited to applicants who have been convicted of felonies and that it applies to applicants who have been convicted of misdemeanor crimes of domestic violence as well.  *See Palma v. United States*, 228 F.3d 323, 327-28 (3d Cir. 2000) (stating that persons convicted of a misdemeanor crime of domestic violence may apply for relief under 18 U.S.C. § 925(c)).

Plaintiffs also do not dispute the government's contention that the Seventh Circuit rejected an argument similar to the one made here – that "Congress overreached by creating a 'perpetual' disqualification for persons convicted of domestic violence."  *United States v. Skoien*, 614 F.3d 638, 644 (7th Cir. 2010) (en banc).  The Seventh Circuit noted that 18 U.S.C. § 921(a)(33)(B)(ii) provides routes to restoration of the right to possess firearms and that:

> Some of the largest states make expungement available as of right to misdemeanants who have a clean record for a specified time.  California, for example, has such a program.  Cal. Penal Code § 1203.4a.  This means that § 922(g)(9) in its normal application does not create a perpetual and unjustified disqualification for a person who no longer is apt to attack other members of the household.

*Skoien*, 614 F.3d at 645 (internal citation omitted).

In light of the fact that plaintiffs have not set forth an argument in support of their Fifth Amendment claim or in opposition to the government's arguments regarding why they have failed to state a claim under the Fifth Amendment, the government asks the Court to dismiss plaintiffs' Fifth Amendment claim with prejudice for the reasons stated in the Motion to Dismiss.

## III.  CONCLUSION

For the foregoing reasons, the defendants respectfully ask the Court to dismiss the action with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a

claim under Fed. R. Civ. P. 12(b)(6).


Dated:   April 27, 2011                       BENJAMIN B. WAGNER
                                              UNITED STATES ATTORNEY

                                              */s/ Edward A. Olsen*
                                              EDWARD A. OLSEN
                                              Assistant United States Attorney