Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone:   408/264-8489
Facsimile:   408/264-8487
E-Mail:      Don@DKLawOffice.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, and VERNON NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>Defendants. | CASE NO.: 2:10-CV-02911-JAM-EFB<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: SUPPLEMENTAL AUTHORITY SUBMITTED BY DEFENDANTS**<br><br>Date:   May 4, 2011<br>Time:   9:30 a.m.<br>Place:  Courtroom 6, 14th Floor<br>Judge:  Hon. John A. Mendez |

Pursuant to an order of the Court during the hearing on May 4, 2011, Plaintiffs hereby submit this supplemental brief. Additional briefing was ordered by the Court to address the supplemental authority brought to the Court's attention by the Defendants shortly before the hearing. That supplemental authority is *Nordyke v. King*, 2011 WL 1632063 (C.A.9 (Cal.)) and *United States v. Booker*, 2011 WL 1631947 (C.A.1 (Me.)). Both cases were filed on May 2, 2011. Neither case addresses points of law relevant to the issues before this Court.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder                    Page 1 of 5              Plaintiffs' Supplemental Brief

1. 1. *Nordyke v. King* is a civil action brought by gun show promoters to challenge a county ordinance that prohibits possession of guns on county property, making gun shows at the county fairgrounds impossible. The case is notable as the first in the country to establish that the Second Amendment is incorporated against state and local governments under the 14th Amendment's due process clause. *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009). That opinion was withdrawn and the case was stayed upon a sua sponte grant of *en banc* review. Then, the Supreme Court in *McDonald v. Chicago*, 130 S.Ct. 3020 (2010) basically affirmed the conclusions of the original panel. Supplemental briefing was ordered in that matter to address issues of scrutiny. The most recent opinion was filed on May 2, 2011.

   A. The latest *Nordyke* decision deals almost exclusively with scrutiny and in so doing its engages in an analysis of 'core' vs. 'non-core' rights under the Second Amendment. The panel apparently sees possession of a gun in the home for self-defense as a core right that is subject to some form of heightened scrutiny – while ancillary rights (e.g., hunting, possession for sale, possession for display, possession for instruction, etc...) are subject to some lesser form of scrutiny.

   B. Because the panel did not reach the threshold issues of whether Plaintiffs in that case could plead the burdening of a 'core' right, the Court remanded the case to the trial court to give the *Nordyke* Plaintiffs an opportunity to amend their complaint.

   C. *Nordyke* does not advance the discussion in *Enos v. Holder* because the federal statutes at issue impose a complete ban on all of the *Enos* Plaintiffs' rights associated with the Second Amendment. In other words, 18 U.S.C. §§ 922(d)(9) and 922(g)(9) are not mere "burdens" that make gun ownership/possession more difficult or more expensive, these statutes (1) prevent the lawful transfer of a firearm at the point

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 of sale to any person convicted of misdemeanor crimes of domestic
2 violence, and (2) if found in possession, these misdemeanants are
3 subject to arrest, prosecution and felony conviction.  This statutory
4 scheme places the *Enos* Plaintiffs in the exact same position as the
5 plaintiff in *District of Columbia v. Heller*, 554 U.S. 570 (2008), wherein
6 the Supreme Court found that a complete ban offends the Second
7 Amendment under any level of scrutiny. *Heller* at 628 *et seq*.

D. More to the point, the *Enos* Plaintiffs are not making a facial constitutional challenge of 18 U.S.C. § 922(d)(9) and/or § 922(g)(9), unless the rights restoration procedures under 18 U.S.C. § 921(a)(33) are definitively interpreted to mean that there is a <u>life time ban</u> on exercising the fundamental rights secured by the Second Amendment.

E. To put this another way, the *Enos* Plaintiffs are not (yet) complaining about any unconstitutional burdens that sections §§ 922(d)(9) and/or 922(g)(9) place on their Second Amendment rights, they accepted those consequences upon conviction and/or plea.[1]  But California imposed only a 10 year ban on exercising Second Amendment rights.  The federal government imposes a life-time ban, but only if the state of conviction took away rights **AND** also restored rights, then – under federal law – the misdemeanants' rights are also restored. [See 18 U.S.C. § 921(a)(33)(B)(ii)]  Those are the facts of this case.

F. Since this Court has a duty to dispose of non-constitutional questions (i.e., statutory interpretations) before reaching constitutional claims, *Nordyke's* constitutional balancing tests are not dis-positive in a Rule 12(b)(6) motion to dismiss.  *Harmon v. Brucker*, 355 U.S. 579 (1958); *County Court v. Allen*, 442 U.S. 140 (1979).

---

[1] Though for most of the plaintiffs (Enos, Bastasini, Mercado, Groves and Montiero) the law was passed after their convictions and applied retroactively.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

2. *United States v. Booker*, is a criminal case that addresses two issues: (1) the requisite *mens rea* necessary for a state crime to fit the federal definition of misdemeanor crime of domestic violence, and (2) whether – on its face – 18 U.S.C. § 922(g) is unconstitutional in light of *District of Columbia v. Heller*.

    A. Issue #1 is not relevant to this case. The *Enos* Plaintiffs concede that they were all convicted of misdemeanor crimes of domestic violence.

    B. As for issue #2, even if the *Enos* Plaintiffs concede (which they do not because of the notice issues for those convicted before the enactments of the state and federal laws) that § 922(g) is facially constitutional the *Booker* case does not help the Defendants.

    C. This is a case about the restoration of rights, it is not about the definition of misdemeanor crime of domestic violence – or the initial consequences (loss of gun rights) upon conviction of a misdemeanor crime of domestic violence.

    D. This Court must first address the statutory restoration of rights issue under § 921(a)(33)(B)(ii). If the Court finds:

        1. That the remaining plaintiffs all suffered California misdemeanor convictions for domestic violence,

        2. That the state of California stripped those convicted of misdemeanor crimes of domestic violence of their Second Amendment rights for 10 years as a consequence of conviction,

        3. That the state of California, by operation of law (lapse of 10 years) restores Second Amendment rights,

        4. That the misdemeanor crime of domestic violence convictions suffered by the *Enos* Plaintiffs are more than 10 years old and thus restored under California law.

        5. **Then**, this Court must decide if 18 U.S.C. § 921(a)(33)(B)(ii) kicks in and the federal government must permit these

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

        Plaintiffs to answer 'no' to question 11.i. on ATF Form 4473 (5300.9) and furthermore that the federal government must clear these Plaintiffs for firearm purchases under the National Criminal Background Check System.

E.    It is only if/when this Court makes a finding that 18 U.S.C. § 921(a)(33)(B)(ii) does not provide relief for the *Enos* Plaintiffs that we reach the constitutional issues raised in *U.S. v. Booker*. In which case this Court may find *Booker* and similar appellate authorities persuasive as to a facial, constitutional, challenge.

F.    However, in an 'as applied' challenge, based on the facts of this case, Plaintiffs would still maintain that a life-time infringement of a fundamental right, with no possibility of rehabilitation/restoration (under either state or federal law), for a misdemeanor crime, is an unconstitutional infringement of the Second Amendment under the analysis of the *Heller* and *McDonald* Supreme Court decisions. Especially when federal law provides for the restoration of the rights of convicted felons. [See 18 U.S.C. § 925(c)]

Respectfully Submitted on May 6, 2011,

    /s/
_____

Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone:  408/264-8489
Facsimile:   408/264-8487
E-Mail:      Don@DKLawOffice.com

Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder               Page 5 of 5             Plaintiffs' Supplemental Brief