UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN, JEFF LOUGHRAN and WILLIAM EDWARDS,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. 2:10-CV-2911-JAM-EFB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter is before the Court on Defendants' Eric Holder and Robert Mueller, III (collectively "Defendants") Motion to Dismiss (Doc. #11) Plaintiffs' Richard Enos ("Enos"), Jeff Bastasini ("Bastasini"), Louie Mercado ("Mercado"), Walter Groves ("Groves"), Manuel Monteiro ("Monteiro"), Edward Erickson ("Erickson"), Vernon Newman ("Newman"), Jeff Loughran ("Loughran") and William Edwards ("Edwards") First Amended Complaint ("FAC") (Doc. #8). The above-named plaintiffs opposed the motion. A hearing on the motion to dismiss was held on May 4, 2011. At the close of the hearing, the

1

Court dismissed plaintiffs Edwards and Loughran, for improper joinder and venue (Doc. #20) and ordered further briefing on Defendants' supplemental authorities.  Having reviewed the additional briefing, and based on the moving papers and oral argument, the Court GRANTS in part and DENIES in part the motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Enos, Bastasini, Mercado, Groves, Monteiro, Erickson, and Newman (collectively "Plaintiffs") have each been convicted of misdemeanor domestic violence in California, and allege that they wish to purchase a gun but are prevented from doing so by federal law.  Plaintiffs challenge the government's interpretation of 18 U.S.C. § 922(g)(9), which makes it a federal offense for any person who has been convicted of a misdemeanor crime of domestic violence to possess a firearm, and the government's interpretation of 18 U.S.C. § 922(d)(9), which makes it unlawful to sell a firearm or ammunition to a person who has been convicted of misdemeanor domestic violence.  Though California law allows for the restoration of gun rights after a period of ten years from the misdemeanor domestic violence conviction, (see CA Penal Code § 12021(c)(1) and (3)), the FAC alleges that federal law only provides for the restoration of gun rights for those with felony convictions.  Accordingly, Plaintiffs allege that federal law creates a lifetime ban on gun ownership for those with misdemeanor domestic violence convictions.

Plaintiffs allege that they were each convicted of misdemeanor domestic violence over ten years ago, and under California law

their gun rights have been restored.  Accordingly, they argue that the federal law barring them from gun ownership is a violation of their constitutional rights.  Plaintiffs allege that 18 U.S.C. § 922(g)(9) and (d)(9) violate their Second, First, Tenth, and Fifth Amendment rights.  Plaintiffs also seek declaratory and injunctive relief that they are not subject to the prohibitions set forth in 18 U.S.C. § 922(d)(9) and 922(g)(9) and that these two statutes are unconstitutional on their face and as applied to Plaintiffs.  Defendants argue that most of the plaintiffs lack standing to challenge the law, and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).  Defendants further argue that the constitutional claims fail under Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim.

## II. OPINION

### A. Legal Standard

#### 1. Rule 12(b)(1) dismissal

A party may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction.  See Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102, FN 1 (9th Cir. 2007).

#### 2. Rule 12(b)(6) dismissal

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

1  court must accept the allegations in the complaint as true and draw
2  all reasonable inferences in favor of the plaintiff. <u>Scheuer v.</u>
3  <u>Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u>
4  <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319,
5  322 (1972).  Assertions that are mere "legal conclusions," however,
6  are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>,
7  129 S. Ct. 1937, 1950 (2009), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>,
8  550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a
9  plaintiff needs to plead "enough facts to state a claim to relief
10 that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.
11 Dismissal is appropriate where the plaintiff fails to state a claim
12 supportable by a cognizable legal theory. <u>Balistreri v. Pacifica</u>
13 <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).
14     Upon granting a motion to dismiss for failure to state a
15 claim, the court has discretion to allow leave to amend the
16 complaint pursuant to Federal Rules of Civil Procedure 15(a).
17 "Absent prejudice, or a strong showing of any [other relevant]
18 factor[], there exists a presumption under Rule 15(a) in favor of
19 granting leave to amend." <u>Eminence Capital, L.L.C. v. Aspeon,</u>
20 <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal with
21 prejudice and without leave to amend is not appropriate unless it
22 is clear . . . that the complaint could not be saved by amendment."
23 <u>Id.</u>
24     Generally, the court may not consider material beyond the
25 pleadings in ruling on a motion to dismiss for failure to state a
26 claim.  There are two exceptions: when material is attached to the
27 complaint or relied on by the complaint, or when the court takes
28 judicial notice of matters of public record, provided the facts are

4

not subject to reasonable dispute. <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted).  Here, Plaintiffs request judicial notice of ATF Form 4473, the form that must be completed when applying to purchase a gun.  The Court will take judicial notice of this form, as it is a matter of public record.

