Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone:  408/264-8489
Facsimile:   408/264-8487
E-Mail:       Don@DKLawOffice.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON and VERNON NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>Defendants. | CASE NO.: 2:10-CV-02911-JAM-EFB<br><br>SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF<br><br>VIOLATIONS OF THE SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION<br><br>18 U.S.C. § 921 *et seq*.<br>18 U.S.C. § 922 *et seq*.<br>18 U.S.C. § 925A<br>28 U.S.C. § 2412<br>42 U.S.C. § 1988 |

## **PARTIES**

1. Plaintiff RICHARD ENOS, is an individual who is a citizen/resident of the State of California.  ENOS lives in San Joaquin County.

2. Plaintiff JEFF BASTASINI, is an individual who is a citizen/resident of the State of California.

3. Plaintiff LOUIE MERCADO, is an individual who is a citizen/resident of the State of California.

4. Plaintiff WALTER GROVES, is an individual who is a citizen/resident of the State of California.

5. Plaintiff MANUEL MONTEIRO, is an individual who is a citizen/resident of the State of California.

6. Plaintiff EDWARD ERIKSON, is an individual who is a citizen/resident of the State of California.

7. Plaintiff VERNON NEWMAN, is an individual who is a citizen/resident of the State of California.

8. Defendant ERIC HOLDER is the United States Attorney General and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq*. and 922 *et seq.*

9. Defendant ROBERT MUELLER, III is the Director of the Federal Bureau of Investigation and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq*. and 922 *et seq*.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the lawsuit because the action arises under 18 U.S.C. §§ 921 *et seq*., 922 *et seq*. and 925A.

11. As this action arises under the United States Constitution this Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

12. As the Plaintiffs are seeking declaratory relief, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Venue for this action is properly in this District pursuant to 28 U.S.C. § 1391.

14. All conditions precedent, including exhaustion of administrative remedies where required, have been performed, have occurred, are futile or unnecessary where the government infringes on a fundamental right.

## FACTS

15. The State of California works in conjunction with the Federal Government to interpret statutes and implementing regulations that restrict the "right to

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   keep and bear arms" of people convicted of Misdemeanor Crimes of Domestic
2   Violence.

3   16.  The Federal Government's definition of Misdemeanor Crimes of Domestic
4   Violence is found at 18 U.S.C. § 921(a)(33):

(33) (A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--
   (i) is a misdemeanor under Federal or State law; and
   (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
   (B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS § § 921 et seq.], unless--
      (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and
      (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
         (aa) the case was tried by a jury, or
         (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.
   (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

17. It is a federal criminal offense for any person, including a federally licensed firearm dealer, to sell or dispose of any firearm to a person who has been convicted of a Misdemeanor Crime of Domestic Violence. 18 U.S.C. § 922(d)(9).

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

18. It is federal criminal offense for any person who has been convicted of a Misdemeanor Crime of Domestic Violence to possess a firearm. 18 U.S.C. § 922(g)(9).

19. Thus Federal Law imposes a lifetime ban on the "right to keep and bear arms" for persons convicted of Misdemeanor Crimes of Domestic Violence, subject to the individual states' power to restore these fundamental civil rights under state law.

20. Federal Law provides a means for felons to have their "right to keep and bear arms" restored under procedures promulgated and implemented by the Attorney General. 18 U.S.C. § 925(c).

21. California Penal Code § 12021(c)(1) sets forth a list of specific crimes that subject a person convicted of certain misdemeanors to a ten (10) year prohibition against owning, possessing and purchasing firearms (and ammunition). This list includes, but is not limited to the following Misdemeanor Crimes of Domestic Violence:

   a. Battery Against a Spouse/Cohabitant. CA Penal Code § 243(e).
   b. Corporal Injury to Spouse/Cohabitant. CA Penal Code § 273.5.

22. Pursuant to Penal Code § 12021(c)(1), the State of California has clearly and unequivocally set forth a policy of limiting firearms prohibitions, for persons convicted of Misdemeanor Crimes of Domestic Violence, to a ten (10) year period such that by the passage of time the misdemeanants' "right to keep and bear arms" is restored, without qualification, by operation of law.

23. California Penal Code § 12021(c)(3) also provides the means for a person convicted of a Misdemeanor Crime of Domestic Violence, prior to the date the state law went into effect, to have a Superior Court Judge restore the fundamental "right to keep and bear arms" on a case by case basis.

24. Even though The State of California has a policy of restoring the "right to keep and bear arms" through a hearing process and by operation of law

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder            Page 4 of 17        2ND Amended Complaint/Decl Relief

(through the passage of time), the Federal Government refuses to recognize California's restoration of rights and rehabilitation policies.

