Donald E.J. Kilmer, Jr. (SBN: 179986)
LAW OFFICES OF DONALD KILMER, A.P.C.
1645 Willow Street, Suite 150
San Jose, California 95125-5120
Voice: (408) 264-8489
Fax: (408) 264-8487
Email: Don@DKLawOffice.com

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, and VERNON NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III as Director of the Federal Bureau of Investigations,<br><br>Defendants. | Case No.: 2:10-CV-2911-JAM-EFB<br><br>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT and/or PARTIAL SUMMARY JUDGMENT RE: DECLARATORY RELIEF and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Fed.R.Civ.P. §§ 54 & 56<br><br>Date: January 25, 2012<br>Time: 9:30 a.m.<br>Place: Courtroom 6, 14th Floor<br>501 "I" Street<br>Sacramento, CA 95814<br>Judge: Hon. John A. Mendez<br>Time Est.: 30 minutes |

To the Defendants and their attorneys of record:

Please take notice that at the date, time and place set forth above, the Plaintiffs will move this court for an order of summary judgment of the entire case and/or partial summary judgment on the Plaintiffs' First, Second and Third claims for declaratory relief as set forth in the Second Amended Complaint (SAC).  This motion is based on this Notice, Memorandum of Points and Authorities, Statement of Undisputed Facts, Parties' Declarations, Request for Judicial Notice and the Record in this matter.

## INTRODUCTION

The point of this motion is to obtain a definitive judicial interpretation of the Executive Branch's interpretation of the LAUTENBERG AMENDMENT as set forth in ATF Information Bulletin 3310.3 (Rev. Sept. 2011) attached as Exhibit A.

This case is not a direct SECOND AMENDMENT challenge to state and federal efforts to control the acquisition and possession of deadly weapons by persons convicted of misdemeanor crimes of domestic violence (MCDV). Plaintiffs herein concede, for purposes of this motion, that California and the Federal government have the power to suspend an MCDV misdemeanant's "right to keep and bear arms" as a collateral consequence of conviction.

The question presented to this Court is whether the "civil death" imposed by the LAUTENBERG AMENDMENT contains a provision for restoration of the fundamental civil rights protected by the SECOND AMENDMENT.

With the Supreme Court's assurances that the "right to keep and bear arms" is indeed a fundamental civil right – *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010) – Plaintiffs contend that the LAUTENBERG AMENDMENT'S restoration provisions must be construed liberally and therefore in favor of resurrecting their rights.

A straightforward *post-Heller/McDonald* judicial interpretation of the plain language of 18 U.S.C. § 921(a)(33) can terminate this action. This Court can declare that the plaintiffs have satisfied California's (and the federal government's) tough measures for combating MCDV by having paid their debt to society and by waiting a decade to have their full civil rights restored in accordance with the rules required by the sovereign that convicted them.

### STATEMENT OF THE LAW RE: PARTIAL SUMMARY JUDGMENT

As a threshold matter, this Court has a duty to construe federal statutes so as "to avoid serious doubt as to their constitutionality." *Stern v. Marshall*, __ U.S. __,

131 S.Ct. 2594, 2605 (2011), citing text from: *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 841 (1986).  A declaratory judgment from this Court providing a *post-Heller/McDonald*, judicial correction to the Government's interpretation 18 U.S.C. § 921(a)(33) will fulfill that duty.

If this Court is prepared grant partial summary judgment on the declaratory relief claim, i.e., that Plaintiffs are eligible to purchase firearms under the LAUTENBERG AMENDMENT'S restoration of rights provision, and if the Court is also prepared to give that ruling *res judicata* effect, it can avoid the Plaintiffs' Second Amendment constitutional challenge all together.

Upon a showing that there is no genuine dispute of material fact as to particular claim(s) or defense(s), the court may grant summary judgment in the party's favor on "each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed.R.Civ.P. Rule 56(a) (amended 2010); see *Beal Bank, SSB v. Pittorino* (1st Cir. 1999) 177 F.3d 65, 68; *Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.* (CD CA 1993) 860 F.Supp. 1448, 1450 (citing text).

The standards and procedures are the same as for summary judgment. This procedure is commonly referred to as a "partial summary judgment." *American Nurses' Ass'n v. Illinois* (7th Cir. 1986) 783 F.2d 716, 729.  However "partial summary judgment" is a misnomer because it is not a "judgment" nor is it appealable.  It is simply a pretrial order that the judge can change. Unless the court has directed entry of final judgment as to less than all claims pursuant to Fed.R.Civ.P. 54(b), the remaining claims or defenses must still be tried before a judgment is entered.

