SAN JOSE FACILITY
200 W. HEDDING ST.
SAN JOSE, [CA]

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
PROCEEDINGS SENTENCE, PROBATION ORDER

CASE NO. C9093610
[SEN] 9048176
DATE 06-16-2000   1:33   DEPT. 44

PEOPLE VS. RICHARD EUGENE ENOS
L.K.A.

JUDGE: HON. THANG NGUYEN BARRETT
REPORTER: S. ELKATANANI / FELICIA MATTIC
DEF. ATTY.:
CHARGES: M(1) PC273.5(A)

SLODERBECK

HEARING: MOTION
AGENCY:
STATUS: TW

[handwritten: D.]

NEXT COURT APPEARANCE DATE _____

- [x] Defendant Present  ☐ Not Present
- ☐ Arr./Advised  ☐ Viol. Of Prob.  ☐ Arr. Waived
- ☐ Not Guilty  ☐ Reptr. Advised/Waived
- ☐ COP  ☐ Guilty  ☐ Nolo Contendere  ☐ Refusal Adm.
- ☐ Priors  ☐ Allegations  ☐ Admitted  ☐ Denied  ☐ Stricken
- ☐ Time Waived  ☐ Not Waived  ☐ For Sentence
- ☐ Refer  ☐ Appoint Alternate Defender  ☐ Legal Aid
- ☐ Alternate/P.D. Declares conflict  ☐ Relieved
- ☐ Stip. To Comm.  ☐ PC977 waiver filed
- ☐ [Factual] Basis  ☐ Findings  ☐ Adv. Max. Penalties
- ☐ [Rights] ___
- ☐ Amended to VC23103(a)  ☐ purs. VC23103.5 MDA
- ☐ D.A. statement filed  ☐ Dismissed
- ☐ Amended ___
- ☐ PC17b Reduction ___
- ☐ Sentenced to _____ County Jail  ☐ Execution  ☐ Imposition of sentence suspended for the probationary period.
- ☐ COURT  ☐ FORMAL PROBATION GRANTED for a period of _____ days/mos./years from the date of this order.
- Probation  ☐ Reinstated  ☐ Terminated  ☐ Modified  ☐ Revoked. Court finds Violation/No Violation Prob.  ☐ Probation extended to expire ___
- ☐ Original Terms in full force except as amended herein ___
- ☐ Probation may be modified to _____  ☐ Upon completion of ___
- ☐ Conditions of Probation follow (see reverse side for additional conditions)  ☐ PC1203.1B fees ordered/waived $_____ + $_____ /mo.

- ☐ Atty. Not Present  [x] Present _____ [Kinley?]
- ☐ Arraignment  ☐ Plea  ☐ I.D. Counsel
- ☐ Supv O/R  ☐ O/R  ☐ Bail Hrg  ☐ F.A.R.
- ☐ Prelim.  ☐ Setting  ☐ Pretrial Conf.
- ☐ Jury  ☐ Ct. Trl.  ☐ Peo/Def Waive Jury
- ☐ Proof of ___
- ☐ Notice of Eligibility Filed  ☐ D.E.J.
- ☐ Report to D.A.D.S.  ☐ D.E.J. Fee $___
- ☐ Probation/  ☐ Sentence
- ☐ Revocation  ☐ Report Prob. Dept.
- ☐ Within 3 Days  ☐ Upon Release
- ☐ Adv. PC12021(c)  ☐ VC14607.8  ☐ PC666
- [x] PROBATION DENIED

- ☐ A.D.  ☐ P.D.  ☐ Legal Aid  ☐ Spec App
- Interpreter _____  ☐ Sworn
- Bail  ☐ Exonerated  ☐ Forfeited Bond # ___
- ☐ Bail Apply  ☐ Bal. Exonerated
- ☐ Forfeiture Set Aside  ☐ Bail Reinstated
- ☐ Reassumption Filed  ☐ May post & Forfeit
- ☐ B/W Set Aside  ☐ Recalled  ☐ Filed
- O/R  ☐ Revoked  ☐ Reinstated
- ☐ B/W Ordered, Bail $___  ☐ B/W Stayed
- ☐ No Cite Release  ☐ No Requests  ☐ Cash only
- [x] Hearing on Motion
- Motion  ☐ Denied  [x] Granted  ☐ O./C.  ☐ Submitted
- ☐ $___ Costs by ___
- ☐ Protective Order issued/mod./terminated
  ☐ Served  ☐ As condition probation

