1   Donald E.J. Kilmer, Jr. (SBN: 179986)
    LAW OFFICES OF DONALD KILMER, A.P.C.
2   1645 Willow Street, Suite 150
    San Jose, California 95125-5120
3   Voice: (408) 264-8489
    Fax: (408) 264-8487
4   Email: Don@DKLawOffice.com

5   Attorney for Plaintiffs

6

7

8               UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO
9

10  RICHARD ENOS, JEFF BASTASINI,          CASE NO.: 2:10-CV-02911-JAM-EFB
    LOUIE MERCADO, WALTER
11  GROVES, MANUEL MONTEIRO,               OPPOSITION AND MEMORANDUM
    EDWARD ERIKSON and VERNON              OF POINTS AND AUTHORITIES IN
12  NEWMAN,                                SUPPORT OF OPPOSITION TO
                                           DEFENDANTS' MOTION TO DISMISS
13                                         THE SECOND (2nd) AMENDED
            Plaintiffs,                    COMPLAINT
14
            vs.                            Date:      January 25, 2012
15                                         Time:      1:30 p.m.
                                           Place:     Courtroom 6, 14th Floor
16  ERIC HOLDER, as United States          Judge:     Hon. John A. Mendez
    Attorney General, and ROBERT
17  MUELLER, III, as Director of the
    Federal Bureau of Investigation,
18
19          Defendants.

20

21       By and through undesigned counsel, Plaintiffs RICHARD ENOS, JEFF

22  BASTASINI,  LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO,

23  EDWARD ERIKSON, and VERNON NEWMAN hereby oppose Defendants' Motion

24  to Dismiss the Second Amended Complaint and submit this memorandum in

25  support of that opposition.

26  Date:  January 11, 2012

27       /s/ Donald E. J. Kilmer, Jr.
         Attorney for the Plaintiffs
28

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

# TABLE OF CONTENTS

Introduction ...............................................................................................................2

Statement of Facts.......................................................................................................2

Legal Standards for Fed.R.Civ.P. 12(b)(1) Motions.....................................................4

Legal Standards for Fed.R.Civ.P. 12(b)(6) Motions.....................................................6

Discussion....................................................................................................................6

      Preliminary Observations....................................................................................6

    A.    Plaintiffs Claims for Declaratory Relief are Proper...................................7

          1.    Plaintiffs Have Alleged Facts in the SAC Sufficient ..................8
              to Proceed Under Either or Both:
              18 U.S.C. § 925A and 28 U.S.C. 2201.

          2.    Plaintiffs Have Not Only Alleged a Viable Claim for Relief, ....10
              They Should Prevail on the Underlying Question
              Regarding the Restoration of Their Rights.

          3.    Several of the Plaintiffs' Convictions Do Not ...........................13
              Meet The Lautenberg Amendment's
              Definition of a MCDV.

          4.    Defendants' Citations to pre-Heller/McDonald .........................15
              Cases and Felon-in-Possession Cases
              are Not Controlling.

    B.    Plaintiffs Have a Valid Second Amendment Claim.............................17

Conclusion.................................................................................................................20

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Annex Books v. City of Indianapolis*, 581 F.3d 460 (7th Cir. 2009)........................ 18

*Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co.* (2nd Cir. 2006) 436 F.3d 82, fn. 6. ........................................................................................ 5

*Andy's Restaurant*, 466 F.3d at 554-55. .......................................................... 18

*Apex Digital, Inc. v. Sears, Roebuck & Co.* (7th Cir. 2009) 572 F.3d 440. ..................... 5

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696. ................................... 6

*Ballentine v. United States* (3rd Cir. 2007) 486 F.3d 806.................................. 4

*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002)....................................... 10

*Beliveau v. Caras* (CD CA 1995) 873 F. Supp. 1393. ....................................... 6

*Brereton v. Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213................................... 4

*Caron v. United States*, (1998) 524 U.S. 308. ................................................ 11

*City of Los Angeles v. Alameda Books, Inc.*, (2002) 535 U.S. 425................................. 18

*Coffin v. Safeway, Inc.* (D AZ 2004) 323 F. Supp. 2d 997. ................................. 6

*Commodity Futures Trading Commission v. Schor*, 478 U.S. 833 (1986). ..................... 10

    *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833 (1986). ............... 17

*Conley v. Gibson* (1957) 355 U.S. 41, 78 S. Ct. 99. ......................................... 6

*De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45............................................ 6

*Dickinson v. Indiana State Election Board* (7th Cir. 1991) 933 F.2d 497........................ 8

*Doe v. Gallinot* (9th Cir. 1981) 657 F.2d 1017.................................................. 8

*Eibler v. Department of Treasury*, 311 F. Supp. 2d 618 (N.D. Ohio 2004). .................... 9

*Ezell v. City of Chicago* (7th Cir. 2011) 651 F.3d 684. ................................... 19

*Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295. ................................. 6

*Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp. 2d 1096. ...................... 6

*Heller/McDonald,District of Columbia v. Heller*, 554 U.S. 570 (2008). ....................... 10

    *District of Columbia v. Heller*, 554 U.S. 570 (2008)................................................. 11

    *District of Columbia v. Heller*, 554 U.S. 570 (2008)................................................. 14

    *District of Columbia v. Heller*, 554 U.S. 570 (2008)................................................. 15

*Kona Enterprises, Inc. v. Estate of Bishop* (9th Cir. 2000) 229 F.3d 877
    (emphasis added; internal quotes omitted). ................................................. 7

*Lake Carrier's Ass'n v. MacMullan* (1972) 406 U.S. 498, 92 S. Ct. 1749. ...................... 8

*Logan v. United States*, 552 U.S. 23 (2007). ................................................... 11

*McDonald v. City of Chicago*, 561 U.S. 3025 (2010)...................................................... 10

    *McDonald v. City of Chicago*, 561 U.S. 3025 (2010)................................................. 11

    *McDonald v. City of Chicago*, 561 U.S. 3025 (2010)................................................. 14

    *McDonald v. City of Chicago*, 561 U.S. 3025 (2010)................................................. 15

*Montez v. Department of Navy* (5th Cir. 2004) 392 F.3d 147........................................... 5

*Nordyke v. King*, 2011 U.S. App. LEXIS 8906. ............................................... 19

*Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010). ............................................ 14

*Richardson v. FBI*, 124 F. Supp. 2d 429 (W.D. La. 2000). ............................................... 9

*Rosales v. United States* (9th Cir. 1987) 824 F.2d 799.................................................... 5

*SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F. Supp. 718. ............................... 6

