Donald E.J. Kilmer, Jr. (SBN: 179986)
LAW OFFICES OF DONALD KILMER, A.P.C.
1645 Willow Street, Suite 150
San Jose, California 95125-5120
Voice: (408) 264-8489
Fax: (408) 264-8487
Email: Don@DKLawOffice.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON and VERNON NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>Defendants. | CASE NO.: 2:10-CV-02911-JAM-EFB<br><br>PLAINTIFFS' OBJECTIONS TO MATERIAL SUBMITTED BY THE DEFENDANTS IN SUPPORT OF THEIR OPPOSITION TO SUMMARY JUDGMENT<br><br>Date:   January 25, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom 6, 14th Floor<br>Judge: Hon. John A. Mendez |

By and through undesigned counsel, Plaintiffs RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, and VERNON NEWMAN hereby object and move to strike material presented to the Court by the Defendants in support of their Motion to Dismiss and in support of their Opposition to Summary Judgment.

Date: January 18, 2012

   /s/ Donald E. J. Kilmer, Jr.
Attorney for the Plaintiffs

Before ordering summary judgment in a case (either on a party's motion or sua sponte), the court should rule on evidentiary objections that are material to its ruling. *Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010).

In footnotes 7 and 8 of the Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss (Dkt # 32-1) and in their opposition to Plaintiffs' motion for summary judgment, the Defendants cited to and submitted various "articles" contained in an appendix. (Dkt # 49, and 49-2 through 49-8)

Usually, a party opposing a motion for summary judgment must set forth specific material facts showing a "genuine dispute" as to a "material fact" and/or a party may oppose the motion on substantive legal grounds. Fed.R.Civ.P. 56(a),(c)(1).

The opposing party may not rest upon its pleadings. Rather, to avoid summary judgment, it must affirmatively show a "genuine dispute" as to a "material fact." See Fed.R.Civ.P. 56(c).  "(T)he non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. American Hoechst Corp*. (7th Cir. 1994) 24 F.3d 918, 921.  To establish a "genuine dispute" of material facts, the opposing party must either:

- Cite to particular materials in the record that show such dispute, Fed.R.Civ.P. 56(c)(1)(A); or
- Show the moving party's materials fail to establish absence of a genuine dispute, Fed.R.Civ.P. 56(c)(1)(B); or
- Show the moving party cannot produce admissible evidence to support its factual position, Fed.R.Civ.P. 56(c)(1)(B); or
- Object to the moving party's materials on the ground that they cannot be presented in a form that would be admissible in evidence. Fed.R.Civ.P. 56(c)(2).

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

The Defendants have not sought to introduce this material in support of a motion to conduct additional discovery under Fed.R.Civ.P. 56(d). They have submitted the material in support of factual assertions made in their Motion to Dismiss and in support of their opposition to Plaintiff's Motion for Summary Judgment. But the material submitted by the Defendants is not admissible evidence. Admissibility is determined under the Federal Rules of Evidence. Thus, for example, a "hearsay assertion that would not be admissible if testified to at trial is not competent material for a Rule 56 affidavit. *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.* (2nd Cir. 1999) 183 F.3d 155, 160; *Hurd v. Williams* (3rd Cir. 1985) 755 F.2d 306, 308 – inadmissible lay opinion not considered.

The material submitted by the Defendants does not comply with the Federal Rules of Evidence. The defects include but are not limited to:

1. The material is not submitted as part of any affidavit or declaration by a party or designated expert. Therefore it is not testimony.
2. The material is not part of any discovery provided by the Defendants, in fact the first time that some of the material was mentioned (but not provided) was in the Defendants' Motion to Dismiss (Dkt # 32-1). The first time the material was provided was in the Defendants' Appendix filed in opposition to Plaintiffs' Motion for Summary Judgment filed on January 11, 2012. (Dkt # 49-2 through 49-8)
3. The articles lack foundation.
4. The articles are hearsay.
5. The articles are not relevant.

Plaintiffs hereby move to strike and exclude from consideration any of the aforementioned material submitted by the Defendants.

Respectfully Submitted on January 18, 2012.

 /s/   Donald Kilmer
Donald Kilmer, Attorney for the Plaintiffs