Donald E.J. Kilmer, Jr. (SBN: 179986)
LAW OFFICES OF DONALD KILMER, A.P.C.
1645 Willow Street, Suite 150
San Jose, California 95125-5120
Voice: (408) 264-8489
Fax: (408) 264-8487
Email: Don@DKLawOffice.com

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, and VERNON NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III as Director of the Federal Bureau of Investigations,<br><br>Defendants. | Case No.: 2:10-CV-2911-JAM-EFB<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT<br><br>Date:        January 25, 2012<br>Time:       9:30 a.m.<br>Place:       Courtroom 6, 14th Floor<br>                 501 "I" Street<br>                 Sacramento, CA 95814<br>Judge:      Hon. John A. Mendez<br>Time Est.: 30 minutes |

By and through undesigned counsel, Plaintiffs, hereby submit this Reply Memorandum in support of their Motion for Summary Judgment.

Date: January 18, 2012

    /s/ Donald E. J. Kilmer, Jr.
    Attorney for the Plaintiffs

## Introduction

With no genuine dispute as to any material fact, this case is ripe for the Court to adjudicate this matter under Fed.R.Civ.P. 56. Furthermore, the Court can (and should) avoid the constitutional question of whether the LAUTENBERG AMENDMENT violates the SECOND AMENDMENT in light of this amendment's recent re-invigoration by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010).

## Factual Status of the Case

Plaintiffs have submitted admissible evidence, which the Defendants have conceded is material and undisputed to a resolution of the matter. Those facts are:

1. All of plaintiffs have been convicted under California law of a MCDV.

2. As a collateral consequence of their conviction for a MCDV under California law, each and every Plaintiff had their "right to keep and bear arms" revoked for a statutory ten (10) years; and thus restored by operation of law after the lapse of those ten (10) years.

3. More than ten (10) years have lapsed since the date of conviction for each and every Plaintiff.

4. Though it does not restore firearm rights *per se*, each and every Plaintiff has had a California Superior Court Judge make a finding under Penal Code § 1203.4, that they successfully completed probation, paid all fines and were entitled to have their pleas withdrawn and the case dismissed. Thus permitting them to truthfully allege that they are law-abiding citizens.

5. Six of the seven Plaintiffs: ENOS, BASTASINI, MERCADO, GROVES, MONTEIRO and ERICKSON – were all convicted of a California MCDV prior to the LAUTENBERG AMENDMENT becoming law in 1996. In other words, it was impossible for them to be apprized of a federally mandated collateral consequence of their conviction (i.e., loss of a

fundamental right) when that collateral consequence did not yet exist. Furthermore the non-existence of this collateral consequence at the time of their plea and conviction means that they were deprived of making a knowing and intelligent waiver of their right to a jury trial – regardless of whether they were represented by counsel.[1]

6. Plaintiff ENOS is a triple threat.  He not only qualifies for restoration of his rights under the 10-year rule and the defective-waiver rule, but he is the only Plaintiff who applied for – and was granted – relief under California's specific statutory remedy for judicial restoration of his firearms rights.  See: Penal Code § 12021(c)(3) [29860][2].

As set forth in the Plaintiffs' Evidentiary Objections (Dkt #52) to the material submitted by the Defendants, this Court should strike the various "articles" submitted by Defendants as defective evidence and make its findings and order based solely on the evidence submitted by the Plaintiffs.

### **Statutory Interpretation Can Resolve this Case**.

In a case remarkably similar to the approach urged by the Plaintiffs herein, the First Circuit Court of Appeals eschewed placing the federal statute at issue in constitutional jeopardy and instead reinterpreted the federal laws regulating the possession of firearms by persons subject to *Heller*'s presumptively lawful categories. *Id.,* at 626.[3]

---

[1] For some reason, the Defendants contend that Plaintiff ERIKSON's conviction does not predate LAUTENBERG AMENDMENT.  However, based on the Statement of Undisputed Facts regarding ERIKSON and the date when LAUTENBERG became law, he clearly must be included in the temporal category of his brother-plaintiffs: ENOS, BASTASINI, MERCADO, GROVES and MONTEIRO.

