BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2821
Facsimile:  (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ENOS, JEFF BASTASINI, LOUIE MERCADO, WALTER GROVES, MANUEL MONTEIRO, EDWARD ERIKSON, VERNON NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, as United States Attorney General, and ROBERT MUELLER, III, as Director of the Federal Bureau of Investigation,<br><br>Defendants. | CASE NO.  2:10-CV-02911-JAM-EFB<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND RESPONSE TO PLAINTIFFS' OBJECTIONS TO MATERIAL SUBMITTED BY DEFENDANTS** |

## I. INTRODUCTION

Defendants respectfully ask the Court to take judicial notice of the following materials that were submitted as an Appendix to their Opposition to Plaintiffs' Motion for Summary Judgment: Attachment A (*National Intimate Partner and Sexual Violence Survey: 2010 Summary Report*, a publication of the National Center for Injury Prevention and Control of the Centers for Disease Control and Prevention)[1]; Attachment B (*Homicide Trends in the United States, 1980-2008*, a publication of the United States Department of Justice, Office of Justice Programs, Bureau of Justice Statistics)[2]; and Attachment G  *(Profile of Intimate Partner Violence Cases in Large Urban Counties*, a publication of the United States Department of Justice, Office of Justice Programs, Bureau of Justice Statistics)[3].

## II. DISCUSSION

**A.    Request for Judicial Notice**

The Court may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "The Court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Courts routinely take judicial notice of government-compiled statistics and official reports and publications of agencies of the United States. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 n.5 (9th Cir. 2010) "[W]e take judicial notice of the fact that while nearly 281,000 aliens were removed from the United States pursuant to final orders of removal in 2006, *see* U.S. Dep't of Homeland Sec., Office of Immigration Statistics, *Yearbook of Immigration Statistics* 95 (2008), *available at* http://www.dhs.gov/xlibrary/assets/statistics/yearbook/2008/ois_yb_2008.pdf, just over 17,000 federal prosecutions for immigration offenses were commenced during approximately the same period, *see* U.S. Dep't of Justice, Bureau of Justice Statistics, *Federal Judicial Statistics* tbl.4.1 (2006),

---

[1]  Attachment A is at http://www.cdc.gov/violenceprevention/nisvs/

[2]  Attachment B is at http://www.bjs.gov/content/pub/pdf/htus8008.pdf

[3]  Attachment G is at http://www.bjs.ojp.usdoj.gov/index.cmf?ty=pbdetail&iid=2024

*available at* http://bjs.ojp.usdoj/gov/content/pub/html/fjsst/2006/fj06st.pdf); *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice of the Defense Security Cooperation Agency's guidelines for implementing the Foreign Military Financing program, and citing *Tampa Elec. Co v. Nashville Coal Co.*, 365 U.S. 320, 332 & n.10 (1961) for the proposition that a court may take judicial notice of a government publication); *United States v. Esquivel*, 88 F.3d 722, 726-27 (9th Cir. 1996) (taking judicial notice under Fed. R. Evid. 201 of 1990 census data and stating that the census data "are not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Trundle v. Astrue*, 2010 WL 5421418, at * 11 n.10 (E.D. Cal. 2010) ("The United States Department of Labor, Bureau of Labor Statistics, is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken [of] website of the government agency."); *Seely v. Cumberland Packing Corp.*, 2010 WL 5300923, at *7 n.5 (N.D. Cal. 2010) ("The Court takes judicial notice of the statistics published by the Administrative Office of the Courts (available at http://www.uscourts.gov/statistics.aspx).  Because these statistics are an official report of the United States government, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citing Fed. R. Evid. 201(b)); *Victoria Cruises v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 263 n.3 (E.D.N.Y. 2008) ("The Court can take judicial notice of government statistics."); *see also Ross v. O'Neal*, 2011 WL 5041967, at *1 (C.D. Cal. 2011) (taking judicial notice of a record of Shaquille O'Neal's professional basketball statistics obtained from the official website of the NBA, www.nba.com).

The domestic violence statistics compiled by the Department of Justice's Bureau of Justice Statistics and the Centers for Disease Control and Prevention and the official publications attached as Attachments A, B, and G are not subject to reasonable dispute and most have been cited and relied upon by the First Circuit in *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), the Fourth Circuit in *United States v. Staten*, ___ F.3d ___, 2011 WL 6016976 (4th Cir. 2011), the Seventh Circuit in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (en banc) and numerous district court decisions such as *United States v. Smith*, 742 F. Supp. 2d 855 (S.D.W.Va. 2010) and *United States v. Tooley*, 717 F.