      B.   <u>Claims for Relief</u>

     As threshold matters, Defendants challenge the Court's jurisdiction and Plaintiffs' standing.  Defendants argue that the FAC fails to set forth the jurisdictional basis for seeking a declaration from the Court that their convictions are not misdemeanor crimes of domestic violence under 18 U.S.C. § 921(a)(33).  Section 921(a)(33) defines a "misdemeanor crime of domestic violence" as

> a misdemeanor that has as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse parent, or guardian of the victim.

However, the statute provides that a person shall not be considered to have been convicted of such an offense unless the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case, and if the prosecution for an offense entitled the person to a jury trial, the case was tried by a jury or the person knowingly and intelligently waived the right to a jury trial, by guilty plea or otherwise. 18 U.S.C. § 921(a)(33)(B)(i).

The statute further provides that

> a person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights, expressly provides that the person may not ship, transport, posses, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii).

18 U.S.C. § 922(s) and (t) govern the process for acquiring a firearms permit. Under 18 U.S.C. § 925A, any person denied a firearm pursuant to Sections 922(s) or (t), (1) due to the provision of erroneous information by any state or political subdivisions thereof, or by the National Instant Criminal Background Check System established under Section 103 of the Brady Handgun Violence Prevention Act; or (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of Section 922, may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be.

To the extent that Plaintiffs rely on 18 U.S.C. § 925A as the jurisdictional basis for the requested declaratory relief, Defendants argue that the statute would only apply to Enos, as he is the only plaintiff that the FAC alleges actually attempted to purchase a gun and was denied due to the National Instant Criminal Background Check System, maintained by the Department of Justice and the Federal Bureau of Investigation. The Declaratory Judgment

1  Act, 28 USC 2201-02, on its own does not confer federal
2  jurisdiction.  See Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d
3  1158, 1161 (9th Cir. 2005).
4      At oral argument, counsel for Plaintiffs stated that Enos was
5  not the only plaintiff to attempt to purchase a gun, and said he
6  would present further evidence at summary judgment.  However, the
7  FAC is devoid of any such allegations pertaining to the other
8  plaintiffs.  Without allegations that the other plaintiffs
9  attempted to purchase a gun and were denied a permit pursuant to
10 Sections 922(s) or (t), this Court lacks jurisdiction over their
11 claims for declaratory relief under 18 U.S.C. § 925A.  No other
12 jurisdictional basis was alleged in the FAC.  Accordingly the
13 declaratory relief claims brought by plaintiffs Bastasini, Mercado,
14 Groves, Monteiro, Erickson, and Newman are DISMISSED, WITH LEAVE TO
15 AMEND.
16     Defendants argue that while the Court may have jurisdiction
17 over Enos' claim for declaratory relief, the claim is without
18 merit.  The FAC alleges that because Enos may possess a gun without
19 running afoul of CA Penal Code § 1201(c)(1), his civil rights have
20 been restored within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii).
21 Defendants argue that the language in the statute "civil rights
22 restored" denotes rights accorded to an individual by virtue of his
23 citizenship in a particular state, comprising the right to vote,
24 hold public office, and serve on a jury.  See Metzger v. United
25 States, 3, F.3d 756, 758 (4th Cir. 1993); McGrath v. United States,
26 60 F.3d 1005 (2d Cir. 1995); United States v. Cassidy, 899 F.2d
27 543, 549 (6th Cir.).  According to Defendants, because none of
28 these rights were taken away from Enos due to his misdemeanor

7

1 conviction, none could be restored.
2      Enos argues that his civil right to possess a gun was taken
3 away by the state of California, and restored after ten years.
4 Though the Ninth Circuit has previously rejected the argument that
5 a state's restoration of an individual's right to possess firearms
6 constitutes a "restoration of rights" under 18 U.S.C. §
7 921(a)(33)(B)(ii), in U.S. v. Brailey, 408 F.3d 609 (9th Cir.
8 2005), Enos contends that Brailey and additional cases raised by
9 Defendants should not be followed since they were decided before
10 the Supreme Court's rulings in District of Columbia v. Heller, 554
11 U.S. 570 (2008) (holding that the Second Amendment confers and
12 individual right to keep and bear arms), and McDonald v. City of
13 Chicago, 130 S.Ct. 3020 (2010) (holding that the Fourteenth
14 Amendment incorporates the Second Amendment right).  Accordingly,
15 Enos may be able to maintain a claim for declaratory relief in
16 light of the shifting legal landscape after Heller and McDonald.
17      Even if the Court were to find that a civil right was
18 restored, Defendants argue that the statute is written in the
19 plural and only contemplates the restorations of "rights" not the
20 restoration of one right.  Enos in turn asserts that the Second
21 Amendment protects multiple rights, the right to keep and the right
22 to bear, firearms.
23      At this early stage of the pleadings, taking the allegations
24 of the FAC as true, the Court finds that the FAC contains
25 sufficient allegations to maintain Enos' claim for declaratory
26 relief.  Accordingly the motion to dismiss Enos' declaratory relief
27 claim is DENIED.
28      Next, Defendants contest Plaintiffs' standing to challenge the