25. Some time during or prior to 2004, the Federal Government informed the State of California that the federal government would not recognize that State's restoration of gun rights procedures and that California was required to deny firearms purchases and possession of firearms and ammunition to all persons convicted of misdemeanor crimes of domestic violence under the supremacy clause of the Constitution and the Federal Government's interpretation of the 18 U.S.C. §§ 921, 922 *et seq*.

26. As a direct consequence of the Federal Government's refusal to recognize California's restoration and rehabilitation policies, Plaintiffs herein (and all other persons similarly situated) continue to be subject to a lifetime prohibition of the "right to keep and bear arms" under Federal Law.

27. This interpretation of the law by the Federal Government results in three (3) wrongful and unconstitutional consequences:

   a. Plaintiffs (and all other persons similarly situated) are subject to federal criminal prosecution if they attempt to exercise their fundamental "right to keep and bear arms" after the State of California has restored their rights.

   b. Plaintiffs (and all other persons similarly situated) cannot lawfully purchase a firearm to exercise their fundamental "right to keep and bear arms" because they cannot pass the background check required by state and federal law.

   c. Plaintiffs, (and all other persons similarly situated) are denied a federal statutory remedy to restore their "right to keep and bear arms" even as convicted felons have a statutory remedy to restore their rights under 18 U.S.C. § 925(c), thus resulting in an irrational scheme of denying fundamental rights to persons convicted of minor crimes.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder                              Page 5 of  17          2ND Amended Complaint/Decl Relief

28. Plaintiff ENOS:

   a. On or about July 15, 1991, Plaintiff RICHARD ENOS plead *nolo contendere* and was convicted of a misdemeanor violation of California Penal Code § 273.5 (a).

   b. In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

   c. On September 13, 1994, the Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime prohibition against the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. See: 18 U.S.C. §§ 921 and 922 *et seq*.

   d. In March of 1999, Plaintiff RICHARD ENOS, petitioned for a record clearance under Penal Code § 1203.4.

   e. On May 25, 1999, Plaintiff RICHARD ENOS's petition was granted by the Honorable Ray E. Cunningham, Superior Court Judge. Plaintiff's plea of guilty was withdrawn, a plea of not guilty was entered and the court dismissed the case.

   f. On May 12, 2000, Plaintiff RICHARD ENOS filed a PETITION FOR RESTORATION OF CIVIL RIGHTS (FIREARM POSSESSION).

   g. On Jun 16, 2000, the PETITION FOR RESTORATION OF CIVIL RIGHTS (FIREARM POSSESSION) was granted by the Honorable Thang N. Barrett.

   h. In February of 2001, Plaintiff RICHARD ENOS caused a letter to be sent to the California Department of Justice referencing the order by Judge Barrett restoring his rights. At that point in time the State of California had cleared RICHARD ENOS to own/possess firearms.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

      i.      In August of 2004, Plaintiff RICHARD ENOS was denied a firearm purchase and advised by the State of California that the denial was being maintained by U.S. Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System.

      j.      As of August 29, 2011, Plaintiff RICHARD ENOS is <u>permitted</u> to acquire and possess firearms under the laws of the State of California.

      k.      As of August 29, 2011, Plaintiff RICHARD ENOS is <u>prohibited</u> from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

      l.      But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence misdemeanants, Plaintiff RICHARD ENOS would acquire, keep and bear arms for, among other lawful purposes, self-defense in his home.

29.     Plaintiff BASTASINI:

      a.      On or about March 25, 1991, Plaintiff BASTASINI plead *nolo contendre* in a Santa Clara County Superior Court to two counts of a misdemeanor crime of domestic violence under Penal Code §§ 273.5 and 242.  He was not represented by counsel.

      b.      In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 and 242 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

      c.      On September 13, 1994, the Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime prohibition against the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence.  See: 18 U.S.C. §§ 921 and 922 *et seq*.

      d.      On or about August 21, 2000, Plaintiff BASTASINI, petitioned for a

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1     record clearance under Penal Code § 1203.4.

2   e.   On or about September 20, 2000, the Superior Court of Santa Clara County granted Plaintiff BASTASINI's petition under Penal Code § 1203.4. Plaintiff's plea was withdrawn, a plea of not guilty was entered and the court dismissed the case.

6   f.   Subsequent to California's restoration of his right to "keep and bear arms" under the California law, Plaintiff BASTASINI obtained a firearm permit from the California Bureau of Security and Investigative Services.