When multiple claims or parties are involved, the court is empowered to direct entry of final judgment as to some of the claims or parties. It must expressly direct entry of judgment and make an express determination that there is "no just reason for delay." Fed.R.Civ.P. Rule 54(b);  *Noel v. Hall* (9th Cir. 2009) 568 F.3d 743, 747; *Lowery v. Federal Express Corp.* (6th Cir. 2005) 426 F.3d 817, 821-822.

1  The purpose of a Fed.R.Civ.P. Rule 54(b) determination is to generate *res
2  judicata* effect without having to wait until after trial of the remaining issues.
3  *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.* (9th Cir. 1987) 819 F.2d
4  1519, 1524.  Partial judgment under Rule 54(b) is proper where there are distinct
5  and severable claims and immediate review of the portions ruled upon will not
6  result in later duplicative proceedings in the trial or appellate court.  *Wood v. GCa
7  Civil Bend, LLC* (9th Cir. 2005) 422 F.3d 873, 878-879; *Lowery v. Federal Express
8  Corp.* (6th Cir. 2005) 426 F.3d 817, 821-822.

## STATEMENT OF THE LAW RE: SUMMARY JUDGMENT

If this Court is not inclined to resolve this case by way of a partial summary judgment for declaratory relief, then it must take up the Plaintiffs' Second Amendment challenge to the LAUTENBERG AMENDMENT'S failure to provide a meaningful remedy for restoring a fundamental right after a misdemeanant has paid his debt to society.

A motion for summary judgment provides a procedure for terminating without trial actions in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.  56(a) (amended 2010).  Liberal pleading rules allow the assertion of claims and defenses that may have no evidentiary support. A motion for summary judgment "pierces" the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence for its claims or defenses to create a genuine issue for trial. *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325, 106 S.Ct. 2548, 2554.

A party may also move for summary judgment on the ground that there is no genuine dispute of material fact as to some matter on which the opposing party would have the burden of persuasion at trial; i.e., some essential element of the opposing party's claim or defense.  "A moving party without the ultimate burden of persuasion at trial – usually but not always the defendant – has both the initial

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F.3d 1099, 1102.  The moving party may carry its burden of production on summary judgment either by: (1) negating (disproving) an essential element of the opposing party's claim or defense; or (2) "showing" the opposing party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, supra, 210 F.3d at 1102.

The Plaintiffs contend that the federal government cannot produce sufficient evidence to carry its ultimate burden of persuasion at trial.  Fed.R.Civ.P. 56(c)(1)(B) (amended 2010); *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325, 106 S.Ct. 2548, 2554; *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, supra, 210 F.3d at 1102; *Turner v. City of Taylor* (6th Cir. 2005) 412 F.3d 629, 637.

Specifically, the federal government cannot produce evidence that any compelling and/or important government interest is served by a lifetime ban on exercising a fundamental right "to keep and bear arms" after a misdemeanant has complied with all the terms of their conviction and remained a law-abiding citizen for 10 years.

## **STATEMENT OF FACTS**

The concurrently filed Statement of Undisputed Facts (SUF) sets for the forth the following undisputed material facts along with the following reasonable inferences necessary to a summary adjudication of this case:

1. All of the plaintiffs have admitted to be being convicted of a MCDV under California law. (SUF ¶¶ 9-15)
2. All of the plaintiffs complied with the terms and condition of their sentence and/or probation, which is a necessary precondition to being granted a petition under Penal Code § 1203.4 and they were all granted relief under ¶

1203.4. (SUF ¶¶ 9-15)

3. None of the plaintiffs have committed another MCDV in the 10+ years since the original incident that brought them to the attention of the criminal justice system.

4. All seven of the plaintiffs have had their "right to keep and bear arms" restored by operation of state law (passage of 10 years after the date of conviction) under California Penal Code § 12021[1] *et seq.* [28800-29875]

5. All seven plaintiffs are prevented from exercising their SECOND AMENDMENT rights because they cannot pass the background check required under federal and state law to lawfully purchase a firearm. In other words, this is **not** a fear of prosecution case. It is a case in which the federal government is preventing the acquisition of the means of exercising a fundamental right because of its (wrongful) interpretation of the restoration criteria of the LAUTENBERG AMENDMENT. (SUF ¶¶ 9-15)

6. Plaintiffs ENOS, BASTASINI, MERCADO, GROVES, MONTEIRO and ERICKSON were all convicted of a California MCDV prior to the LAUTENBERG AMENDMENT becoming law in 1996. In other words, it was impossible for them to be apprized of a federally mandated collateral consequence of their conviction (i.e., loss of a fundamental right) when that collateral consequence did not yet exist. Furthermore the non-existence of this collateral consequence at the time of their plea and conviction means that they were deprived of making a *knowing and intelligent* waiver of their right to a jury trial – regardless of whether they were represented by counsel. (SUF ¶¶ 9-14)

7. Plaintiff ENOS is a triple threat. He not only qualifies for restoration of his

---

[1] California has reorganized its Deadly Weapon Statutes with the new numbers taking effect January 1, 2012. The old provision is cited and the new provision is bracketed.