**FINE** PAY TO:  ☐ COURT   ☐ D.O.R.   ☐ PROBATION   ☐ FAMILY SUPPORT TRUSTEE $___

| | | | |
|---|---|---|---|
| Count ___ $___ | PA ___ | Orig. Fine Bal. $___ | ☐ Sentence Suspended ___ |
| Count ___ $___ | PA ___ | CTS PC 2900.5 $___ | ☐ Refer VWAC Restitution Report |
| Count ___ $___ | PA ___ | Total Amt Due $___ | ☐ Restitution $___ thru ☐ VWAC ☐ APO |

F E E S
- DRF/RF $___  ☐ _____ Hours of Volunteer Work in lieu of fine  ☐ PC987.8 Fees Ordered $___
- APA/DPF $___  ☐ Payments granted/modified $___ per month commencing ___
- LAB $___  ☐ Stay to ___  ☐ To Pay Today  ☐ Fees to be collected civilly
- NC $___  ☐ Committed for fine at one day in jail for each $___ of unpaid fine (May Pay Out)
- AR $___  ☐ Consecutively  ☐ Concurrently to ___  ☐ Deemed satisfied
- CJAF $___ to ___  ☐ Domestic Violence Fee $___  ☐ Shelter Fee $___

**JAIL**  ☐ Straight Time  ☐ Weekday  ☐ Weekend Work  ☐ PC1209 Fee Ordered  ☐ PC1209 Fee Waived  ☐ Work Furlough Recommended
- ☐ Serve _____ Hrs./Days/Mos.  ☐ Suspend  ☐ All But _____ Hrs./Days/Mos.  ☐ EMP  ☐ No Early Release Programs
- ☐ PC2900.5 credit _____ Hrs./Days. To be served consecutively/concurrently ___
- ☐ On Condition Participate in Licensed Residential Treatment  ☐ Appear Dept. of Correction on _____ AM/PM for Pre-Processing
- ☐ Sentence to commence _____ at 8:00 AM and consecutive MO/TU/WE/TH/FR/SA/SU ___
- ☐ Stay of Execution granted to _____ and defendant to surrender to Dept of Correction/Court at that time.

- ☐ Must hold valid operators license and maintain Liability/Property Damage Insurance.  ☐ Advised VC23206  ☐ HTO status  ☐ Possess no weapons
- ☐ Within ___ days enroll in First Offender Alcohol Program and complete without interruption.  ☐ Weapon ordered destroyed/returned
- ☐ Participate in  ☐ Delete  ☐ Reinstate  ☐ Re-refer First/Multiple Offender Alcohol Program as directed by Probation Officer (PO)/Court
- ☐ Participate in Educational, Vocational, Alcohol, Psychiatric, Domestic Violence or other Therapeutic Program as directed by PO/Court
- ☐ Submit person/vehicle/residence to search/seizure at any time without benefit of warrant.  ☐ Alcohol/Drug Test as ordered by Peace Officer.
- ☐ License suspended/restricted/revoked for _____ to, from, during  ☐ Work/Alcohol Program/School/Appt's.  ☐ License surrendered  ☐ Purs. VC13202.5/13202.6
- ☐ License restriction removed  ☐ Adv VC23246  ☐ I.I.D. Not/Ordered installed/removed. Term ___ yrs.  ☐ To sell/transfer vehicle and notify APO within ___ days.
- Vehicle  ☐ Impounded  ☐ Not Impounded  ☐ Order Filed  ☐ _____ Hours Volunteer Work  ☐ As directed by PO/S.A.P.  ☐ Register purs. PC290/HS11590
- ☐ Other ___

- ☐ REMANDED to custody until next appearance.  ☐ Increased  ☐ Reduced
- ☐ ORDERED RELEASED:  ☐ on O/R  ☐ on S/O/R   BAIL $___   ☐ As a condition of SORP
- ☐ COMMITTED to custody until sentence is satisfied in full.  ☐ Stay on jail sentence. See above.

I certify the foregoing is a true copy of the order/judgment rendered on the above date.
CLERK OF THE ABOVE ENTITLED COURT BY _____ DEPUTY CLERK

PROMISE TO APPEAR: I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.