*Sacks v. Office of Foreign Assets Control* (9th Cir. 2006) 466 F.3d 764. ........................ 4

*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035........................................ 5

*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1045........................................ 5

*Salinas v. United States*, 522 U.S. 52 (1997)................................................. 10

*Santamarina v. Sears, Roebuck & Co.* (7th Cir. 2006) 466 F.3d, 570................................ 7

*Societe de Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981)
   655 F.2d 938. ................................................................................................ 8

*Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*
   (11th Cir. 2008) 524 F.3d 1229. ................................................................... 5

*Steffel v. Thompson, et al.,* (1974) 415 U.S. 452, 94 S. Ct. 1209. .................... 8

   *Steffel v. Thompson, et al.*, (1974) 415 U.S. 452, 94 S. Ct. 1209. .............. 20

*Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011)..................................... 10

   *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011).............................. 17

*Strickland v. Washington*, 466 U.S. 668 (1984).............................................. 14

*U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673. ................................................ 19

*In re United States*, 578 F.3d 1195 (10th Cir. 2009). ...................................... 17

*United States v. Andaverde*, 64 F.3d 1305 (9th Cir. 1995). ............................ 15

*United States v. Booker*, 644 F.3d 12 (1st Cir. 2011). ..................................... 17

*United States v. Brailey*, 408 F.3d 609 (9th Cir. 2005). .................................. 15

*United States v. Hayes*, 555 U.S. 415 (2009)................................................... 13

   *United States v. Hayes*, 555 U.S. 415 (2009)............................................. 15

*United States v. Logan*, 453 F.3d 804 (7th Cir. 2006). .................................... 11

*United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010)(en banc)...................... 19

*United States v. Valerio*, 441 F.3d 837 (9th Cir. 2006). .................................. 15

*United States v. Vongxay*, 594 F.3d 1111 (9th Cir.). ....................................... 17

*United States v. White*, 593 F.3d 1199 (11th Cir. 2010). ................................. 17

*United States v. White* (CD CA 1995) 893 F. Supp. 1423. ............................... 6

# FEDERAL STATUTES

28 U.S.C. § 2201, ....................................................................................................... 8

    28 U.S.C. §2201 ..................................................................................................... 9

18 U.S.C. § 921(a)(33) ............................................................................................... 9

    18 U.S.C. § 921(a)(33) ........................................................................................... 9

    18 U.S.C. § 921(a)(33) ........................................................................................... 9

    18 U.S.C. § 921(a)(33) ........................................................................................... 10

The Lautenberg Amendment (18 U.S.C. 921(a)(33). .................................................. 16

    18 U.S.C. § 921(a)(33) ........................................................................................... 16

    18 U.S.C. § 921(a)(33) ........................................................................................... 18

    18 U.S.C. § 921(a)(33) ........................................................................................... 19

18 U.S.C. § 921(a)(33)(B)(i) ...................................................................................... 13

18 U.S.C. § 921(a)(33)(B)(I) ...................................................................................... 15

18 U.S.C. § 921(a)(33)(B)(ii) ..................................................................................... 11

    18 U.S.C. § 921(a)(33)(B)(ii) ................................................................................. 12

18 U.S.C. § 922 *et seq* ............................................................................................... 16

18 U.S.C. § 922(g)(9). ................................................................................................ 20

28 U.S.C.A. § 2201(a). ............................................................................................... 7

18 U.S.C.S. §§ 921 et seq.. ......................................................................................... 11

    18 U.S.C.S. § § 921 et seq.. ................................................................................... 13

Fed. R. Civ. P. 12. ...................................................................................................... 2

    Fed.R.Civ.P. 12. ...................................................................................................... 18

18 U.S.C. § 921(a)(20)............................................................................... 16

    18 U.S.C. § 921(a)(20)........................................................................ 11

    18 U.S.C. § 921(a)(20)........................................................................ 16

Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202....................................... 10

18 U.S.C. § 925A......................................................................................... 8

    18 U.S.C. § 925A................................................................................. 8

    18 U.S.C. § 925A................................................................................. 9

    18 U.S.C. § 925A................................................................................. 9

Fed.R.Civ.P. 12(b)(6)................................................................................... 5

Fed.R.Civ.P. 56............................................................................................ 2

Fed.R.Civ.P. 57............................................................................................ 7

Fed. R. Civ. P. 12(b)(1)................................................................................ 4

    FRCP Rule 12(b)(1)............................................................................. 5

    Fed.R.Civ.P. 12(b)(1).......................................................................... 5

Fed. R. Civ. P. 12(b)(6)................................................................................ 6

    Fed.R.Civ.P. 12(b)(6).......................................................................... 6

1

## INTRODUCTION

2   To a large extent, the Defendants are merely rearguing some of the same points

3   that were already addressed by this Court's order filed July 8, 2011. (Dkt # 24) In

4   that order the Court specifically denied the motion to dismiss Plaintiff ENOS's

5   claims for declaratory relief and Second Amendment claims.  It granted the motion

6   to dismiss, with leave to amend, the same claims plead by Plaintiffs BASTASINI,

7   MERCADO, GROVES, MONTEIRO, ERICKSON and NEWMAN on ripeness

8   grounds, as they had not alleged a denial of a firearm purchase.  The Court also

9   dismissed, with prejudice, all of the Plaintiffs'  First, Fifth and Tenth Amendment

10  claims.

11  The Second Amended Complaint (SAC) cures the ripeness defects by alleging

12  that Plaintiffs BASTASINI, MERCADO, GROVES, MONTEIRO, ERICKSON and

13  NEWMAN have all been denied firearm purchases by a federally licensed firearm

14  dealer due to their convictions for Misdemeanor Crimes of Domestic Violence

15  (MCDV).  Because these Plaintiffs now stand in the exact same position as Plaintiff

16  ENOS, and because this Court has already found that the facts alleged by ENOS

17  survive a Fed.R.Civ.P. 12 motion, this Court can (almost) summarily deny the

18  Defendants' Motion to Dismiss.

19  Furthermore, as the facts of this case are not in dispute, the Plaintiffs have filed

20  their own Fed.R.Civ.P. 56 Motion, set for the same day as Defendants' Motion to

21  Dismiss.  This Court can now dispose of this entire matter without the necessity of

22  a trial.