[2] California has reorganized its Deadly Weapon Statutes with the new numbers taking effect January 1, 2012.  The old provision is cited and the new provision is bracketed.

[3] Plaintiffs herein still contend that as misdemeanants they do not fall into these presumptively constitutional categories (i.e., felons), they only note that the

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489   Fx: (408) 264-8487
Don@DKLawOffice.com

In the consolidated cases *United States v. Rehlander*, Case No.: 10-1812 and *United States v. Small*, Case No.: 10-1831 from the First Circuit (See Dkt # 54) the Court of Appeals invoked the doctrine of constitutional avoidance to (re)interpret the interplay between state law (Maine's statutes dealing with involuntary commitments for mental health issues.) and 18 U.S.C. 922(g)(4) in light of the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 3025 (2010).

This is exactly the course of action that Plaintiffs in this matter urge this Court to consider. It is not necessary for the Court to engage in any kind of constitutional balancing test. Nor is it necessary for the Court to speculate as to what kind or level of scrutiny to apply to this case. Instead the Court need only make the following findings and order to terminate this case as to all Plaintiffs:

> For any person convicted in the State of California of a misdemeanor crime of domestic violence under that state's law who has both: (1) successfully completed probation as demonstrated by a finding under California Penal Code §§ 1203.4, **and** (2) whose conviction is more than ten (10) years old (i.e., full compliance with Penal Code § 12021 *et seq.*[29805 *et seq.*]); shall not be deemed as having been convicted of a misdemeanor crime of domestic violence for federal purposes under 18 U.S.C. 921(a)(33)(B)(ii).

Though constitutionally more complicated (e.g., in addition to statutory interpretation, the Court would have to take up constitutionally adequate notice of collateral consequences of conviction under the SIXTH AMENDMENT) this Court can resolve the case for six of the seven plaintiffs by a findings and order that states:

> For any person convicted of a federally defined misdemeanor crime of domestic violence prior to the date of the LAUTENBERG AMENDMENT becoming law (September 30, 1996), they shall nevertheless be exempt from 18 U.S.C. §§ 921(d)(9), and 921(g)(9) pursuant to 18 U.S.C. § (a)(33)(B)(i).

---

*Rehlander* Court found that even long-standing classifications such as "mentally ill" are subject to re-evaluation after *Heller*.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

## Constitutional Disposition

Although the Plaintiffs aver that a constitutional adjudication of this case is unnecessary, the case is postured to permit the Court to resolve the matter on straight SECOND AMENDMENT grounds.  While the level of scrutiny for SECOND AMENDMENT claims involving law-abiding persons has not been resolved yet in the Ninth Circuit[4], the Defendants' have failed to submit any competent evidence to counter Plaintiffs' facts (law-abiding conduct for 10 years, compliance with state law for restoration of rights, dismissal/expungement under Penal Code § 1203.4, successful completion of probation, etc.) that a life-time ban on possession, acquisition and/or ownership of firearms for persons convicted of minor crimes violates the SECOND AMENDMENT.  Furthermore the federal government's interpretation of the LAUTENBERG AMENDMENT fails under any level of constitutional scrutiny.

## Conclusion

The Court should grant Plaintiffs' Motion for Summary Judgment and deny Defendants' Motion to Dismiss (and/or grant Plaintiffs leave to amend).

Respectfully Submitted on January 18, 2012

/s/ Donald Kilmer

Donald Kilmer, Attorney for the Plaintiffs

---

[4] Indeed several cases have been stayed pending an *en banc* hearing in *Nordyke v. King*, No. 07-15763, 2011 WL 5928130 (9th Cir. Nov. 28, 2011) (granting rehearing en banc).