Supp. 2d 580 (S.D.W.Va. 2010). "A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Defendants respectfully ask the Court to take judicial notice of these materials.

The remainder of the materials attached to defendants' Opposition to Plaintiffs' Motion for Summary Judgment are simply courtesy copies of three medical and psychology journal articles and a project report submitted to the National Institute of Justice, for which judicial notice is unnecessary: Attachment C (Linda E. Saltzman, et al., *Weapon Involvement and Injury Outcomes in Family and Intimate Assaults*, from the Division of Injury Control, National Center for Environmental Health and Injury Control, Centers for Disease Control, printed in 267 J. Am. Medical Ass'n 3043 (1992))[4]; Exhibit D (Arthur L. Kellerman et al., *Gun Ownership as a Risk Factor for Homicide in the Home*, 329 New England J. Medicine 1084 (1993)[5]; Attachment E (John Wooldredge et al., *Reconsidering Domestic Violence Recidivism: Individual and Contextual Effects in Court Dispositions and Stake in Conformity*, 6 (2001),[6] a federally-funded grant final report); and Attachment F (J.C. Babcock et al., *Does Batterers' Treatment Work? A Meta-Analytic Review of Domestic Violence Treatment*, 23 Clinical Psychology Review 1023, 1039 (2004))[7]. *See, e.g.*, *Oso Group, LTD v. Bullock & Associates, Inc.*, 2009 WL 2422285, at *2 n.3 (N.D. 2009) ("The Court may consider the law review article submitted as support for a party's legal theory without taking judicial notice of the article."); *Emery v. Hunt*, 236 F. Supp. 2d 1033, 1041 (D.S.D. 2002) ("Judges do not take 'judicial notice' or federal laws, domestic session laws, domestic statutes, law review articles, or similar legal authorities."); *see also Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 46 n.9 (Cal. 1998) ("A request for judicial notice of published material is unnecessary. Citation to the material is sufficient.").

---

[4] Attachment C (an abstract) is at http://jama.ama-assn.org/content/267/22/3043.short

[5] Attachment D is at http://www.nejm.org/doi/full/10.1056

[6] Attachment E is at http://ncjrs.gov/pdffiles1/nij/grants/188509.pdf

[7] Attachment F is at http://www.public.iastate.edu/~ccutrona/psych592a/articles/Treatment%20meta%20analysis%20for%20batterers.pdf

### B.   Plaintiffs' Evidentiary Objections Lack Merit

Plaintiffs' evidentiary objections to the materials submitted by defendants with their Opposition to Plaintiffs' Motion for Summary Judgment lack merit.

First, plaintiffs' argument that the materials constitute hearing is incorrect. The government reports and publications in Attachments A, B, and G fall within the exception to hearsay under Fed. R. Evid. 803(8) (providing an exception to the rule against hearsay for public records). *See, e.g., Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, at *7 (N.D. Cal. 2008) ("Given the frequency with which official publications from government agencies are relevant to litigation and the increasing tendency for such agencies to have their own websites, Rule 902(5) provides a very useful method for authenticating these publications. When combined with the public records exception to the hearsay rule, Rule 803(8), these official publications posted on government agency websites should be admitted into evidence easily.") (quoting *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 551 (D. Md. 2007)).

Second, it is unclear on what basis the plaintiffs are arguing that the materials lack foundation. Assuming that plaintiffs' argument is that the materials for which defendants seek judicial notice have not been authenticated, official publications from a public authority are self-authenticating under Fed. R. Evid. 902(5). *See Hispanic Broadcasting Corp. v. Educational Media*, 2003 WL 22867633, at *5 n.5 (C.D. Cal. 2003) (stating that records from government websites are authenticating under Fed. R. Evid. 902(5)).

Third, although plaintiffs argue that the materials are not relevant, they in fact establish that 18 U.S.C. § 922(g)(9) is substantially related to a legitimate government purpose.

Finally, although plaintiffs argue that "[t]he material is not part of any discovery provided by the Defendants," *see* Objections at 3, there has been no discovery in this case.

### III.  CONCLUSION

For the foregoing reasons, the defendants respectfully ask the Court to take judicial notice of Attachments A, B, and G, which are attached to defendants' Opposition to Plaintiffs' Motion for Summary Judgment, and to reject plaintiffs' evidentiary objections.

Dated: February 1, 2012

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

*/s/ Edward A. Olsen*
EDWARD A. OLSEN
Assistant United States Attorney