constitutionality of the federal statutes at issue, arguing that Plaintiffs, with the possible exception of Enos, lack standing to challenge the constitutionality of 18 U.S.C. § 921(a)(33), § 922(d)(9) and § 922(g)(9).

Article III of the United States Constitution limits the jurisdiction of federal court to cases and controversies. See San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996). Federal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record. Id. Standing is an essential, core component of the case or controversy requirement. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing their standing to sue. Id. To do so, they must demonstrate that they have suffered "an 'injury in fact' to a legally protected interest that is both 'concrete and particularized' and 'actual or imminent,' as opposed to "conjectural" or "hypothetical." Id.

The plaintiffs, other than Enos, lack standing for the same reasons as those discussed above in relation to the Court's jurisdiction. Without allegations in the FAC that Plaintiffs have attempted to purchase a gun and have been denied, or that they face imminent prosecution for possessing a gun, Plaintiffs lack standing. They have not alleged a concrete injury or an imminent threat of prosecution, as FAC merely alleges that Plaintiffs wish to purchase guns. The FAC lacks allegations that 18 U.S.C. § 921(a)(33), § 922(d)(9) and § 922(g)(9) have been applied to Plaintiffs. Accordingly, the Court finds that only Enos has standing to challenge the constitutionality of the aforementioned

statutes, and the other plaintiffs claims are dismissed without prejudice.

### 1. Second Amendment

The FAC alleges that 18 U.S.C. §§ 921(a)(33), 922(d)(9), and 922(g)(9) violate Enos' Second Amendment right to keep and bear arms because together they impose a lifetime ban on gun ownership after a domestic violence misdemeanor conviction. Defendants argue that the FAC fails to state a claim for a Second Amendment violation, because statutes prohibiting felons or misdemeanants from possessing firearms have been found lawful under the Second Amendment. See, e.g., United States v. Vongxay, 594 F.3d 1111 (9th Cir. 2010) (holding that 18 U.S.C. § 922(g)(1), statute prohibiting felons from possessing firearms, did not violate the Second Amendment); United States v. Skoien, 614 F.3d 638 (7th Cir. 2010) (holding that 18 U.S.C. 922(g) is generally proper under the Second Amendment); United States v. Booker, 2011 WL 1631947 that (1st Cir. 2011) (holding that 18 U.S.C. § 922(g)(9) is a presumptively lawful regulatory measure); United States v. White, 593 F.3d 1199 (11th Cir. 2010) (same). Enos distinguishes his claim from Vongxay, Skoien, Booker, and White in that he seeks to challenge 18 U.S.C. § 922(g)(9) (and 18 U.S.C. § 922(d)(9) and 18 U.S.C. § 921(a)(33))only to the extent that they impose a lifetime ban on the right to own a gun without possibility of restoring the right, despite restoration of this right in California. Enos does not challenge the 18 U.S.C. § 922(g)(9)'s constitutionality insofar as it restricts his gun ownership for ten years following his misdemeanor domestic violence conviction.

The First Circuit recently held in Booker, 2011 WL 1631947

10

that section 922(g)(9) "fits comfortably among the categories of regulations that <u>Heller</u> suggested would be presumptively lawful." Id. at *10.  The First Circuit rejected Booker's arguments that section 922(g)(9) violates the Second Amendment, finding that there is a substantial relationship between section 922(g)(9)'s disqualification of domestic violence misdemeanants from gun ownership and the governmental interest in preventing gun violence in the home.  Id. at *11.

Though the First Circuit found section 922(g)(9) to be facially valid, Enos in his supplemental briefing urges the Court not to dismiss his Second Amendment claim at this stage, arguing that he brings an as-applied challenge.  He only argues section 922(g)(9) is unconstitutional to the extent that it is interpreted, along with section 921(a)(33)(B)(ii) as a lifetime ban on gun ownership without the possibility of restoring gun rights.  Based on the pleadings and oral argument, the Court will not dismiss Enos' Second Amendment claim at this stage, as he may be able to maintain a claim.  Accordingly, the motion to dismiss Enos' Second Amendment claim is DENIED.