10   g.   On or about February 16, 2006, Plaintiff BASTASINI was informed that his Firearm Permit was being revoked under the lifetime prohibition imposed by federal law for his conviction on March 25, 1991.

13   h.   On July 11, 2011, Plaintiff BASTASINI applied for a firearm purchase at federally licensed firearm dealer. Plaintiff correctly filled out the ATF Form 4473 (5300.9) and truthfully answered "YES" to quesiton 11.i.

17   i.   On July 18, 2011, Plaintiff BASTASINI was denied a firearm purchase. Upon making an inquiry to the California Department of Justice for the reason for the denial, BASTASINI was informed that federal law prohibited his clearance to purchase the gun and that he should direct his questions to federal authorities.

22   j.   As of August 29, 2011, Plaintiff BASTASINI is <u>permitted</u> to acquire and possess firearms under the laws of the State of California.

24   k.   As of August 29, 2011, Plaintiff BASTASINI is <u>prohibited</u> from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

27   l.   But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

        misdemeanants, Plaintiff BASTASINI would acquire, keep and bear arms for, among other lawful purposes, self-defense in his home.

30. Plaintiff MERCADO:

    a. Plaintiff LOUIE MERCADO plead no contest (and/or guilty) in Sacramento Superior Court to a misdemeanor charge of California Penal Code § 273.5 on December 17, 1990. He was represented by counsel.

    b. In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 and 242 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

    c. On September 13, 1994, the Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime prohibition against the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. See: 18 U.S.C. §§ 921 and 922 *et seq*.

    d. On or about December 18, 2001, Plaintiff MERCADO petitioned the Court for relief under Penal Code § 1203.4.

    e. On January 18, 2002, the Superior Court of Sacramento granted Plaintiff MERCADO's relief under Penal Code § 1203.4. Plaintiff's plea was withdrawn, a plea of not guilty was entered and the court dismissed the case.

    f. Subsequent to California's restoration of his right to "keep and bear arms" under the California law, Plaintiff MERCADO obtained a firearm permit from the California Bureau of Security and Investigative Services.

    g. On or about May 1, 2006, Plaintiff MERCADO was informed that his Firearm Permit was being revoked under the lifetime prohibition

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

|   |   |   |
|---|---|---|
| 1 |    | imposed by federal law for his conviction on December 17, 1990. |
| 2 | h. | On July 12, 2011, Plaintiff MERCADO applied for a firearm purchase at federally licensed firearm dealer. Plaintiff correctly filled out the ATF Form 4473 (5300.9) and truthfully answered "YES" to quesiton 11.i. |
| 6 | i. | On July 12, 2011, Plaintiff MERCADO was denied a firearm purchase. Upon making an inquiry to the dealer, Plaintiff was informed that answering "YES" to question 11.i., on ATF form 4473 (5300.9) required the dealer to stop the transaction and deny the purchase. |
| 10 | j. | As of August 29, 2011, Plaintiff MERCADO is _permitted_ to acquire and possess firearms under the laws of the State of California. |
| 12 | k. | As of August 29, 2011, Plaintiff MERCADO is _prohibited_ from acquiring and possessing firearms due to threat of criminal prosecution under federal law. |
| 15 | l. | But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence misdemeanants, Plaintiff MERCADO would acquire, keep and bear arms for, among other lawful purposes, self-defense in his home. |

31. Plaintiff GROVES:

  a. Plaintiff WALTER GROVES plead no contest (and/or guilty) in a Monterey County Superior Court to a misdemeanor charge of California Penal Code § 273.5 on January 12, 1990. He was represented by counsel.

  b. In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 and 242 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

  c. On September 13, 1994, the Congress passed the Violence Against

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder    Page 10 of 17    2ND Amended Complaint/Decl Relief

|     |    |                                                                                      |
|-----|----|--------------------------------------------------------------------------------------|
| 1   |    | Women Act, and in 1996 Congress amended the act to impose a lifetime                  |
| 2   |    | prohibition against the acquisition/possession of firearms by                         |
| 3   |    | misdemeanants convicted of Domestic Violence.  See: 18 U.S.C. §§ 921                  |
| 4   |    | and 922 *et seq*.                                                                     |
| 5   | d. | On or about January 27, 1999, Plaintiff GROVES petitioned the Court                   |
| 6   |    | for relief under Penal Code § 1203.4.                                                 |
| 7   | e. | On April 22, 1999 the Superior Court of Monterey County granted                       |
| 8   |    | Plaintiff GROVES'relief under Penal Code § 1203.4.  Plaintiff's plea was              |
| 9   |    | withdrawn, a plea of not guilty was entered and the court dismissed the               |
| 10  |    | case.                                                                                 |
| 11  | f. | On or about September 26, 2005, Plaintiff GROVES was denied a                         |
| 12  |    | firearm purchase.  He was informed that federal law prohibited                        |
| 13  |    | California from clearing his firearm purchase.                                        |
| 14  | g. | On or about July 18, 2011, Plaintiff GROVES again attempted to                        |
| 15  |    | purchase a firearm, but the federally licensed firearms dealer refused to             |
| 16  |    | complete the application process because he truthfully answered "YES"                 |
| 17  |    | to question 11.i., of the ATF Form 4473 (5300.9).                                     |
| 18  | h. | As of August 29, 2011, Plaintiff GROVES is <u>permitted</u> to acquire and            |
| 19  |    | possess firearms under the laws of the State of California.                           |
| 20  | i. | As of August 29, 2011, Plaintiff GROVES is <u>prohibited</u> from acquiring           |
| 21  |    | and possessing firearms due to threat of criminal prosecution under                   |
| 22  |    | federal law.                                                                          |
| 23  | j. | But for Defendants' wrongful interpretation of the federal laws                       |
| 24  |    | regulating firearm possession and purchase by domestic violence                       |
| 25  |    | misdemeanants, Plaintiff GROVES would acquire, keep and bear arms                     |
| 26  |    | for, among other lawful purposes, self-defense in his home.                           |
| 27  | 32.| Plaintiff MONTEIRO:                                                                   |
| 28  | a. | Plaintiff MANUEL MONTEIRO plead no contest (and/or guilty) in                         |

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

      Santa Clara County Superior Court to a misdemeanor charge of California Penal Code § 273.5 on May 27, 1992.

  b.  In 1993 the California Legislature amended Penal Code § 12021 and added Penal Code § 273.5 to the list of misdemeanors which prohibit a person from acquiring/possessing a firearm for 10 years after the date of conviction.

  c.  On September 13, 1994, Congress passed the Violence Against Women Act, and in 1996 Congress amended the act to impose a lifetime ban on the acquisition/possession of firearms by misdemeanants convicted of Domestic Violence. 18 U.S.C. §§ 921 and 922 *et seq*.

  d.  On or about September 1, 1995 Plaintiff MONTEIRO requested relief under Penal Code § 1203.4.

  e.  On October 3, 1995 the Superior Court of Santa Clara County granted Plaintiff MONTEIRO's relief under Penal Code § 1203.4. Plaintiff's plea was withdrawn, a plea of not guilty was entered and the court dismissed the case.

  f.  On or about July 14, 2011, Plaintiff MONTEIRO was denied a firearm purchase. In a letter of explanation from the California Department of Justice, Plaintiff was informed that the denial was based on the Federal Brady Act.

  g.  As of August 29, 2011, Plaintiff , MONTEIRO is <u>permitted</u> to acquire and possess firearms under the laws of the State of California.

  h.  As of August 29, 2011, Plaintiff MONTEIRO is <u>prohibited</u> from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

  i.  But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence misdemeanants, Plaintiff MONTEIRO would acquire, keep and bear

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder      Page 12 of 17      2ND Amended Complaint/Decl Relief

1      arms for, among other lawful purposes, self-defense in his home.

2   33.   Plaintiff EDWARD ERIKSON:

     a.   On June 3, 1996, Plaintiff ERICKSON plead no contest and/or guilty in a Santa Clara County Superior Court to a misdemenaor charge of Penal Code § 273.5.

     b.   On October 25, 2006, ERICKSON was granted a petition under Penal Code § 1203.4.  His plea was withdrawn, a plea of not guilty was entered and the court dismissed the case.

     c.   On or about July 19, 2011, ERICKSON was denied a firearm purchase when the dealer refused to process his application for a transfer due to his truthful answer of "YES" to question 11.i., on the ATF Form 4473 (5300.9)

     d.   As of August 29, 2011, Plaintiff ,ERICKSON is <u>permitted</u> to acquire and possess firearms under the laws of the State of California.

     e.   As of August 29, 2011, Plaintiff ERICKSON is <u>prohibited</u> from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

     f.   But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence misdemeanants, Plaintiff ERICKSON would acquire, keep and bear arms for, among other lawful purposes, self-defense in his home.

34.   Plaintiff VERNON NEWMAN:

     a.   On September 17, 1998, NEWMAN plead guilty and/or no contest in a Santa Clara Superior Court to a misdemeanor charge of Penal Code § 243(e).

     b.   On July 17, 2008, the Superior Court granted NEWMAN's petition under Penal Code § 1203.4. His plea was withdrawn, a plea of not guilty was entered and the court dismissed the case.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder      Page 13 of  17      2ND Amended Complaint/Decl Relief

1    c.    On or about August 1, 2011 NEWMAN was denied a firearm purchase by the California Department of Justice after truthfully answering "YES" to question 11.i., on ATF Form 4473 (5300.9).

d.    As of August 29, 2011, Plaintiff NEWMAN is <u>permitted</u> to acquire and possess firearms under the laws of the State of California.

e.    As of August 29, 2011, Plaintiff NEWMAN is <u>prohibited</u> from acquiring and possessing firearms due to a threat of criminal prosecution under federal law.

f.    But for Defendants' wrongful interpretation of the federal laws regulating firearm possession and purchase by domestic violence misdemeanants, Plaintiff NEWMAN would acquire, keep and bear arms for, among other lawful purposes, self-defense in their homes.

## **FIRST CLAIM - Declaratory Relief**

35.  Paragraphs 1 through 34 are incorporated by reference as if fully set forth herein.

36.  Pursuant to 18 U.S.C. § 921(a)(33) Plaintiff RICHARD ENOS has not been convicted of a crime of domestic violence under any one of three possible theories:

a.    RICHARD ENOS was not apprized of the possibility of losing his firearm rights when he plead no contest to a misdemeanor crime of Domestic Violence back in 1991, as there was no federal or state law prohibiting Domestic Violence misdemeanants from acquiring/possessing firearms upon conviction. Therefore he could not make a knowing/intelligent waiver of his right to a trial.

b.    RICHARD ENOS applied for and was granted a restoration of his rights under California Penal Code § 12021(c)(3) by a Superior Court Judge in Santa Clara County California.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder    Page 14 of 17    2ND Amended Complaint/Decl Relief

      c.      And finally, the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

37. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiff RICHARD ENOS of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

### SECOND CLAIM – Declaratory Relief

38. Paragraphs 1 through 34 are incorporated by reference as if fully set forth herein.

39. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO have not been convicted of a crime of domestic violence under any one of two possible theories:

      a.      JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO were not apprized of the possibility of losing their firearm rights when they plead no contest to a misdemeanor crime of Domestic Violence as there was no federal or state law prohibiting Domestic Violence misdemeanants from acquiring/possessing firearms upon conviction. Therefore they could not make a knowing/intelligent waiver of their right to a trial.

      b.      And, the State of California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

40. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiffs JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES and MANUEL MONTEIRO of the "right to keep and bear arms" they would otherwise enjoy if the Defendants correctly applied the law.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder        Page 15 of 17        2ND Amended Complaint/Decl Relief

### THIRD CLAIM – Declaratory Relief

41. Paragraphs 1 through 34 are incorporated by reference as if fully set forth herein.

42. Pursuant to 18 U.S.C. § 921(a)(33) Plaintiffs EDWARD ERIKSON and VERNON NEWMAN have not been convicted of a crime of domestic violence because California restores the right to possess firearms for Domestic Violence misdemeanants 10 years after conviction, by operation of law.

43. Defendants have misinterpreted 18 U.S.C. § 921(a)(33) so as to deprive Plaintiffs EDWARD ERIKSON and VERNON NEWMAN of the "right to keep and bear arms" they would otherwise enjoy if the Defendants correctly applied the law.

### FOURTH CLAIM – Second Amendment

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45. The Second Amendment to the United States Constitution provides in part that: *"the right of the people to keep and bear Arms shall not be infringed."*

46. On its face, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Plaintiffs' Second Amendment rights because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime.

47. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Plaintiffs' Second Amendment rights because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime.

/ / / /

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court will enter judgment as follows:

A. Declaratory and injunctive relief that all Plaintiffs are not subject to the prohibitions set forth in 18 U.S.C. §§ 922(d)(9) and 922(g)(9).

B. Declaratory and injunctive relief that 18 U.S.C. §§ 922(d)(9) and 922(g)(9) are unconstitutional on their face and as applied to all Plaintiffs.

C. Award Plaintiffs their reasonable attorney fees and costs under 28 U.S.C. § 2412, 42 U.S.C. § 1988 and/or 18 U.S.C. § 925A.

D. Such other and further relief as this Court deems just and proper.

Respectfully Submitted on August 29, 2011,

_____/s/_____
Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone:   408/264-8489
Facsimile:   408/264-8487
E-Mail:      Don@DKLawOffice.com

Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Enos v. Holder          Page 17 of 17        2ND Amended Complaint/Decl Relief