1   rights under the 10-year rule and the defective-waiver rule, but he is the only
2   Plaintiff who applied for – and was granted – relief under California's specific
3   statutory remedy for judicial restoration of his firearms rights.  Penal Code §
4   12021(c)(3)[2]. [29860] (SUF ¶ 9)

8.  Some mixed questions of fact and law regarding the loss of – and restoration of civil rights – that can be derived directly from California statutory law:

   a. In California the right to vote is only suspended while a person is "imprisoned or on parole for the conviction of a felony." Cal. Const. Art. II, § 4.

   b. Person whose prison sentence is suspended does not lose the right to vote unless and until actually incarcerated.

   c. Persons convicted of a felony or malfeasance in office may not serve on a jury. Cal. Civ. Proc. Code § 203(a)(5).

   d. The California Constitution disqualifies from office anyone convicted of vote-buying, Cal. Const. art VII, § 8, and authorizes laws disqualifying persons convicted of bribery, perjury, forgery, malfeasance in office, and other "high crimes," related crimes is disqualified from public office. See Cal. Gov't Code § 1021; Cal Penal Code §§ 67, 68, 74, 88, 98. These civil rights may be regained only by a governor's pardon.

   e. California Penal Code § 12021 *et seq*. [29800-29875] generally prohibits all felons from acquiring/possessing firearms unless pardoned by the

---

[2] Indeed, as of the date of this motion, that remedy is no longer available as it only applied to persons convicted prior to California's addition of a specified misdemeanor to the statute and who suffered the loss of their "right to keep and bear arms" due to the statute's retroactive effect.  See Penal Code § 12021(c)(3). Misdemeanants convicted of a California MCDV after 1993 were presumably on notice that the charges against them would result in the 10-year loss of right to acquire/possess firearms.  Meaning that they are presumed to have made a knowing and intelligent waiver of any state law collateral consequences when they disposed of their case via plea instead of trial.

1 governor and then only so long as the pardon specifically restores the
2 right to keep and acquire firearms.  See Penal Code § 4854.
3    f.   California Penal Code § 17 *et seq.*, provides for certain crimes to be
4 charged alternatively as felonies or misdemeanors.  The alternative is
5 usually a charging decision by the District Attorney or it is left to the
6 discretion of a superior court judge.  However, whenever a California
7 "wobbler" is reduced to a misdemeanor – it is a misdemeanor for all
8 purposes and relieves person of any disabilities imposed if it had
9 remained a felony, including felon-in-possession status.  See generally
10 *United States v. Qualls*, 172 F.3d 1136 (9th Cir.).
11    g.   California's MCDV statutes are set forth at Penal Code §§ 243(e) and
12 273.5.  Section 243(e) is a straight misdemeanor. Section 273.5 is a
13 "wobbler" and can be charged in the alternative as a felony or
14 misdemeanor.  A conviction under either code section that results in
15 probation results in the imposition of the statutory terms and
16 condition set forth in Penal Code § 1203.097. (E.g., protective orders,
17 anger management classes, community service, etc.)
18    h.   The sum of these mixed statements of fact/law would be:
19       i.   Unless the person is originally charged with a felony,
20       ii.   Serves jail time during an election such that he loses his right to
21 vote for that election cycle,
22       iii.   Completes probation and then has the felony reduced to a
23 misdemeanor,
24       iv.   Then a person convicted in California of a MCDV suffers the loss
25 of only one civil right (for 10 years) under state law – the "right
26 to keep and bear arms."
27    i.   A Penal Code § 1203.4 "expungement" for successful completion of
28 misdemeanor probation does not restore the firearm rights lost under

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489   Fx: (408) 264-8487
Don@DKLawOffice.com

Penal Code § 12021 *et seq.* [29800-29875]  Its only effect is to establish a presumption that the misdemeanant complied with the terms and conditions of his probation and was granted a withdrawal of his guilty plea and dismissal of the case after the probation period expired.  In other words it is an express finding that the misdemeanant is rehabilitated and thus returned to the status of "law-abiding citizen." This distinction is important to the constitutional analysis of this case because laws impacting a "law-abiding" citizens "right to keep and bear arms" should be subject to a heightened standard of judicial review.  *U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673 and *Ezell v. City of Chicago* (7th Cir. 2011) 651 F.3d 684.

## DISCUSSION

I. <u>The Plain and Unambiguous Language of the LAUTENBERG AMENDMENT Contemplates State Law Procedures for Restoration of the Firearm Rights Suspended by Federal Law upon Conviction of an MCDV.</u>

In statutory interpretation cases, the inquiry begins with a determination of whether the language of the statute is unambiguous and whether the statutory scheme is consistent and coherent.  *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002).  See also: *Salinas v. United States*, 522 U.S. 52 (1997).

The statutory language this Court must interpret regarding Plaintiffs' claims that their civil rights were both lost and restored under California law is set forth at 18 U.S.C. § 921(a)(33)(B)(ii):

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or **has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)** unless the pardon, expungement, or restoration of civil rights expressly provides

> that the person may not ship, transport, possess, or receive firearms. *[Emphasis added]*

In *Logan v. United States*, 552 U.S. 23 (2007), a unanimous court took up the anomalies that arise from statutes that purport to restore rights that were never taken away.  That Court placed some weight on whether the offender's post-conviction status was unaltered by any dispensation of the jurisdiction where the conviction occurred. *Logan* at 26.   That same Court went on to cite with approval the language from the Circuit Court which held that "an offender whose civil rights have been neither diminished nor returned is not a person who 'has had civil rights restored.'" *United States v. Logan,* 453 F.3d 804, 805 (7th Cir. 2006).

*District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010) judicially elevated the status of the rights secured by the SECOND AMENDMENT to individual, fundamental civil rights.  Unlike Mr. Logan, the Plaintiffs in this action lost their civil rights to "keep and bear arms" for 10 years under the laws of the jurisdiction that convicted them of an MCDV.  That same jurisdiction subsequently restored those rights by operation of law (i.e., the passage of a decade).

The *Logan* Court also cited with approval a prior case in which the Supreme Court acknowledged that federal law regarding restoration of rights must give way to a state's broad rules that restore rights by operation of law, and that states need not restore rights on a case-by-case basis.  *Logan* at 28 citing: *Caron v. United States*, (1998) 524 U.S. 308, 313-316.

At issue in *Caron* was the 'unless clause' of 18 U.S.C. § 921(a)(20).  In that case the defendant was subject to a harsher sentence because while Massachusetts law restored his right to possess shotguns and rifles, it did not restore his right to possess handguns.  It was the qualified restoration of rights under Massachusetts law that triggered the 'unless clause' that led to the harsher result.

In contrast, California Penal Code § 12021(c)(1) [29805] restores – without

qualification – the Plaintiffs "right to keep and bear arms" once 10 years have lapsed following their conviction for a California MCDV. Furthermore, Plaintiff ENOS applied for judicial relief under Penal Code § 12021(c)(3) [29860] and his petition for restoration of civil rights was granted in an order signed by a Superior Court Judge on June 16, 2000. [See ENOS Declaration w/attachments.]

The plain and unambiguous language of 18 U.S.C. § 921(a)(33)(B)(ii) contemplates some state law procedure for restoration of any civil rights forfeited under state law by a MCDV conviction.

All of the Plaintiffs in this action lost their civil rights "to keep and bear arms" upon their MCDV convictions under state law. They then had those rights restored under the applicable laws of the same jurisdiction where they were convicted. This Court should find that there is no material dispute of fact on this issue and find as a matter of law that Plaintiffs are no longer subject to the LAUTENBERG AMENDMENT'S prohibition on exercising their rights under the SECOND AMENDMENT.

II. <u>A Criminal Defendant must Be Apprized That He Will Lose a Fundamental Civil Right as a Collateral Consequence of Conviction Before He Can Make a Knowing and Intelligent Waiver of His Right to a Jury Trial.</u>

On this point, the Court must interpret the plain and unambiguous language of 18 U.S.C. § 921(a)(33)(B)(i):

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS § § 921 et seq.], unless--
> (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and
> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
> (aa) the case was tried by a jury, or
> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

In 1996, Congress extended the federal prohibition on firearms to include

1 persons convicted of "a misdemeanor crime of domestic violence." *United States v.*
2 *Hayes*, 555 U.S. 415, 418 (2009).

3 Plaintiffs ENOS (1991), BASTASINI (1991), MERCADO (1990), GROVES
4 (1990), and MONTEIRO (1992) all plead guilty to their crimes prior to **both**
5 California's firearm prohibition for MCDV (1993) and passage of the LAUTENBERG
6 AMENDMENT (1996).  Plaintiff ERIKSON (1996) plead to his MCDV after California
7 enacted its prohibition, but before the LAUTENBERG AMENDMENT passed into law.

8 During the same term that the Supreme Court gave us *McDonald v. City of*
9 *Chicago*, 561 U.S. 3025 (2010); the High Court handed down *Padilla v. Kentucky*,
10 ___ U.S. ___, 130 S.Ct. 1473 (2010).  In that opinion the Court found that a criminal
11 defendant who was not apprized of the collateral consequence of his conviction
12 (deportation) may have been denied constitutionally adequate assistance of counsel
13 under the SIXTH AMENDMENT, following the line of case arising from *Strickland v.*
14 *Washington*, 466 U.S. 668 (1984).  In coming to that conclusion the Court took note
15 of the fact that deportation, though "civil in nature, see *INS v. Lopez-Mendoza*, 468
16 U.S. 1032, 1038, (1984), [...] is nevertheless intimately related to the criminal
17 process.  Our law has enmeshed criminal convictions and the penalty of deportation
18 for nearly a century, [...]."  *Padilla* at 1481.

19 With the Supreme Court's promotion of the rights secured by the SECOND
20 AMENDMENT to the status of fundamental civil rights, in *District of Columbia v.*
21 *Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010);
22 Plaintiffs herein contend that the collateral consequence of losing those rights is at
23 least equal to or greater than mere deportation.  Hence this Court must apply the
24 *Padilla* rationale to whether Plaintiffs made a knowing and intelligent waiver of
25 their right to a jury trial when they stood in the dock charged with a MCDV.

26 Since it is existentially impossible for a criminal defendant to be apprized of a
27 collateral consequence (loss of firearm rights) that doesn't exist at the time of his
28 plea in lieu of a jury trial, this Court should find that Plaintiffs ENOS, BASTASINI,

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489   Fx: (408) 264-8487
Don@DKLawOffice.com

MERCADO, GROVES MONTEIRO and ERIKSON count **not** have made a knowing and intelligent waiver of their right to jury trial. Hence their convictions do not qualify as a MCDV under the plain language of 18 U.S.C. § 921(a)(33)(B)(i).

III. <u>If the Restoration Provisions of the LAUTENBERG AMENDMENT Do Not Encompass California's Forfeiture and Restoration of Firearm Rights under State Law, Then It Violates the SECOND AMENDMENT.</u>

The Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008) assured the nation that "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller* at 626-27.

As noted earlier, the LAUTENBERG AMENDMENT is a recent creature of statute having been attached to an appropriations bill during the 104th Congress in September of 1996. Therefore it is **not** a longstanding doctrine of American jurisprudence that a MCDV should disqualify someone from exercising a fundamental, enumerated right under our Constitution.

It is only the federal government's obstinate insistence on an obtuse reading of 18 U.S.C. § 921(a)(33) *et seq.*, that propels this Court toward a constitutional analysis of the LAUTENBERG AMENDMENT in light of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010).

If the Court is required to pursue that analysis, it should apply (almost) strict scrutiny and require the government to bear the burden of producing evidence that forbidding misdemeanants with a 10-year history of law-abiding citizenship from exercising SECOND AMENDMENT rights serves a compelling government interest, and that the means used (a complete lifetime ban on exercising the right) is necessary to achieve that interest. See: *U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673 and *Ezell v. City of Chicago* (7th Cir. 2011) 651 F.3d 684.

If the government cannot produce that evidence, then under the Fed.R.Civ.P. 56, this Court can grant summary judgment in favor the Plaintiffs and enter judgment in their favor.

## **CONCLUSION**

There is no genuine dispute of material facts in this case and Plaintiffs are entitled to judgment as a matter of law on their declaratory relief claims. The Court can reach this conclusion under a Fed.R.Civ.P. 54/56 finding that partial summary judgment (i.e., declaratory relief) is appropriate without having to reach the merits of Plaintiffs' SECOND AMENDMENT challenge to the LAUTENBERG AMENDMENT. Plaintiffs herein pray for judgment as a matter of law that makes a finding that their SECOND AMENDMENT rights have been restored after they have demonstrated their rehabilitation and secured the restoration of their rights under California law.

In the alternative, this Court can require the Defendants to carry their constitutionally mandated evidentiary and legal burden under a direct SECOND AMENDMENT challenge to federal scheme at issue.

Respectfully Submitted on December 19, 2011,

   /s/ Donald Kilmer

Donald Kilmer, Attorney for Plaintiffs