EXECUTED ON _____ BY _____ DEFENDANT

Distribution: BLACK JAIL, GREEN FILE COPY, BLUE CJIC, PURPLE DOR./PROBATION, BROWN DEFENDANT

```
 1   Donald E. J. Kilmer, Jr.
     State Bar Number: 179986
 2   LAW OFFICES OF DONALD KILMER
     1261 Lincoln Avenue, Suite 108
 3   San Jose, California 95125-3030
     Voice: 408/998-8489    Fax: 408/998-8487
 4
     Attorney for Petitioner
```

ENDORSED

FILED

MAY 12 2000

STEPHEN V. LOVE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
By _____SUSAN MOODY_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
SAN JOSE FACILITY – CRIMINAL DIVISION

| RICHARD EUGENE ENOS | Case No.: C 9093610 |
| --- | --- |
| Petitioner, and | PETITION FOR RESTORATION OF CIVIL RIGHTS (FIREARM POSSESSION), MEMORANDUM OF POINTS AND AUTHORITIES, and DECLARATION IN SUPPORT THEREOF |
| STATE OF CALIFORNIA Respondent. | California Penal Code s 12021(c)(3) |

  Petitioner RICHARD EUGENE ENOS is currently prohibited from owning or possessing firearms in accordance with California Penal Code § 12021(c)(1). He was convicted of a misdemeanor offense for violation of Penal Code § 273.5(A) on July 15, 1991 and is therefore disqualified from firearm ownership or possession for a period of ten (10) years.

  Petitioner RICHARD EUGENE ENOS respectfully applies to this court for relief from Penal Code § 12021(c)(1) under the provisions contained in Penal Code § 12021(c)(3).

Dated: May 4, 2000

_____
Donald E. J. Kilmer, Jr.
Attorney for Petitioner.

PC 12021(c)(3)

COPY

## MEMORANDUM OF POINTS AND AUTHORITIES

Statement of Facts

The Petitioner was convicted of a misdemeanor violation of Penal Code § 273.5(A) on July 15, 1991. [Petitioner requests that the court take Judicial Notice of the <u>Petition and Order Under P.C. 1203.4</u>. A true and correct copy is attached as Exhibit A.]

On or about April 8, 1999 a Probation Officer for the County of Santa Clara gave testimony indicating that the Petitioner had fulfilled the terms and conditions of his probation.

On or about May 25, 1999, the Honorable Ray E. Cunningham made an order setting aside the Petitioner's finding of guilt, substituting a plea of not guilty and dismissing the action pursuant to Penal Code § 1203.4.

The Petitioner can satisfy all the conditions set forth in Penal Code § 12021(c)(3). [See Petitioner's Declaration attached to this memorandum.]

Argument

As codified today, Penal Code § 12021(c)(1) prohibits the possession of firearms by convicted felons and persons convicted of enumerated misdemeanors. Pursuant to this Penal Code Section, Petitioner is prohibited from firearm possession for a period of ten (10) years for a misdemeanor conviction of Penal Code § 273.5 that occurred in July 15, 1991.

However, it was not until 1993 that the California Legislature added Penal Code § 273.5 to the list of enumerated misdemeanors. [See the highlighted portions of the copy of Penal Code § 12021 attached to this memorandum as Exhibit B.]

Penal Code § 12021(c)(3) states: "*<u>Any person who is subject to the prohibition imposed by this subdivision because of a conviction of an offense prior to that offense being added to paragraph (1), may petition the court only once for relief from this prohibition.</u>*"

As the Petitioner's conviction {1991} occurred before the enumerated misdemeanor was added {1993} to Penal Code § 12021(c)(1), he is within the class of persons who may apply to the court for relief under § 12021(c)(3).

/ / / /

/ / / /

In its decision, the Court may consider the interests of justice and the totality of the circumstances. The court is also required to make the following findings:

(A) That the petitioner is likely to use a firearm in a safe and lawful manner,

(B) That the petitioner is not within a prohibited class as defined in Penal Code § 12021.1 or Welfare & Institutions Code §§ 8100 and/or 8103.

(C) That the petitioner does not have a previous conviction under Penal Code § 21021.

These findings are to be made according to the "preponderance of evidence" standard of proof. *"Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. "If the evidence is so evenly balanced that the jury is unable to say the evidence on either side of an issue preponderates, the jury must find on that issue against the party who had the burden of proving it."*

[See BAJI 2.60]

Conclusion

As the Petitioner has put forth competent evidence to enable the court to make the appropriate findings; and as no contradictory evidence of any kind can be offered by any agency or person to contradict Petitioner's evidence; Petitioner respectfully requests that this court issue an order granting him relief from Penal Code § 12021(c)(1) in accordance with the provisions set forth in § 12021(c)(3).

In the alternative, Petitioner requests that the Court set a date for an evidentiary hearing and indicate to the Petitioner what further evidence the Court might consider in its decision on this matter.

Dated: May 4, 2000

Respectfully Submitted,

_Donald E. J. Kilmer, Jr._
Attorney for the Petitioner

PC 12021(c)(3)

<u>DECLARATION OF PETITIONER - RICHARD EUGENE ENOS</u>

I, RICHARD EUGENE ENOS, declare as follows:

1. I have read the foregoing Petition and know the contents thereof. All statements contained therein are true and correct, except those items stated on information and belief.

2. I am currently employed by Billings Chevrolet in Milpitas, California. I have been employed there for ten (10) years as a Service Consultant.

3. Since July of 1991 I have obtained two (2) Associates Degrees, one in Liberal Arts and the other in Automotive Science.

4. I currently reside at 1509 Vintage Court in Tracy, California 95376. I have lived there since February, 1995.

5. I have enjoyed the sport of shooting since I was thirteen (13) years old. I have owned shotguns, rifles and handguns for sporting purposes up until my conviction in 1991.

6. My purpose in applying for relief from firearms prohibitions is to take up the sport/hobby of shooting again, and to facilitate my pursuit of a career change in law enforcement.

7. If the court grants the relief requested in this petition, I will enroll in a firearm safety class to educate myself to use any firearm in a safe and lawful manner. I also intend to store any firearms in my possession in a safe and lawful.

8. I have not been arrested or convicted for any crime since my conviction in July of 1991.

9. This is the first and only time I have applied for relief from firearm prohibition under Penal Code § 12021.

I declare under penalty of perjury, under the laws of the State of California, that the forgoing is true and correct, and that this declaration was executed in San Jose, California on April 12, 2000.

*[signature]*
Richard Eugene Enos

PC 12021(c)(3)

Exhibit _A_

**MUNICIPAL COURT OF CALIFORNIA**
**SANTA CLARA COUNTY JUDICIAL DISTRICT**
San Jose
FACILITY

FILED
MAY 25 1999
STEPHEN V. LOVE
Chief Executive Officer
Superior Court of CA County of Santa Clara
By __R. Guillermo__ Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA,
　　　　　　　　　　　　　　　PLAINTIFF,
　　　VS.
Richard Eugene Enos

　　　　　　　　　　　DEFENDANT,

CASE NO. C9093610

PETITION AND ORDER UNDER
P.C. 1203.4

## PETITION

I, the undersigned, say: that I am the probation officer for the defendant in the above-entitled criminal action, who was convicted of the misdemeanor offense of violation of Section __273.5(A)__ of __PC__ on __7/15/91__

That probation was granted on the terms and conditions set forth in the docket of the above-named court; that the defendant has:

　{ X }　fulfilled the conditions of probation for the entire period thereof;

　{ }　been discharged from probation prior to the termination of the period thereof.

Wherefore petitioner hereby requests that defendant be permitted to withdraw his plea of guilty, or that the verdict or finding of guilty be set aside and that a plea of not guilty be entered and that the court dismiss this action pursuant to Section 1203.4 of the Penal Code.

Executed on __4/8/99__ at 2600 North First Street, San Jose, California
　　　　　　　　date

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Petitioner

## ORDER   D. Prestigiacomo

It appearing to the court from the records on file in this case, and from the foregoing petition, that the defendant herein is eligible for the relief requested. The defendant is advised that this Order does not relieve him/her of the obligation to disclose the above referenced conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any State or local agency, or for contracting with the California State Lottery. It is hereby ordered that the plea, verdict, or finding of guilt in the above-entitled action be set aside and vacated and a plea of not guilty be entered; and that the complaint be, and is hereby dismissed.

Dated __MAY 25 1999__　　Judge　__RAY E. CUNNINGHAM__
　　　　　　　　　　　　　　　　　　　JUDGE

Rev: 8/28/92
7468 REV 9 92

A-37

Exhibit B

| Citation | Found Document | Rank 1 of 5 | Database |
|---|---|---|---|
| CA PENAL s 12021 | | | CA-ST-ANN |

West's Ann.Cal.Penal Code § 12021

TEXT

WEST'S ANNOTATED CALIFORNIA CODES
PENAL CODE
PART 4. PREVENTION OF CRIMES AND APPREHENSION OF CRIMINALS
TITLE 2. CONTROL OF DEADLY WEAPONS
CHAPTER 1. FIREARMS
ARTICLE 2. UNLAWFUL CARRYING AND POSSESSION OF WEAPONS
Copr. © West Group 2000. All rights reserved.
Current through 1999 portion of 1999-2000 Reg. Sess. and 1st Ex. Sess.

§ 12021. Specified convictions; narcotic addiction; condition of probation; restrictions on firearms possession; punishment; employment needs; relief from prohibition; justifiable violations

(a)(1) Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.
(2) Any person who has two or more convictions for violating paragraph (2) of subdivision (a) of Section 417 and who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.
(b) Notwithstanding subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when that conviction results from certification by the juvenile court for prosecution as an adult in an adult court under Section 707 of the Welfare and Institutions Code, who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.
(c)(1) Except as provided in subdivision (a) or paragraph (2) of this subdivision, any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.5, or 140, subdivision (d) of Section 148, Section 171b, 171c, 171d, 186.28, 240, 241, 242, 243, 244.5, 245, 245.5, 246, 246.3, 247, 273.5, 273.6, 417, 417.1, 417.2, 417.6, 626.9, 646.9, 12023, or 12024, subdivision (b) or (d) of Section 12034, Section 12040, subdivision (b) of Section 12072, subdivision (a) of former Section 12100, Section 12220, 12320, or 12590, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, or of the conduct punished in paragraph (3) of subdivision (g) of Section 12072, and who, within 10 years of the conviction, owns, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

TEXT

thousand dollars ($1,000), or by both that imprisonment and fine. The court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. However, the prohibition in this paragraph may be reduced, eliminated, or conditioned as provided in paragraph (2) or (3).

  (2) Any person employed as a peace officer described in Section 830.1, 830.2, 830.31, 830.32, 830.33, or 830.5 whose employment or livelihood is dependent on the ability to legally possess a firearm, who is subject to the prohibition imposed by this subdivision because of a conviction under Section 273.5, 273.6, or 646.9, may petition the court only once for relief from this prohibition. The petition shall be filed with the court in which the petitioner was sentenced. If possible, the matter shall be heard before the same judge that sentenced the petitioner. Upon filing the petition, the clerk of the court shall set the hearing date and shall notify the petitioner and the prosecuting attorney of the date of the hearing. Upon making each of the following findings, the court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate:
  (A) Finds by a preponderance of the evidence that the petitioner is likely to use a firearm in a safe and lawful manner.
  (B) Finds that the petitioner is not within a prohibited class as specified in subdivision (a), (b), (d), (e), or (g) or Section 12021.1, and the court is not presented with any credible evidence that the petitioner is a person described in Section 8100 or 8103 of the Welfare and Institutions Code.
  (C) Finds that the petitioner does not have a previous conviction under this subdivision no matter when the prior conviction occurred.
  In making its decision, the court shall consider the petitioner's continued employment, the interest of justice, any relevant evidence, and the totality of the circumstances. The court shall require, as a condition of granting relief from the prohibition under this section, that the petitioner agree to participate in counseling as deemed appropriate by the court. Relief from the prohibition shall not relieve any other person or entity from any liability that might otherwise be imposed. It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted. However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner. It is the intent of the Legislature to permit persons who were convicted of an offense specified in Section 273.5, 273.6, or 646.9 to seek relief from the prohibition imposed by this subdivision.
  (3) Any person who is subject to the prohibition imposed by this subdivision because of a conviction of an offense prior to that offense being added to paragraph (1), may petition the court only once for relief from this prohibition. The petition shall be filed with the court in which the petitioner was sentenced. If possible, the matter shall be heard before the same judge that sentenced the petitioner. Upon filing the petition, the clerk of the court shall set the hearing date and notify the petitioner and the prosecuting attorney of the date of the hearing. Upon making each of the following findings, the court may reduce

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

TEXT
or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate:
  (A) Finds by a preponderance of the evidence that the petitioner is likely to use a firearm in a safe and lawful manner.
  (B) Finds that the petitioner is not within a prohibited class as specified in subdivision (a), (b), (d), (e), or (g) or Section 12021.1, and the court is not presented with any credible evidence that the petitioner is a person described in Section 8100 or 8103 of the Welfare and Institutions Code.
  (C) Finds that the petitioner does not have a previous conviction under this subdivision, no matter when the prior conviction occurred.
  In making its decision, the court may consider the interest of justice, any relevant evidence, and the totality of the circumstances.  It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted.  However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner.
  (4) Law enforcement officials who enforce the prohibition specified in this subdivision against a person who has been granted relief pursuant to paragraph (2) or (3), shall be immune from any liability for false arrest arising from the enforcement of this subdivision unless the person has in his or her possession a certified copy of the court order that granted the person relief from the prohibition.  This immunity from liability shall not relieve any person or entity from any other liability that might otherwise be imposed.
  (d) Any person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm and who owns, or has in his or her possession or under his or her custody or control, any firearm but who is not subject to subdivision (a) or (c) is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.  The court, on forms provided by the Department of Justice, shall notify the department of persons subject to this subdivision.  The notice shall include a copy of the order of probation and a copy of any minute order or abstract reflecting the order and conditions of probation.
  (e) Any person who (1) is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, or any offense enumerated in paragraph (1) of subdivision (c), and (2) is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, or any offense enumerated in paragraph (1) of subdivision (c) shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years.  A violation of this subdivision shall be punishable by imprisonment in a county jail not exceeding

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

TEXT
one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. The juvenile court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. Notwithstanding any other law, the forms required to be submitted to the department pursuant to this subdivision may be used to determine eligibility to acquire a firearm.

  (f) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless either of the following criteria is satisfied:
  (1) Conviction of a like offense under California law can only result in imposition of felony punishment.
  (2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both punishments.
  (g)(1) Every person who purchases or receives, or attempts to purchase or receive, a firearm knowing that he or she is subject to a protective order as defined in Section 6218 of the Family Code, Section 136.2, or a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. This subdivision does not apply unless the copy of the restraining order personally served on the person against whom the restraining order is issued contains a notice in bold print stating (1) that the person is prohibited from purchasing or receiving or attempting to purchase or receive a firearm and (2) specifying the penalties for violating this subdivision, or a court has provided actual verbal notice of the firearm prohibition and penalty as provided in Section 6304 of the Family Code.
  (2) Every person who owns or possesses a firearm knowing that he or she is prohibited from owning or possessing a firearm by the provisions of a protective order as defined in Section 6218 of the Family Code, Section 136.2 of the Penal Code, or a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. This subdivision does not apply unless a copy of the restraining order personally served on the person against whom the restraining order is issued contains a notice in bold print stating (1) that the person is prohibited from owning or possessing or attempting to own or possess a firearm and (2) specifying the penalties for violating this subdivision, or a court has provided actual verbal notice of the firearm prohibition and penalty as provided in Section 6304 of the Family Code..

  (3) Judicial Council shall provide notice on all protective orders that the respondent is prohibited from owning, possessing, purchasing, or receiving a firearm while the protective order is in effect and that the firearm shall be

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

TEXT

relinquished to the local law enforcement agency for that jurisdiction or sold to a licensed gun dealer, and that proof of surrender or sale shall be filed within a specified time of receipt of the order. The order shall also state on its face the expiration date for relinquishment.

(4) If probation is granted upon conviction of a violation of this subdivision, the court shall impose probation consistent with the provisions of Section 1203.097.

(h)(1) A violation of subdivision (a), (b), (c), (d), or (e) is justifiable where all of the following conditions are met:

(A) The person found the firearm or took the firearm from a person who was committing a crime against him or her.

(B) The person possessed the firearm no longer than was necessary to deliver or transport the firearm to a law enforcement agency for that agency's disposition according to law.

(C) If the firearm was transported to a law enforcement agency, it was transported in accordance with paragraph (18) of subdivision (a) of Section 12026.2.

(D) If the firearm is being transported to a law enforcement agency, the person transporting the firearm has given prior notice to the law enforcement agency that he or she is transporting the firearm to the law enforcement agency for disposition according to law.

(2) Upon the trial for violating subdivision (a), (b), (c), (d), or (e), the trier of fact shall determine whether the defendant was acting within the provisions of the exemption created by this subdivision.

(3) The defendant has the burden of proving by a preponderance of the evidence that he or she comes within the provisions of the exemption created by this subdivision.

CREDIT

CREDIT(S)

2000 Main Volume

(Added by Stats.1953, c. 36, p. 654, § 1. Amended by Stats.1965, c. 931, p. 2545, § 1; Stats.1970, c. 1345, p. 2506, § 1, eff. Sept. 17, 1970; Stats.1974, c. 1197, p. 2588, § 1; Stats.1976, c. 1139, p. 5161, § 303, operative July 1, 1977; Stats.1982, c. 136, § 6, eff. March 26, 1982, operative April 25, 1982; Stats.1983, c. 1092, § 326.5, eff. Sept. 27, 1983, operative Jan. 1, 1984; Stats.1989, c. 254, § 1; Stats.1989, c. 1044, § 3; Stats.1990, c. 9 (A.B.497), § 2; Stats.1990, c. 1180 (A.B.1753), § 3; Stats.1991, c. 953 (A.B.108), § 4, eff. Oct. 14, 1991; Stats.1991, c. 955 (A.B.242), § 3; Stats.1992, c. 163 (A.B.2641), § 114, operative Jan. 1, 1994; Stats.1993, c. 219 (A.B.1500), § 221.3; Stats.1993, c. 297 (S.B.1184), § 1; Stats.1993, c. 600 (A.B.242), § 1; Stats.1993, c. 612 (A.B.685), § 2; Stats.1994, c. 146 (A.B.3601), § 170; Stats.1994, c. 23 (A.B.482), § 5; Stats.1994, c. 451 (A.B.2470), § 4;

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

CREDIT

Stats.1993-94, 1st Ex.Sess., c. 27 (A.B.91), § 1;  Stats.1994, 1st Ex.Sess., c. 29 (A.B.68), § 4;  Stats.1993-94, 1st Ex.Sess., c. 33 (S.B.36), § 3;  Stats.1993-94, 1st Ex.Sess., c. 33 (S.B.36), § 3.5;  Stats.1995, c. 178 (S.B.23), § 1;  Stats.1997, c. 143 (A.B.688), § 1;  Stats.1997, c. 158 (A.B.78), § 2.5;  Stats.1999, c. 662 (S.B.218), § 17.)

<General Materials (GM) - References, Annotations, or Tables>

LAW REVISION COMMISSION COMMENT

2000 Main Volume

1992 Amendment

Subdivision (g) of Section 12021 is amended to substitute references to the Family Code provisions that replaced the former Civil Code provisions.  The reference to former Code of Civil Procedure Section 550(f) has been replaced by a reference to Family Code Section 5516, which requires the court to give the respondent notice that the respondent is prohibited from purchasing or receiving or attempting to purchase or receive a firearm, including a notice of the penalty for violation.  [22 Cal.L.Rev.Comm.Reports 1 (1992)]

OFFICIAL FORMS

2000 Main Volume

<Mandatory and optional Forms adapted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet.>

HISTORICAL AND STATUTORY NOTES

2000 Main Volume

This section, as added in 1953, read as follows:

"Any person who is not a citizen of the United States and any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon

the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both."

The 1965 amendment increased the maximum term of imprisonment from 5 to 15 years.

The 1970 amendment added a subdivision describing situations in which subd. (a) does not apply.

The 1974 amendment deleted, at the beginning of the section, "Any person who is not a citizen of the United States and".

The 1976 amendment deleted, in subd. (a), the words "not exceeding 15 years" following "in the state prison."

T   1982 amendment inserted, in subd. (a), the provision concerning an offense enumerated in § 12001.6; added subd. (b); and relettered former subd. (b) as subd. (c).

As added, subd. (b) read:

"(b) Notwithstanding the provisions of subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when such conviction results from certification by the juvenile court for prosecution as an adult in an adult court under the provisions of Section 707 of the Welfare and Institutions Code, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not ex eding five hundred dollars ($500), or by both."

Amendment of this section by § 6.5 of Stats.1982, c. 136, failed to become operative under the provisions of § 12 of that Act.

The 1983 amendment increased the maximum fine in subds. (a) and (b) from $500 to $1,000.

The 1989 amendment substituted "firearm" for "pistol, revolver, or other firearm capable of being concealed upon the person" and "felony" for "public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both" in subds. (a) and (b); and made gender related changes throughout the section.

The 1989 amendment of this section by c. 1044 explicitly amended the 1989 amendment of this section by c. 254.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Severability provision of Stats.1989, c. 1044, see Historical Note under § 1170.1.

Section affected by two or more acts at the same session of the legislature, see Government Code § 9605.

The 1990 amendment by c. 1180 added subd. (g) relating to persons who obtain a firearm while subject to a restraining order.

The 1990 amendment of this section by c. 1180 explicitly amended the 1990 amendment of this section by c. 9.

Section 6 of Stats.1990, c. 1180, provides:

"This act shall only become operative if Assembly Bill 3593 [c. 935] of the 1989-90 Regular Session of the Legislature is also chaptered [So chaptered]."

Section affected by two or more acts at the same session of the legislature, see Government Code § 9605.

The 1991 amendment by c. 953 rewrote subd. (g) which had read:

"Every person who obtains, receives, purchases, or otherwise acquires, or who attempts to obtain, receive, purchase, or otherwise acquire, a firearm knowing that he or she is subject to a restraining order issued pursuant to Section 545, Section 545.5, Section 546, and paragraph (2) of subdivision (a) of Section 547 of the Code of Civil Procedure is guilty of a public offense, which shall be punishable by imprisonment in the state prison or in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000), or both the fine and imprisonment."

The 1991 amendment by c. 955 rewrote subd. (c); and made nonsubstantive changes in subds. (b), (d) and (e). Subdivision (c), as amended by Stats.1991, c. 953 (A.B.108), § 4, had provided:

"Except as provided in subdivision (a), any person who has been convicted of a misdemeanor violation of Section 136.5, 140, 171b, 171c, 171d, 241, 243, 244.5, 245, 245.5, 246.3, 247, 417, 417.2, 626.9, subdivision (b) or (d) of Section 12034, subdivision (a) of Section 12100, 12320, or 12590 and who within 10 years of the conviction, owns, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in the state prison or in the county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both the fine and imprisonment. The court shall, on forms prescribed by the Department of Justice, notify the department of persons subject to this subdivision."

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Under the provisions of § 12 of Stats.1991, c. 955, the 1991 amendments of this section by c. 953 and c. 955 were given effect and incorporated in the form set forth in § 4 of c. 953 operative until Jan. 1, 1992, then in the form set forth in § 3 of c. 955. An amendment of this section by § 2 of Stats.1991, c. 955, failed to become operative under the provisions of § 12 of that Act.

The Assembly Daily Journal for the 1991-92 Regular Session, page 5633, contained the following letter dated Feb. 24, 1992 from Assembly Member Connelly regarding the intent of A.B. 242 (Stats.1991, c. 955):

"Dear Chief Clerk Wilson: This letter is written to clarify the intent of my legislation, AB 242 (Chapter 955, Statutes of 1991), which, among other things, enacted Penal Code Section 12021(c)(2).

"The purpose of subdivision (c)(2) is to grant designated persons, who are subject to the prohibition contained in subdivision (c)(1), an opportunity to se  relief from the prohibition imposed by subdivision (c)(1).

"Unfortunately, the language in subdivision (c)(2) does not precisely parallel the language contained in subdivision (c)(1). Specifically, the prohibition in subdivision (c)(1) applies to any person who 'owns, or has in his or her possession or under his or her custody or control,' a firearm. The language in subdivision (c)(2) refers to any person whose continued employment or livelihood is dependent on the ability to legally 'possess' a firearm.

"This lack of parallelism is inadvertent. The clear purpose of subdivision (c)(2) is to permit any person subject to the prohibition in subdivision (c)(1) to seek relief, in whole or in part, as provided by subdivision (c)(2). The lack of parallelism should not be interpreted to limit the application of subdivision (c)(2).

"Thank you for your courtesy in this matter."

The 1992 amendment made changes to conform with the enactment of the Family Code by Stats.1992, c. 162.

The 1993 amendment designated existing subd.(a) as subd.(a)(1) and inserted "subdivision (a), (b), or (d) of" in that subdivision; added subd.(a)(2) relating to convictions of § 417, subd.(a)(2); in subd.(c)(1), inserted references to §§ 240, 242, 273.5, 273.6, and 646.9, and inserted a reference to paragraph (3); rewrote subd.(c)(2); added subd.(c)(3) relating to petitions by persons subject to prohibitions imposed because of convictions prior to January 1, 1991; added subd.(c)(4) relating to immunity of law enforcement officials who enforce the prohibition against a person who has been granted relief; inserted the reference to offenses described in § 1203.073, subd. (b), twice in subd.(e); and in subd.(g), substituted "protective order as defined in Section 6218 of the Family Code" for "restraining order issued pursuant to Division 10 (commencing

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

with Section 5500) of the Family Code", and substituted "Section 6304" for "Section 5516".

Prior to amendment, subd.(c)(2) had read:

"(2) Any person, whose continued employment or livelihood is dependent on the ability to legally possess a firearm, who is subject to the prohibition imposed by this subdivision because of a conviction prior to the effective date of the amendments which added this paragraph to this section, at any time until January 1, 1993, may petition the court for relief from this prohibition. The court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate. In making its decision, the court may consider the petitioner's continued employment, the interest of justice, any relevant evidence, and the totality of the circumstances. It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted. However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner. It is the intent of the Legislature in enacting this paragraph to permit persons who were convicted of an offense specified in this subdivision prior to the effective date of the amendments which added this paragraph to this section to seek relief from the prohibition imposed by this subdivision."

Section 235 of Stats.1993, c. 219 (A.B.1500), provides:

"Any section of any act enacted by the Legislature during the 1993 calendar year, which takes effect on or before January 1, 1994, and which amends, amends and renumbers, repeals and adds, or repeals Section 12021, 12028.5, 12031, 12070, 12076, or 12078 of the Penal Code, shall prevail over the amendment of that section by this act, whether that act is chaptered before or after this act."

Under the provisions of § 11 of Stats.1993, c. 612 (A.B.685), the 1993 amendments of this section by c. 600 (A.B.242) and c. 612 were given effect and incorporated in the form set forth in § 2 of c. 612. An amendment of this section by § 1 of Stats.1993, c. 612, failed to become operative under the provisions of § 11 of that Act.

Amendment of this section by § 2 of Stats.1993, c. 600 (A.B.242), failed to become operative under the provisions of § 3 of that Act.

Section affected by two or more acts at the same session of the legislature, see Government Code § 9605.

The 1994 amendment by § 3.5 of c. 33 (1st Ex.Sess.) incorporated the changes made by § 3 of that Act and in subd. (g), inserted "or a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works