23

24

## STATEMENT OF FACTS

25  Because Fed.R.Civ.P. 12 motions require the Court to accept as true the facts

26  alleged in the complaint, the SAC is necessarily the Statement of the Facts for this

27  proceeding.  Plaintiffs theory of the case is that their "right to keep and bear arms"

28  was restored by any one of three legal doctrines: (1) By operation of state law with

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

the lapse of ten (10) years; (2) By definition under a "defective waiver" rule set forth in the language of the federal statute; and/or (3) By affirmative relief from a state court under state law.  Briefly, the (un-controverted) facts from the SAC are:

1. All of plaintiffs have been convicted under California law of a MCDV.

2. As a collateral consequence of their conviction for a MCDV under California law, each and every Plaintiff had their "right to keep and bear arms" revoked for a statutory ten (10) years; and thus restored by operation of law after the lapse of those ten (10) years.

3. More than ten (10) years have lapsed since the date of conviction for each and every Plaintiff.

4. Though it does not restore firearm rights *per se*, each and every Plaintiff has had a California Superior Court Judge make a finding under Penal Code § 1203.4, that they successfully completed probation, paid all fines and were entitled to have their pleas withdrawn and the case dismissed.  Thus permitting them to truthfully allege that they are law-abiding citizens.[1]

5. Six of the seven Plaintiffs: ENOS, BASTASINI, MERCADO, GROVES, MONTEIRO and ERICKSON – were all convicted of a California MCDV prior to the LAUTENBERG AMENDMENT becoming law in 1996. In other words, it was impossible for them to be apprized of a federally mandated collateral consequence of their conviction (i.e., loss of a fundamental right) when that collateral consequence did not yet exist. Furthermore the non-existence of this collateral consequence at the time of their plea and conviction means that they were deprived of

---

[1] Defendants keep insisting that Plaintiffs are somehow trying to pull a fast one by alleging that they have obtained relief under CA Penal Code § 1203.4. (See Def's Memo for their MTD the SAC at Page 9, lines 20-21 and fn. #9.)  Plaintiffs have never alleged that this fact alone restores their rights, so it is hard see how we have "abandoned" a claim that we never made.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1    making a knowing and intelligent waiver of their right to a jury trial –

2    regardless of whether they were represented by counsel.

3    6.    Plaintiff ENOS is a triple threat.  He not only qualifies for restoration

4          of his rights under the 10-year rule and the defective-waiver rule, but

5          he is the only Plaintiff who applied for – and was granted – relief

6          under California's specific statutory remedy for judicial restoration of

7          his firearms rights.  See: Penal Code § 12021(c)(3)[2] [29860][3].

8

9    **LEGAL STANDARDS RE: FED.R.CIV.P. 12(b)(1) MOTIONS**

10   Defendants' Rule 12(b)(1) <u>subject matter jurisdiction</u> challenge appears to be

11   based solely on constitutional/procedural rules regarding <u>standing</u> and prudential

12   considerations of abstention and/or exhaustion of administrative remedies.  Courts

13   disagree whether a motion to dismiss for <u>lack of standing</u> should be brought under

14   Rule 12(b)(6) or 12(b)(1).

15   Some courts (including the Ninth Circuit) hold a motion to dismiss for failure to

16   state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that

17   plaintiff lacks standing.  *Sacks v. Office of Foreign Assets Control* (9th Cir. 2006)

18   466 F.3d 764, 771;  *Brereton v. Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213,

19   1216; *Ballentine v. United States* (3rd Cir. 2007) 486 F.3d 806, 810.

20

---

21   [2] Indeed, as of the date of this motion, that remedy is no longer available to
22   any person as it only applied to defendants who were convicted prior to California's
     addition of a specified misdemeanor to the statute and who suffered the loss of their
23   "right to keep and bear arms" due to the statute's retroactive effect.  See Penal Code
     § 12021(c)(3).  Misdemeanants convicted of a California MCDV after 1993 were
24   presumably on notice that the charges against them would result in the 10-year loss
     of the right to acquire/possess firearms.  Meaning that they are presumed to have
25   made a knowing and intelligent waiver of any state law collateral consequences
26   when they disposed of their case via plea instead of trial.

27   [3] California has reorganized its Deadly Weapon Statutes with the new
     numbers taking effect January 1, 2012.  The old provision is cited and the new
28   provision is bracketed.

---

1    Other courts hold such motions should be brought under Rule 12(b)(1) because

2   standing is a jurisdictional matter. *Alliance For Environmental Renewal, Inc. v.*

3   *Pyramid Crossgates Co.* (2nd Cir. 2006) 436 F.3d 82, 88, fn. 6; see *Stalley ex rel.*

4   *United States v. Orlando Regional Healthcare System, Inc.* (11th Cir. 2008) 524 F.3d

5   1229, 1232 – dismissal for lack of standing treated as dismissal for lack of subject

6   matter jurisdiction under FRCP Rule 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck*

7   *& Co.* (7th Cir. 2009) 572 F.3d 440, 443.

8    Furthermore, under a Rule 12(b)(1) jurisdictional motion a defendant may make

9   either: (1) a facial attack, which requires the court to accept the facts plead in the

10   complaint as true, or (2) a factual attack (i.e., a speaking motion) based on extrinsic

11   evidence.  Moreover, if the jurisdictional facts are intertwined with substantive

12   issues, then the Court should deny a request for dismissal under Fed.R.Civ.P.

13   12(b)(1) and adjudicate the issue under Rule 12(b)(6) and/or Rule 56. See: *Safe Air*

14   *for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1045, 1039.

15    This is not an insignificant issue. A Rule 12(b)(6) motion based on extrinsic facts

16   cannot be granted where there is a genuine issue as to any material fact.  However,

17   a Rule 12(b)(1) "speaking motion" may be granted notwithstanding disputed facts

18   because the trial court has power to evaluate and decide conflicting facts in an

19   evidentiary hearing and weigh competing evidence. *Rosales v. United States* (9th

20   Cir. 1987) 824 F.2d 799, 803.

21    This threshold issue is easily resolved as the Defendants have not tendered any

22   extrinsic evidence (e.g., requests for judicial notice, certified documents, affidavits,

23   etc...) in support of a 'speaking motion' under Rule 12(b)(1); therefore the Court is

24   required to adjudicate this motion under the rules and standards of Fed.R.Civ.P.

25   12(b)(6), i.e., the Court must consider the allegations in the complaint as true and

26   construe them in the light most favorable to the Plaintiffs. *Montez v. Department of*

27   *Navy* (5th Cir. 2004) 392 F.3d 147, 149-150; *Safe Air for Everyone v. Meyer* (9th Cir.

28   2004) 373 F.3d 1035, 1039.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489   Fx: (408) 264-8487
Don@DKLawOffice.com

**LAW OFFICE OF DONALD KILMER, APC**
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1 <u>LEGAL STANDARDS RE: FED.R.CIV.P. 12(b)(6) MOTIONS</u>

2     Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge

3 jurisdiction _and_ the legal sufficiency of the complaint, the court must decide

4 whether the facts alleged, if true, would entitle plaintiff to some form of legal

5 remedy. Unless the answer is unequivocally "no," the motion must be denied.

6 _Conley v. Gibson_ (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102; _De La Cruz v. Tormey_

7 (9th Cir. 1978) 582 F.2d 45, 48; _SEC v. Cross Fin'l Services, Inc._ (CD CA 1995) 908

8 F.Supp. 718, 726-727 (quoting text); _Beliveau v. Caras_ (CD CA 1995) 873 F.Supp.

9 1393, 1395 (citing text); _United States v. White_ (CD CA 1995) 893 F.Supp. 1423,

10 1428 (citing text).

11     Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a

12 cognizable legal theory" or "the absence of sufficient facts alleged under a

13 cognizable legal theory." _Balistreri v. Pacifica Police Dept._ (9th Cir. 1990) 901 F.2d

14 696, 699; _Graehling v. Village of Lombard, Ill._ (7th Cir. 1995) 58 F.3d 295, 297 – "A

15 suit should not be dismissed if it is possible to hypothesize facts, consistent with the

16 complaint, that would make out a claim"; _Hearn v. R.J. Reynolds Tobacco Co._ (D AZ

17 2003) 279 F.Supp.2d 1096, 1101 (citing text); _Coffin v. Safeway, Inc._ (D AZ 2004)

18 323 F.Supp.2d 997, 1000 (citing text).

19

20 <u>DISCUSSION</u>

21 <u>Preliminary Observations</u>

22     As noted above, the Court has already denied Defendants' Rule 12 motion to

23 dismiss claims for declaratory relief and a constitutional claim under the SECOND

24 AMENDMENT with regard to Plaintiff ENOS. The only factual differences alleged in

25 the First Amended Complaint between ENOS and the remaining Plaintiffs was the

26 failure to allege the denial of a gun purchase from a federally licensed gun dealer.

27 That defect has been cured by the SAC.  All of the Plaintiffs have now alleged that

28 they have been denied a firearm purchase.  Furthermore they have all alleged that

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1   this denial is caused by the Defendants' obdurate interpretation of the LAUTENBURG

2   AMENDMENT'S definitions and/or restoration provision.  Therefore Defendants'

3   second bite at the apple – asking this court to dismiss all of the Plaintiffs' requests

4   for declaratory relief and their constitutional claims (the only claims alleged) in the

5   SAC – is nothing more than a thinly disguised motion for reconsideration of this

6   Court's July 8, 2011 Order.

7       Absent highly unusual circumstances, motions for reconsideration will not be

8   granted "unless the District Court is presented with *newly discovered evidence,*

9   *committed clear error, or if there is an intervening change in the controlling law.*"

10  See: *Kona Enterprises, Inc. v. Estate of Bishop* (9th Cir. 2000) 229 F.3d 877, 890

11  (emphasis added; internal quotes omitted).  See also: *Santamarina v. Sears,*

12  *Roebuck & Co.* (7th Cir. 2006) 466 F.3d, 570, 572.

13      Defendants have introduced no new evidence, nor have they claimed that the

14  Court made any error in its July 8, 2011 Order, nor have they set forth an

15  intervening change in the law since that order.   Summary denial of the Defendants'

16  Motion to Dismiss the Second Amended Complaint is warranted <u>and</u> appropriate.

17

18          **A.   <u>Plaintiffs' Claims for Declaratory Relief are Proper.</u>**

19      "In a case of actual controversy within its jurisdiction (except specified federal

20  tax actions and bankruptcy proceedings) . . . any court of the United States . . . may

21  declare the rights and other legal relations of any interested party seeking such

22  declaration, whether or not further relief is or could be sought."  28 USCA § 2201(a)

23  (parentheses added).   Furthermore, "The existence of another adequate remedy

24  does not preclude a declaratory judgment that is otherwise appropriate."

25  Fed.R.Civ.P. 57.

26      Declaratory relief is an equitable remedy.  Its distinctive characteristic is that it

27  allows adjudication of the parties' rights and obligations on a matter in dispute

28  regardless of whether claims for damages or injunctive relief have yet arisen: "In

---

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1   effect, it brings to the present a litigable controversy, which otherwise might only be

2   tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir.

3   1981) 655 F.2d 938, 943; see also *Dickinson v. Indiana State Election Board* (7th

4   Cir. 1991) 933 F.2d 497.

5       The party seeking declaratory relief must show both: (1) an actual controversy,

6   and (2) regarding a matter within federal court subject matter jurisdiction.  28

7   U.S.C. § 2201, *Calderon v. Ashmus* (1998) 523 U.S. 740, 118 S.Ct. 1694.

8   Furthermore, declaratory relief is certainly appropriate to resolve constitutional

9   controversies, including the constitutionality of federal (and state) statutes.  *Steffel*

10  *v. Thompson, et al.,* (1974) 415 U.S. 452, 94 S. Ct. 1209;  *Lake Carrier's Ass'n v.*

11  *MacMullan* (1972) 406 U.S. 498, 92 S.Ct. 1749;  *Doe v. Gallinot* (9th Cir. 1981) 657

12  F.2d 1017.

13

14      1.    <u>Plaintiffs Have Alleged Facts in the SAC Sufficient to Proceed Under</u>
             <u>Either or Both: 18 U.S.C. § 925A and 28 U.S.C. 2201.</u>

15      The only new argument raised by the Defendants in this renewed Motion to

16  Dismiss, is the novel assertion that <u>only</u> the United States can be a proper

17  defendant in this case.  This argument is without merit.

18  18 U.S.C. § 925 A is a short statute, its entire text [emphasis added] is:

19      Any person denied a firearm pursuant to subsection (s) or (t) of section
        922 [*18 USCS § 922*] –

20
        (1) due to the provision of erroneous information relating to the person
21      by any State or political subdivision thereof, or by the national instant
        criminal background check system established under section 103 of the
22      Brady Handgun Violence Prevention Act [*18 USCS § 922* note] or

23
        (2) who was not prohibited from receipt of a firearm pursuant to
24      subsection (g) or (n) of section 922 [*18 USCS § 922*], may bring an action
        against the State or political subdivision responsible for providing the
25      erroneous information, or *<u>responsible for denying the transfer</u>*, or against
        the United States, as the case may be, for an order directing that the
26      erroneous information be corrected or that the transfer be approved, as
        the case may be. In any action under this section, the court, in its
27      discretion, may allow the prevailing party a reasonable attorney's fee as
        part of the costs.

28

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1   The plain language of the statute indicates that the list of potential defendants

2   is disjunctive and contemplates bringing suit against the person or entity

3   "responsible for denying the transfer."  Plaintiffs have just as plainly alleged that

4   Attorney General HOLDER and/or FBI Director MUELLER, III, are the persons

5   responsible for denying the transfer of firearms due to an obstinate insistence on an

6   obtuse interpretation of 18 U.S.C. § 921(a)(33) *et seq*.

7   Defendants' rely on two district court cases  – one from Ohio and the other from

8   Louisiana –  for their assertion that <u>only</u> the United States can be a proper

9   defendant.  But the Defendants read too much into the holdings of these cases,

10  which are only persuasive authority here in the Eastern District of California.

11  *Eibler v. Dep't of Treasury*, 311 F. Supp. 2d 618 (N.D. Ohio 2004) is a district

12  court opinion/order granting the government's motion for summary judgment.  The

13  case turned on the definition of a qualifying victim for the purposes of defining

14  domestic violence under the LAUTENBERG AMENDMENT.  Plaintiff *Eibler* contested

15  the denial of his firearm purchase by contending that his girlfriend of six years was

16  outside the definitions set forth in 18 U.S.C. § 921(a)(33).  The federal government

17  disagreed and they prevailed.  Except for footnote #1 where the court notes that

18  various agents and other entities had been previously dismissed, this opinion/order

19  says nothing on the issue of proper parties under 18 U.S.C. § 925A.  Indeed the

20  court's ruling was made on the merits, rather than on some procedural technicality.

21  *Richardson v. FBI*, 124 F. Supp. 2d 429 (W.D. La. 2000) is of even less help to

22  the Defendants in this action.  There is not even a footnote alluding to previously

23  dismissed defendants.  The court, again, made its order on a straightforward legal

24  analysis of the substantive law regarding the status of ex-felons *vis-à-vis* firearms.

25  In the final analysis this Court's jurisdiction to render a declaratory judgment as

26  to how 18 U.S.C. § 921(a)(33) *et seq*., applies to the circumstances of the Plaintiffs in

27  this matter can be derived from either (or both) 18 U.S.C. § 925A and/or 28 U.S.C. §

28  2201.  Section 925A is directly on point and jurisdiction is statutorily authorized

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1  whether the United States is a named party or not.  And since the government's

2  wrongful interpretation of the LAUTENBERG AMENDMENT is a *de facto* barrier to the

3  Plaintiffs exercising a fundamental constitutional right, a judicial determination of

4  rights and duties of the parties under this federal law is also appropriate under the

5  DECLARATORY RELIEF ACT, 28 U.S.C. §§ 2201, 2202.  In the event this Court deems

6  the United States a necessary party, Plaintiffs should be granted leave to amend.[4]

7

8  2.  Plaintiffs Have Not Only Alleged a Viable Claim for Relief, They Should Prevail
       on the Underlying Question Regarding the Restoration of Their Rights.

9      As argued in Plaintiffs' Summary Judgment Motion, this Court has a duty to

10 construe federal statutes so as "to avoid serious doubt as to their constitutionality."

11 *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594, 2605  (2011), citing text from:

12 *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 841 (1986).  A

13 declaratory judgment from this Court providing a post-*Heller/McDonald*[5], judicial

14 correction to the Government's interpretation 18 U.S.C. § 921(a)(33) will fulfill that

15 duty – and may turn out to be the only way to avoid having the constitutionality of

16 the entire LAUTENBERG AMENDMENT brought into question.

17     In statutory interpretation cases, the inquiry begins with a determination of

18 whether the language of the statute is unambiguous and whether the statutory

19 scheme is consistent and coherent.  *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438

20 (2002).  See also: *Salinas v. United States*, 522 U.S. 52 (1997).

21     The statutory language this Court must interpret regarding Plaintiffs' claims

22 that their civil rights were both lost and restored under California law is set forth

23

24

25 _____

   [4] If the Court makes a determination that the United States is a necessary
26 party for any reason, it would be helpful if it also indicated whether or not it would
   entertain another round of Rule 12 motions filed by the Defendants absent some
27 new facts or intervening change in the law.

28     [5] *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of
   Chicago*, 561 U.S. 3025 (2010).

at 18 U.S.C. § 921(a)(33)(B)(ii):

> A person shall not be considered to have been convicted of
> such an offense for purposes of this chapter [18 USCS §§
> 921 et seq.] if the conviction has been expunged or set
> aside, or is an offense for which the person has been
> pardoned or ***has had civil rights restored (if the law of the
> applicable jurisdiction provides for the loss of civil
> rights under such an offense)*** unless the pardon,
> expungement, or restoration of civil rights expressly provides
> that the person may not ship, transport, possess, or receive
> firearms. *[Emphasis added]*

In *Logan v. United States*, 552 U.S. 23 (2007), a unanimous court took up the anomalies that arise from statutes that purport to restore rights that were never taken away.  That Court placed some weight on whether the offender's post-conviction status was unaltered by any dispensation of the jurisdiction where the conviction occurred. *Logan* at 26.   That same Court went on to cite with approval the language from the Circuit Court which held that "an offender whose civil rights have been neither diminished nor returned is not a person who 'has had civil rights restored.'" *United States v. Logan,* 453 F.3d 804, 805 (7th Cir. 2006).

*District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010) judicially recognized the status of the rights secured by the SECOND AMENDMENT as individual, fundamental civil rights.  Unlike Mr. Logan, the Plaintiffs in this action lost their civil rights to "keep and bear arms" for 10 years under the laws of the jurisdiction that convicted them of an MCDV.  That same jurisdiction subsequently restored those rights by operation of law (i.e., the passage of a decade).

The *Logan* Court also cited with approval a prior case in which the Supreme Court acknowledged that federal law regarding restoration of rights must give way to a state's broad rules that restore rights by operation of law, and that states need not restore rights on a case-by-case basis.  *Logan* at 28 citing: *Caron v. United States*, (1998) 524 U.S. 308, 313-316.  At issue in *Caron* was the 'unless clause' of 18 U.S.C. § 921(a)(20).  In that case the defendant was subject to a harsher sentence

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1  because while Massachusetts law restored his right to possess shotguns and rifles,

2  it did not restore his right to possess handguns.  It was the qualified restoration of

3  rights under Massachusetts law that triggered the 'unless clause' that led to the

4  harsher result.

5      In contrast, California Penal Code § 12021(c)(1) [29805] restores – without

6  qualification – the Plaintiffs "right to keep and bear arms" once 10 years have

7  lapsed following their conviction for a California MCDV.

8      Furthermore, Plaintiff ENOS applied for judicial relief under Penal Code §

9  12021(c)(3) [29860] and his petition for restoration of civil rights was granted in an

10  order signed by a Superior Court Judge on June 16, 2000. [See Declaration of

11  Plaintiff ENOS submitted in support of Motion for Summary Judgment.]

12      The plain and unambiguous language of 18 U.S.C. § 921(a)(33)(B)(ii)

13  contemplates some state law procedure for restoration of any civil rights forfeited

14  under state law by a MCDV conviction.  Defendants keep veering off into familiar

15  pre-*Heller / McDonald* territory with their mantra that a conviction must result in

16  the loss of the right to vote, to hold public office and to sit on a jury – and that only

17  restoration of those rights resurrects the "right to keep and bear arms."

18      But the LAUTENBERG AMENDMENT's language is pretty clear.  It is necessary to

19  look to the jurisdiction of the conviction to determine what rights are lost and what

20  rights are regained under state law.  California made the public policy decision – at

21  least three years before the U.S. Congress – to impose a revocation of the bundle of

22  rights inherent in the "right to keep and bear arms" for a person convicted of an

23  MCDV.  In addition to the ten (10) year revocation, California clearly intended to

24  provide a means for restoration of those rights for persons convicted of an MCDV

25  prior to the legislature enacting this *ex post facto* collateral consequence of

26  conviction. CA Penal Code § 12021(c)(3) [29860].  Which means that California,

27  exercising its power as a sovereign jurisdiction, has expressed its own policy of

28  revoking and restoring various civil rights for MCDV convictions.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1    Indeed, Defendants would have this Court interpret the LAUTENBERG

2  AMENDMENT as imposing a federal mandate **requiring** that states revoke the right

3  to vote, hold public office or sit on a jury for any MCDV conviction in order to give

4  any effect to the statute's restoration provision.  That interpretation would bring

5  into serious doubt the constitutionality of the LAUTENBERG AMENDMENT.

6    The fact that California chooses not to suspend the right to vote, hold public

7  office or sit on a jury for an MCDV conviction is beside the point. All of the Plaintiffs

8  in this action lost their civil rights "to keep and bear arms" upon their MCDV

9  convictions under state law.  They then had those rights restored under the

10  applicable laws of the same jurisdiction where they were convicted.  This Court

11  should find that there is no material dispute of fact on this issue and find as a

12  matter of law that Plaintiffs are no longer subject to the LAUTENBERG AMENDMENT'S

13  prohibition on exercising their rights under the SECOND AMENDMENT.

14

15       3.   Several of the Plaintiffs' Convictions Do Not Meet The
             LAUTENBERG AMENDMENT'S Definition of a MCDV.

16  Because it was impossible for the Plaintiffs to be apprized of a collateral

17  consequence that had not yet existed at the time of their convictions, the Court can

18  also partially adjudicate this case by interpreting the plain and unambiguous

19  language of 18 U.S.C. § 921(a)(33)(B)(i):

20
          A person shall not be considered to have been convicted of such an
21        offense for purposes of this chapter [18 USCS § §  921 et seq.], unless--
                (I) the person was represented by counsel in the case, or
22        knowingly and intelligently waived the right to counsel in the case; and
                (II) in the case of a prosecution for an offense described in this
23        paragraph for which a person was entitled to a jury trial in the jurisdiction
          in which the case was tried, either
24              (aa) the case was tried by a jury, or
                (bb) the person knowingly and intelligently waived the right to
25        have the case tried by a jury, by guilty plea or otherwise.

26  In 1996, Congress extended the federal prohibition on firearms to include

27  persons convicted of "a misdemeanor crime of domestic violence." *United States v.*

28  *Hayes*, 555 U.S. 415, 418 (2009).

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1    Plaintiffs ENOS and BASTASINI suffered their convictions in 1991.  Plaintiffs

2    MERCADO and GROVES were convicted in 1990.  Plaintiff MONTEIRO in 1992.

3    Thus all these Plaintiffs plead guilty to their crimes prior to **both** California's

4    firearm prohibition for MCDV (1993) and passage of the LAUTENBERG AMENDMENT

5    (1996).  Plaintiff ERIKSON plead to his MCDV in 1996, after California enacted its

6    prohibition, but before the LAUTENBERG AMENDMENT passed into law.

7    During the same term that the Supreme Court gave us *McDonald v. City of*

8    *Chicago*, 561 U.S. 3025 (2010); the High Court also handed down *Padilla v.*

9    *Kentucky*, ___ U.S. ___, 130 S.Ct. 1473 (2010).  In that opinion the Court found that

10   a criminal defendant who was not apprized of the collateral consequence of his

11   conviction (deportation) may have been denied constitutionally adequate assistance

12   of counsel under the SIXTH AMENDMENT, following the line of case arising from

13   *Strickland v. Washington*, 466 U.S. 668 (1984).  In coming to that conclusion the

14   Court took note of the fact that deportation, though "civil in nature, see *INS v.*

15   *Lopez-Mendoza*, 468 U.S. 1032, 1038, (1984), [...] is nevertheless intimately related

16   to the criminal process.  Our law has enmeshed criminal convictions and the

17   penalty of deportation for nearly a century, [...]."  *Padilla* at 1481.

18   With the Supreme Court's recognition of the rights secured by the SECOND

19   AMENDMENT as fundamental civil rights, in *District of Columbia v. Heller*, 554 U.S.

20   570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010); Plaintiffs herein

21   contend that the collateral consequence of losing those rights is at least equal to or

22   greater than mere deportation.  Hence this Court must apply the *Padilla* rationale

23   to whether Plaintiffs made a knowing and intelligent waiver of their right to a jury

24   trial when they stood in the dock charged with a MCDV.

25   Since it is existentially impossible for a criminal defendant to be apprized of a

26   collateral consequence (loss of firearm rights) that doesn't exist at the time of his

27   plea in lieu of a jury trial, this Court should find that Plaintiffs ENOS, BASTASINI,

28   MERCADO, GROVES,  MONTEIRO and ERIKSON count **not** have made a

1  knowing and intelligent waiver of their right to jury trial.  Hence their convictions

2  do not qualify as a MCDV under the plain language of 18 U.S.C. § 921(a)(33)(B)(I).

3

4         4.   Defendants' Citations to pre-*Heller*/*McDonald* Cases and
               Felon-in-Possession Cases are Not Controlling.

5      As Defendants have conceded, the primary cases[6] they are relying on were all

6  decided prior to the Supreme Court issuing its paradigm-shifting opinions in

7  *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*,

8  561 U.S. 3025 (2010).  This development alone should be enough to compel this

9  Court take a fresh look at the entire body of case law that attempts to conflate the

10  collateral consequences of a conviction for a MCDV with a conviction for a felony.

11     The Supreme Court in its *Heller* opinion, 554 U.S. at 626, 627 assured us that:

12         Although we do not undertake an exhaustive historical analysis today of the
           full scope of the *Second Amendment*, nothing in our opinion should be taken
13         to cast doubt on longstanding prohibitions on the possession of firearms by
           felons and the mentally ill, or laws forbidding the carrying of firearms in
14         sensitive places such as schools and government buildings, or laws imposing
           conditions and qualifications on the commercial sale of arms.
15

16     The High Court repeated this assurance in *McDonald*, 130 S. Ct. at 3047.  But in

17  making that assurance in both cases the Court made it a point to qualify the

18  validity of rules prohibiting firearm rights to ***felons*** and they included the modifier

19  "longstanding."  And even though the Supreme Court has implicitly found in a post-

20  *Heller* case that the Lautenberg Amendment (which only purports to regulate

21  those convicted of a MCDV) is a constitutionally valid exercise of federal power –

22  see: *United States v. Hayes*, 555 U.S. 415 (2009) – it does not take writ of certiorari

23  to that Court to conclude that felons should be treated differently from

24  misdemeanants, especially when it comes to rehabilitation and restoration of rights.

25  The evidence for this can be found in the federal statutes themselves.

26

27       [6] *United States v. Andaverde*, 64 F.3d 1305 (9th Cir. 1995); *United States v.*
28  *Valerio*, 441 F.3d 837 (9th Cir. 2006) and *United States v. Brailey*, 408 F.3d 609 (9th
    Cir. 2005).

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489   Fx: (408) 264-8487
Don@DKLawOffice.com

1   First of all, if the authors of the LAUTENBERG AMENDMENT had wanted those

2   convicted in state courts of MCDV to be treated exactly like felons, they could have

3   just said so.  Instead they provided a completely separate statutory scheme to

4   define felonies that is distinct from MCDVs.  Contrast 18 U.S.C. § 921(a)(20) with

5   18 U.S.C. § 921(a)(33).  Furthermore, after defining the elements, the authors of

6   LAUTENBERG could have just mandated that those convicted of an MCDV should be

7   treated like felons for purposes of 18 U.S.C. § 922 *et seq.*.  Instead there are

8   separate sub-sections dealing with felons which are distinct from those dealing with

9   misdemeanants.  See §§ 922(d)(1), 922(d)(9), 922(g)(1), 922(g)(9).

10   Congress has also differentiated between felons and misdemeanants when it

11   comes to the rehabilitation and restoration of rights.  The LAUTENBERG AMENDMENT

12   (18 U.S.C. 921(a)(33) *et seq.*) – the law at issue in this case – contains it own

13   provisions for rehabilitation and restoration of the rights of misdemeanants under

14   the laws of the state where the conviction occurred.   The comparable statute

15   dealing with felons is 18 U.S.C. § 921(a)(20).  The case law Defendants rely upon

16   would lead to the obtuse result that **felons** (having lost the right to vote, sit on a

17   jury and hold public office, along with their "right to keep and bear arms") would

18   qualify for restoration of their rights under any state law rehabilitation procedures

19   – as long as all civil rights are restored under state law without qualification  – but

20   those convicted in California of a MCDV (having lost only their "right to keep and

21   bear arms") would still be prohibited persons under federal law because they didn't

22   also lose the right to vote, sit on a jury and hold public office.  That is a nonsensical

23   reading of the law.  To uphold the constitutionality of the LAUTENBERG

24   AMENDMENT, this Court should find that California's restoration procedures are

25   valid under any of the theories outlined above, and that Plaintiffs herein may be

26   returned to status of citizens entitled to exercise all the rights, privileges and

27   immunities afforded law-abiding citizens under our Constitution, including but not

28   limited to those rights secured by the SECOND AMENDMENT.

1

## B.  **Plaintiffs Have a Valid SECOND AMENDMENT Claim.**

2      Defendants keep misconstruing Plaintiffs' SECOND AMENDMENT claim as a facial

3  challenge to the LAUTENBERG AMENDMENT.  It is not.  These Plaintiffs are not

4  challenging the federal government's power to impose a collateral consequence for

5  crimes of domestic violence that is consistent with the federal government's power

6  to regulate the acquisition and possession of firearms in general.   Their claim is

7  clearly an "as applied" challenge because they are only asking this court to find

8  LAUTENBERG unconstitutional to the extent that it imposes a lifetime ban on

9  exercising a fundamental right for a minor crime.

10     As noted above, this Court has a duty to construe federal statutes so as "to avoid

11  serious doubt as to their constitutionality." *Stern v. Marshall*, __ U.S. __, 131 S.Ct.

12  2594, 2605  (2011), citing text from: *Commodity Futures Trading Comm'n v. Schor*,

13  478 U.S. 833, 841 (1986).  It is the Defendants who are forcing this 'nuclear option'

14  on the Court by insisting on their Catch-22 interpretation of LAUTENBERG'S

15  restoration provisions.  (i.e., all rights must be revoked, before any rights can be

16  restored; but since no jurisdictions revoke all rights for MCDV, tough luck.)

17     Defendants' citation to *United States v. Vongxay*, 594 F.3d 1111 (9th Cir.) (and

18  the litany of other cases cited on page 19, lines 6-15) is not helpful because as they

19  admit, these are cases construing federal prohibitions on **felons** and they were all

20  facial attacks on SECOND AMENDMENT grounds.

21     The cases cited by Defendants that dealt with MCDV convictions[7] did not reach

22  the "as applied" questions raised by the Plaintiffs in this case.  They are not

23  claiming that their convictions do not qualify because the victim was a live-in

24  girlfriend instead of a wife (*White*). They are not making a facial challenge or asking

25  for a "home defense" exception to LAUTENBERG (*In re United States* and *Booker*).

26

27        [7] *United States v. White*, 593 F.3d 1199 (11th Cir. 2010); *In re United States*,
28  578 F.3d 1195 (10th Cir. 2009); and *United States v. Booker*, 644 F.3d 12 (1st Cir.
2011).

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1   What they are asking this Court to do is construe the restoration provisions of 18

2   U.S.C. § 921(a)(33) *et seq.*, in light of *Heller* and *McDonald*.  The rest of Defendants'

3   public policy arguments about the dangerousness of MCDV and the need to regulate

4   those convicted of these crimes is beside the point – because the Defendants have

5   failed to produce any evidence[8] that someone who completes misdemeanor

6   probation[9] and remains a law-abiding for 10 years <u>still presents that kind of danger</u>.

7       In a First Amendment context, using intermediate scrutiny and interpreting the

8   rationale set forth in *City of Los Angeles v. Alameda Books, Inc.*, (2002) 535 U.S.

9   425, the Seventh Circuit held:

> [...] [B]ecause books (even of the "adult" variety) have a constitutional
> status different from granola and wine, and laws requiring the closure of
> bookstores at night and on Sunday are likely to curtail sales, the public
> benefits of the restrictions must be established by evidence, and not just
> asserted. The evidence need not be local; Indianapolis is entitled to rely
> on findings from Milwaukee or Memphis (provided that a suitable effort
> is made to control for other variables). See *Andy's Restaurant*, 466 F.3d
> at 554-55. ***But there must be evidence; lawyers' talk is insufficient.***
> (Emphasis added.)

*Annex Books v. City of Indianapolis*,
581 F.3d 460, 463 (7th Cir. 2009)

17      That state of California made exactly that kind of finding when they limited

18  firearm restrictions for MCDV convictions in this state to 10 years.  The Defendants

19  should not be permitted to second-guess or countermand that finding by

20  interpreting away the LAUTENBERG AMENDMENT'S restoration language.

21      Judicial Scrutiny of regulations infringing a law-abiding citizen's "right to keep

22  and bear arms" is far from settled law in the Ninth Circuit.  The only appellate case

23  to deal with this issue has been granted *en banc* review and will not be argued until

---

24      [8]  Plaintiffs hereby object to any proported "evidence" that the Defendants
25  have attempted to boot-strap into this Fed.R.Civ.P. 12 motion in footnotes 7 and 8
    of their memorandum.

26
27      [9] The mandatory requirements to successfully complete probation upon
    conviction of a California MCDV is set forth at Penal Code § 1203.097.  They
28  include, but are not limited to: 36 months of probation, protective orders,
    mandatory fines, completion of batter's program, etc...

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

the third week of March, 2012.  *Nordyke v. King*, 2011 U.S. App. LEXIS 8906.[10]
Therefore it is somewhat premature (and beside the point) for the Defendant's to
argue that LAUTENBERG survives intermediate scrutiny.

If the Court is required to pursue the Constitutional analysis of LAUTENBERG'S
restoration provisions, it should apply (almost) strict scrutiny and require the
government to bear the burden of producing evidence that forbidding
misdemeanants with a 10-year history of law-abiding citizenship from exercising
SECOND AMENDMENT rights serves a compelling government interest, and that the
means used (a complete lifetime ban on exercising the right) is necessary to achieve
that interest.  See: *U.S. v. Chester* (4th Cir. 2010) 628 F.3d 673 and *Ezell v. City of
Chicago* (7th Cir. 2011) 651 F.3d 684.

Toward the end of their memo, the Defendants advance another, rather obtuse
argument that LAUTENBERG doesn't impose a lifetime ban for MCDV.  (Of course we
agree.)  They cite, with no apparent irony, some language from the case of *United
States v. Skoien*, 614 F.3d 638 (7th Cir. 2010)(en banc) which purports to interpret
California Penal Code § 1203.4a as an example of a state program that provides for
the restoration of rights that would meet comport with 18 U.S.C. § 921(a)(33) *et seq*.
There are two problems with that argument.

California Penal Code § 1203.4a is the sister statute to § 1203.4.  The first one
operates to rehabilitate misdemeanants who were not granted probation.  The sister
statute only applies to misdemeanants sentenced to probation.  At the time of the
*Skoien* opinion, it was a true statement that § 1203.4a did not contain the language
that relief under this code section does not restore rights lost under Penal Code §
12021 [29800-29875].  That is the language in § 1203.4 that Defendants keep
accusing the Plaintiffs of obscuring.  This produced an anomaly under California
law that a misdemeanant rehabilitated under § 1203.4a had their firearms rights

---

[10] See Plaintiffs' Request for Judicial Notice of various cases stayed pending
the outcome in *Nordyke v. King* to be filed forthwith.

1   restored, but misdemeanants rehabilitated under § 1203.4 could not have their

2   firearm rights restored.  Never-the-less, Defendants' admission that they approve of

3   a state law procedure for restoring rights under <u>any</u> statute begs the question as to

4   why they object to a restoration procedure under a different statute.

5       The second problem with Defendants' argument on this point is that as of

6   January 1, 2012, Penal Code § 1203.4a was amended to mirror the language of §

7   1203.4.  In other words, neither of these procedures § 1203.4 or § 1203.4a by

8   themselves restore a misdemeanant's "right to keep and bear arms."  If you think

9   about it, this makes sense because California did not want these post-conviction

10  remedies to undermine the 10-year prohibition for various misdemeanors (including

11  MCDV) set forth in Penal Code § 12021(c)(1) [29805].

12      Defendants' final argument that Plaintiffs lack standing to challenge 18 U.S.C. §

13  922(g)(9) is without merit.  The Court was not persuaded by this argument in the

14  prior Rule 12 motion, it should not be moved to consider it in this round of pre-trial

15  litigation.  Specifically, Plaintiffs have alleged an active controversy arising under

16  federal law.  *Steffel v. Thompson, et al.*, (1974) 415 U.S. 452, 94 S. Ct. 1209.

17

18                          **CONCLUSION**

19      Defendants' Motion to Dismiss any part (or in whole) the Second Amended

20  Complaint should be denied.  In the alternative, Plaintiffs should be granted leave

21  to amend those parts of their complaint open to correction or plausible factual

22  allegations.  Furthermore, the Court should grant Plaintiffs' Cross-Motion for

23  Summary Judgment by finding that California's restoration of rights by operation

24  of law after 10 years for MCDV convictions is in harmony with a constitutionally

25  valid LAUTENBERG AMENDMENT.

26      Respectfully Submitted on January 11, 2012

27    /s/ Donald Kilmer
      Donald Kilmer, Attorney for Plaintiffs.

28

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com