        2.   <u>First Amendment</u>

The FAC alleges that 18 U.S.C. § 922(g)(9), 18 U.S.C. § 922(d)(9) and 18 U.S.C. § 921 (a)(33) violate Enos' First Amendment rights, because they impose a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy to petition the government for restoration of that right.  However, as Defendants argue, these allegations fail to state a claim.  Defendants contend that the First Amendment claim is devoid of merit, because it contains no

11

allegations that the government has restricted Plaintiffs right to speech and to petition the government for redress. Furthermore, gun possession is not speech.  See Nordyke v. King 319 F.3d 1185, 1190 (9th Cir. 2003).  Plaintiffs conceded the weakness of this claim in the briefs and at oral argument, by admitting that they advanced the claim only in hopes of making new law.  However, Enos has failed to state a claim for violation of the First Amendment, and his First Amendment claim is DISMISSED, WITH PREJUDICE.

        3.   Tenth Amendment

The FAC alleges that 18 U.S.C. § 922(g)(9) 18 U.S.C. § 922(d)(9) and 18 U.S.C. § 921 (a)(33) violate the Tenth Amendment, by usurping the States' powers to define and provide for the rehabilitation of minor public offenses.[1]  Defendants move to dismiss the Tenth Amendment claim, arguing that the Ninth Circuit in United States v. Andaverde, 64 F.3d 1305 (9th Cir. 1995) held that Congress may regulate possession of firearms without violating the Tenth Amendment.  Though Andaverde discussed 18 U.S.C. § 922(g)(1) (regulating the possession of firearms by felons), courts addressing 18 U.S.C. § 922(g)(9) have likewise found the statute to be constitutional under the Tenth Amendment.  See, e.g., Fraternal Order of Police v. United States, 173 F. 3d 898 (D.C. Cir. 1999); Hiley v. Barret, 155 F.3d 1276 (11th Cir. 1998). Accordingly, Enos' claim for violation of the Tenth Amendment is

---

[1] The Court has considered Bond v. United States, 2011 WL 2369334 (2011), the supplemental authority recently submitted by counsel for Plaintiffs (Doc. #23), and finds it unpersuasive.  Bond is unrelated to the issue of firearms regulation under the Tenth Amendment, and to the extent that Plaintiffs' cite it in support of their argument for standing, it is entirely distinguishable from the case at hand, because the plaintiff in Bond was convicted and incarcerated under the law she challenged on Tenth Amendment grounds.

DISMISSED, WITH PREJUDICE.

####    4.   Fifth Amendment

The FAC alleges that 18 U.S.C. § 922(g)(9), 18 U.S.C. § 922(d)(9) and 18 U.S.C. § 921 (a)(33) violate the Fifth Amendment by imposing a lifetime ban on the right to own a gun without providing a statutory remedy for restoration of that right. Defendants' oppose this claim, arguing that 18 U.S.C. § 925(c) allows any person to apply for relief from the Attorney General. See Palma v. United States, 228 F.3d 323, 327-28 (3d Cir. 2000) (stating that persons convicted of a misdemeanor crime of domestic violence may apply for relief under 18 U.S.C. § 925(c)). Enos' opposition brief states that he is asserting an equal protection argument, but does not set forth allegations or argument in support of this claim or in opposition to Defendants' arguments. Accordingly, the Fifth Amendment claim is DISMISSED, WITH PREJUDICE.

### III. ORDER

For the reasons set forth above, Defendants' motion to dismiss the FAC is GRANTED in part and DENIED in part. Bastasini's, Mercado's, Groves', Monteiro's, Erickson's, and Newman's declaratory relief and constitutional claims are dismissed, with leave to amend.[2]  Enos' First Amendment, Tenth Amendment and Fifth

---

[2] Because the Court found that as pled, Bastasini, Mercado, Groves, Monteiro, Erickson, and Newman lack standing to plead the constitutional claims, the Court only reached the merits of Enos' constitutional claims, and dismissed the remaining Plaintiffs' constitutional claims. However, remaining plaintiffs are advised that the Court will look with disfavor on any attempt to re-plead the First, Tenth and Fifth Amendment claims that were dismissed with prejudice as to Enos.

Amendment claims are dismissed, with prejudice.  The motion to dismiss is denied as to dismissal of Enos' declaratory relief and Second Amendment claims.  Plaintiffs must file a Second Amended Complaint within twenty (20) days of the date of this order.

    IT IS SO ORDERED.

Dated: July 7, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE